UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------x

In re:  MAYWOOD CAPITAL CORP.,

                     Debtor.

------------------------------------------------------x

In re:  BODDEN MORTGAGE LITIGATION

      This Document Relates To:               Master File:  07 Civ. 3128 (LTS)

      ALL ACTIONS.

------------------------------------------------------x

**AFFIDAVIT IN SUPPORT OF PLAINTIFF'S MEMORANDUM IN
OPPOSITION TO THE BODDEN DEFENDANTS' MOTION FOR
AN ORDER DETERMINING THESE ACTIONS TO BE NON-CORE AND
<u>WITHDRAWING THE REFERENCE</u>**

STATE OF NEW YORK   )

                     ss.:

COUNTY OF NEW YORK)

      JOHN P. CAMPO, hereby duly sworn, deposes and says:

      1.     I am a member of the firm of Dreier LLP, attorneys for plaintiff John S.

Pereira (the "Trustee") who sues in his capacity as Chapter 11 Trustee for certain

debtors (the "Debtors") which are jointly administered with Maywood Capital Corp.

("Maywood").

      2.     I make this affidavit in opposition to the motion of the Bodden Defendants

to withdraw the reference of the above actions from the Bankruptcy Court.

      3.     As is more fully explained in the accompanying Memorandum of Law,

the Irgangs, the individual defendants in these actions, are also defendants in certain

other fraudulent conveyance actions to recover certain real properties (the "Real

Property Fraudulent Conveyance Actions") brought by the Trustee on behalf of the

certain Debtors which are pending in the Bankruptcy Court before Judge Drain.  The

purpose of this affidavit is to place copies of the Complaints in the Real Property

Fraudulent Conveyance Actions before this Court, as well as the purported mortgages allegedly given to the Irgangs and that the Trustee seeks to avoid as part of the Bodden Mortgage Litigation .

4.    Attached as Exhibits "A" through "H" of this affidavit are true copies of the following adversary complaints in the Real Property Fraudulent Conveyance Actions:

A)    John S. Pereira, as Chapter 11 Trustee of 79 East 125th Street Realty LLC v. 77-79 E. 125th LLC, Jay Irgang, Mark Irgang and Orli Irgang (Adv. Pro. No. 05-02089)

B)    John S. Pereira, as Chapter 11 Trustee of 148 West 124th Street Realty Corp. v. 148 West 124th St LLC, Jay Irgang, Mark Irgang and Orli Irgang (Adv. Pro. No. 05-02090)

C)    John S. Pereira, as Chapter 11 Trustee of 6 East 132nd Street Apartments Street Corp. v. 6 East 132nd Street LLC, Jay Irgang, Mark Irgang and Orli Irgang (Adv. Pro. No. 05-02091)

D)    John S. Pereira, as Chapter 11 Trustee of 77 East 125th Street Realty LLC v. 77-79 E. 125th Street LLC, Jay Irgang, Mark Irgang and Orli Irgang (Adv. Pro. No. 05-02092)

E)    John S. Pereira, as Chapter 11 Trustee of 27 East 131st Realty Corp. v.27 East 131St. LLC, Jay Irgang, Mark Irgang and Orli Irgang (Adv. Pro. No. 05-02093)

F)    John S. Pereira, as Chapter 11 Trustee of 917 Eagle Avenue Realty Corp. v. 917 Eagle Avenue LLC, Jay Irgang, Mark Irgang and Orli Irgang (Adv. Pro. No. 05-02094)

G)    John S. Pereira, as Chapter 11 Trustee of 2093 Madison Ave. Realty Corp. v. 2093 Madison LLC., Jay Irgang, Mark Irgang and Orli Irgang (Adv. Pro. No. 05-02095)

H)    John S. Pereira, as Chapter 11 Trustee of 65-67 East 125th Street Realty Corp. v. 65-67 E. 125th LLC, Jay Irgang, Mark Irgang and Orli Irgang. (Adv. Pro. No. 05-02096)

5.    Also attached hereto, as Exhibits "I" through "O", are copies of the

alleged mortgages that the Irgangs produced to the Trustee during discovery in the Real

Property Fraudulent Conveyance Actions, the existence of which are referred in the May

Affidavit as "frivolous". (*See* May Affidavit at fn. 5). Obviously, these purported

mortgages, which the Trustee seeks to avoid in these actions, do exist, notwithstanding

the Irgangs' statement to the contrary.

WHEREFORE, for all the reasons set forth in the accompanying Memorandum of

Law, the motion to determine these adversary proceedings as non-core, and to withdraw

the reference, should be denied.

Dated: May 31, 2007.

<i>s/John P. Campo</i>
JOHN P. CAMPO

Sworn to before me on
this 31st day of May, 2007

**Robert J. Bishop**
Notary Public
State of New York

Robert J. Bishop
**Notary Public-State of New York**
**No. 02B14636446**
**Qualified in Queens County**
**My Commission Expires March 30, 2010**

# EXHIBIT A

LeBOEUF, LAMB, GREENE & MacRAE, L.L.P.
Counsel to John S. Pereira, Esq., as Chapter 11 Trustee
125 West 55th Street
New York, New York 10019-5389
(212) 424-4000
John P. Campo, Esq. (JC-5241)
Jeffrey S. Berkowitz (JB-4753)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
In re

MAYWOOD CAPITAL CORP., et al.,

                    Debtors.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

JOHN S. PEREIRA, as Chapter 11 Trustee of
79 EAST 125TH STREET REALTY LLC,

                    Plaintiff,

      vs.

77-79 E. 125TH LLC, JAY IRGANG, MARK
IRGANG AND ORLI IRGANG,

                    Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Chapter 11

Case No. 05-10987 (RDD)

(Jointly Administered)
Case Nos. 04-17047, 05-10944 to 05-
10987, 05-11521 and 05-11523 (RDD)

Adversary Proceeding No. 05-02089

## COMPLAINT

       Plaintiff, John S. Pereira, as Chapter 11 Trustee (the "Trustee" or "Plaintiff") of

Maywood Capital Corp., et al., (the "Debtors"), by and through his counsel, LeBoeuf, Lamb,

Greene & MacRae, L.L.P., as and for his Complaint against the above-captioned defendants, respectfully alleges as follows:

1.    This is an action to avoid the fraudulent transfer of certain real property, for an accounting, for a turnover of the property, and other relief.

## PARTIES

2.    79 East 125th Street Realty LLC (sometimes referred to as "125th Street Realty LLC " or the "Debtor") is one of the Debtors in this jointly administered case, and is a limited liability company organized and existing under the laws of the State of New York.

3.    The Trustee is the duly appointed Chapter 11 Trustee of 125th Street Realty LLC's estate pursuant to order entered March 24, 2005.

4.    Upon information and belief, defendants Jay Irgang, Mark Irgang and Orli Irgang (collectively, the "Irgang Defendants") are each a natural person having an office at 60 East 42nd Street, Suite 447, New York, New York 10165.

5.    Upon information and belief, defendant 77-79 E. 125th LLC (the "Irgang LLC") is an entity wholly owned and/or controlled by the Irgang Defendants and a limited liability company organized under the laws of the State of New York having an office at 60 East 42nd Street, Suite 447, New York, New York 10165.

6.    The Irgang Defendants and the Irgang LLC shall sometimes be referred to herein, collectively, as the "Defendants."

2

## JURISDICTION AND VENUE

7.    The jurisdiction of this Court is founded upon 28 U.S.C § 1334(b) and the "Standing Order of Referral of Cases to Bankruptcy Judges" of the United States District Court for the Southern District of New York, dated July 10, 1984 (Ward, Acting C.J.).

8.    This adversary proceeding is a core proceeding pursuant to Sections 157(a) and 157(b) of Title 28 of the United States Code because this adversary proceeding arises in or under the Chapter 11 case of the Debtors, including 125th Street Realty LLC, now pending in the United States Bankruptcy Court for the Southern District of New York.

9.    Venue of this proceeding in this Court is proper pursuant to Section 1409(a) of Title 28 of the United States Code because this action is one arising in or under a case under Title 11 of the United States Code.

10.    This adversary proceeding is commenced pursuant to sections 542, 544, 548, 550 and 551 of Title 11 of the United States Code, 11 U.S.C. section 101 *et seq.* (the "Bankruptcy Code"), Federal Rules of Bankruptcy Procedure 7001 and 7003 and New York Debtor and Creditor Law Sections 273, 274, 275, 276 and 276-a to avoid the transfer of certain property of 125th Street Realty LLC to the Defendants and preserve said property for the benefit of the estate of 125th Street Realty LLC.

## BACKGROUND

11.    On February 19, 2005 (the "Petition Date"), 125th Street Realty LLC filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York.

3

12.     125th Street Realty LLC is one of the debtors in these jointly administered bankruptcy cases for whom the Plaintiff has been appointed Chapter 11 Trustee.

13.     Joseph Greenblatt ("Greenblatt") is a principal of 125th Street Realty LLC and the other jointly administered Debtors.

14.     Greenblatt has been indicted and pled guilty to numerous criminal violations, including, but not limited to, grand larceny, criminal possession of a forged instrument, offering a false instrument and engaging in a scheme to defraud.

15.     In addition, Cease and Desist Orders have been issued against Greenblatt with regard to securities law violations, which, upon information and belief, Greenblatt violated.

16.     The Irgang Defendants have been engaged in business transactions with Greenblatt dating back to at least April, 2002, by which date Greenblatt's illegal activities had been well known.

17.     In or about April 2004, the Irgang Defendants entered into a transaction in which they acquired, in the aggregate, a 50% ownership interest in the stock of 125th Street Realty LLC.  That stock was purchased from Greenblatt, the sole shareholder and president of the Debtor (the "Stock Purchase").

18.     In or about April 2004, defendants Mark Irgang, Jay Irgang and Orli Irgang became, respectively, the President, the Vice-President and the Treasurer of the Debtor, as well as members of its Board of Directors.

4

19.    Upon information and belief, at all relevant times the land and apartment building located at 79 East 125th Street, New York, New York (the "Premises"), together with all the rent, income, profits and other monies arising from, related to or concerning the Premises and/or the management and/or operations thereof (the "Proceeds") constituted substantially all of the assets of 125th Street Realty LLC. The Premises and the Proceeds shall be hereinafter referred to, collectively, as the "125th Street Property."

20.    In or about May 2004, the Irgang Defendants caused 125th Street Realty LLC to enter into a transaction and/or series of transactions with the Irgang Defendants and/or defendant Irgang LLC purportedly resulting in the transfer of a 50% interest in the 125th Street Property by the Debtor to the Irgang LLC.

21.    In or about July 2004, the Irgang Defendants caused 125th Street Realty LLC to enter into a transaction and/or series of transactions with the Irgang Defendants and/or defendant Irgang LLC, purportedly resulting in the transfer of the remaining 50% interest in the 125th Street Property by the Debtor to the Irgang LLC (the foregoing transfers referred to in this paragraph and the preceding paragraph shall be referred to, collectively, as the "Property Transfers").

22.    Upon information and belief, at the time of the Stock Purchase and the Property Transfers, the Defendants knew, or should have known, that, through the fraudulent activities of Greenblatt and his controlled entities, including Maywood Capital Corp., the Debtor was subject to multiple millions of dollars in unpaid claims.

23.    At the time of the Property Transfers, the Irgang Defendants were insiders of the Debtor.

5

24.     Upon information and belief, the Property Transfers (hereinafter, sometimes referred to as the "Avoidable Transfers") were effectuated at a time when the Debtor was insolvent or, in the alternative, the Debtor became insolvent as a result of the Avoidable Transfers.

25.     Upon information and belief, the Avoidable Transfers were made with the actual intent to hinder, delay and/or defraud the creditors of the Debtor.

26.     Upon information and belief, the Debtor received no equivalent value in exchange for the Property Transfers or, in the alternative, less than reasonably equivalent value in exchange for the Property Transfers.

## FIRST CLAIM FOR RELIEF

**(Action to Avoid Fraudulent Conveyance and Preserve Same for the Benefit of the Estate Pursuant to Bankruptcy Code Sections 548(a)(1)(A), 550, and 551)**

27.     The Trustee repeats and realleges each and every allegation contained in paragraphs 1 through 26 above as if fully set forth at length.

28.     The Avoidable Transfers were made within one year of the Petition Date.

29.     The Avoidable Transfers were made with the actual intent to hinder, delay and/or defraud the creditors of the Debtor.

30.     As a result of the foregoing, the Trustee is entitled to judgment pursuant to Bankruptcy Code §§ 548(a)(1)(A), 550(a) and 551 (a) avoiding and preserving the Avoidable Transfers, (b) directing that the Avoidable Transfers be set aside, and (c) recovering the 125th Street Property, which was the subject of the Avoidable Transfers, from the Defendants, for the benefit of the estate of the Debtor.

6

## SECOND CLAIM FOR RELIEF

**(Action to Avoid Fraudulent Conveyance and Preserve Same for the Benefit of the Estate Pursuant to Bankruptcy Code Sections 548(a)(1)(B), 550, and 551)**

31.     The Trustee repeats and realleges each and every allegation contained in paragraphs 1 through 26 above as if fully set forth at length.

32.     The Debtor (a) was insolvent on the dates the Avoidable Transfers were made or became insolvent as a result of the Avoidable Transfers, (b) was engaged in business or a transaction, or was about to engage in business or a transaction, for which the property remaining with the Debtor after the Avoidable Transfers were effectuated constituted unreasonably small capital or, alternatively, (c) at the time of the Avoidable Transfers, intended to incur, or believed that it would incur, debts that would be beyond the Debtor's ability to pay as they matured.

33.     The Debtor received no equivalent value in exchange for the Property Transfers or, in the alternative, less than reasonably equivalent value in exchange for the Property Transfers.

34.     As a result of the foregoing, the Trustee is entitled to judgment pursuant to Bankruptcy Code §§ 548(a)(1)(B), 550(a) and 551 (a) avoiding and preserving the Avoidable Transfers, (b) directing that the Avoidable Transfers be set aside, and (c) recovering the 125th Street Property, which was the subject of the Avoidable Transfers, from the Defendants, for the benefit of the estate of the Debtor.

## THIRD CLAIM FOR RELIEF

### (Action to Avoid Fraudulent Conveyance and Preserve Same for the Benefit of the Estate Pursuant to New York Debtor and Creditor Law Section 273 and Bankruptcy Code Sections 544, 550, and 551)

35.     The Trustee repeats and realleges each and every allegation contained in paragraphs 1 through 26 above as if fully set forth at length.

36.     The Debtor did not receive fair consideration for the Avoidable Transfers.

37.     At the time of the Avoidable Transfers, the Debtor was insolvent or, in the alternative, the Debtor became insolvent as a result of the Avoidable Transfers.

38.     The Avoidable Transfers constituted a fraudulent conveyance in violation of New York Debtor and Creditor Law § 273.

39.     By reason of the foregoing, the Trustee is entitled to a judgment pursuant to New York Debtor and Creditor Law § 273 and 11 U.S.C. §§ 544(b), 550 and 551 (a) avoiding and preserving the Avoidable Transfers, (b) directing that the Avoidable Transfers be set aside, and (c) recovering the 125th Street Property, which was the subject of the Avoidable Transfers, from the Defendants, for the benefit of the estate of the Debtor.

## FOURTH CLAIM FOR RELIEF

### (Action to Avoid Fraudulent Conveyance and Preserve Same for the Benefit of the Estate Pursuant to New York Debtor and Creditor Law Section 274 and Bankruptcy Code Sections 544, 550, and 551)

40.     The Trustee repeats and realleges each and every allegation contained in paragraphs 1 through 26 above as if fully set forth at length.

41.     The Debtor did not receive fair consideration for the Avoidable Transfers.

8

42.    At the time the Debtor made the Avoidable Transfers, the Debtor was engaged or about to engage in a business or transaction for which the property remaining in its hands after the Avoidable Transfers was an unreasonably small capital.

43.    The Avoidable Transfers constituted a fraudulent conveyance in violation of New York Debtor and Creditor Law § 274.

44.    By reason of the foregoing, pursuant to New York Debtor and Creditor Law § 274 and 11 U.S.C. §§ 544(b), 550 and 551, the Trustee is entitled to a judgment (a) avoiding and preserving the Avoidable Transfers, (b) directing that the Avoidable Transfers be set aside, and (c) recovering the 125th Street Property, which was the subject of the Avoidable Transfers, from the Defendants, for the benefit of the estate of the Debtor.

### FIFTH CLAIM FOR RELIEF

**(Action to Avoid Fraudulent Conveyance and Preserve Same for the Benefit of the Estate Pursuant to New York Debtor and Creditor Law Section 276 and Bankruptcy Code Sections 544, 550, and 551)**

45.    The Trustee repeats and realleges each and every allegation contained in paragraphs 1 through 26 above as if fully set forth at length.

46.    The Avoidable Transfers to the Defendants were made with the actual intent, to hinder, delay and/or defraud creditors of the Debtor.

47.    The Avoidable Transfers constituted a fraudulent conveyance in violation of New York Debtor and Creditor Law § 276.

48.    By reason of the foregoing, pursuant to New York Debtor and Creditor Law §§ 276 and 276-a, and 11 U.S.C. §§ 544(b), 550 and 551, the Trustee is entitled to a

judgment (a) avoiding and preserving the Avoidable Transfers, (b) directing that the Avoidable

Transfers be set aside, (c) recovering the 125th Street Property, which was the subject of the

Avoidable Transfers, from the Defendants, for the benefit of the estate of the Debtor, and

(d) recovering attorneys' fees from the Defendants.

### SIXTH CLAIM FOR RELIEF

**(Action to Avoid Fraudulent Conveyance and Preserve Same for the Benefit of the Estate
Pursuant to New York Debtor and Creditor Law Section 275 and Bankruptcy Code
Sections 544, 550, and 551)**

49.    The Trustee repeats and realleges each and every allegation contained in

paragraphs 1 through 26 above as if fully set forth at length.

50.    The Debtor did not receive fair consideration for the Avoidable Transfers.

51.    At the time of the Avoidable Transfers, the Debtor incurred, was intending

to incur, or believed that it would incur debts beyond its ability to pay them as they mature.

52.    The Avoidable Transfers constituted a fraudulent conveyance in violation

of New York Debtor and Creditor Law § 275.

53.    By reason of the foregoing, pursuant to New York Debtor and Creditor

Law § 275 and 11 U.S.C. §§ 544(b), 550 and 551, the Trustee is entitled to a judgment (a)

avoiding and preserving the Avoidable Transfers, (b) directing that the Avoidable Transfers be

set aside, and (c) recovering the 125th Street Property, which was the subject of the Avoidable

Transfers, from the Defendants, for the benefit of the estate of the Debtor.

10

**SEVENTH CLAIM FOR RELIEF**

**(Action for Turnover and Accounting Pursuant to Bankruptcy Code Section 542 and for Injunctive Relief)**

54.    The Trustee repeats and realleges each and every allegation contained in paragraphs 1 through 53 above as if fully set forth at length.

55.    The Defendants are in possession and control of the 125th Street Property.

56.    The Defendants, by virtue of their current positions, have encumbered, and/or are able to encumber, and/or cause liens and/or other charges and/or matters to be asserted against the 125th Street Property to the detriment of the Plaintiff and the estate of the Debtor.

57.    By virtue of their current positions, the Defendants are able to cause further transfers of interests in the 125th Street Property to third parties, to the detriment of the Plaintiff and the estate of the Debtor.

58.    The Defendants have improperly caused the Proceeds with respect to the Premises to be paid to and/or retained by, or for the benefit, of the Defendants, rather than to the Plaintiff for the benefit of the estate of the Debtor.

59.    Plaintiff intends to seek Court approval to sell the 125th Street Property pursuant to Bankruptcy Code Section 363.

60.    The Defendants, by virtue of their current positions, have in the past taken, and/or have the ability to take, actions that will hinder, interfere with, prevent or prejudice the Plaintiff in his efforts to effectuate a sale of the 125th Street Property, which actions are to the detriment of the estate of the Debtor.

11

61.    Plaintiff has no adequate remedy at law.

62.    By virtue of the foregoing, Plaintiff is entitled to a preliminary and permanent injunction (i) preventing the Defendants from (a) transferring the 125th Street Property or any interest therein to any third parties; (b) encumbering and/or causing liens and/or other charges and/or other matters to be asserted against the 125th Street Property; and/or (c) hindering, interfering with, preventing or prejudicing the Plaintiff in his efforts to effectuate a prompt sale of the 125th Street Property pursuant to Bankruptcy Code Section 363; and (ii) directing the Defendants to turnover possession, operation, management and control of the 125th Street Property to the Plaintiff, including all documents pertaining thereto, pursuant to, inter alia, Section 542 of the Bankruptcy Code.

63.    By virtue of the foregoing, pursuant to, inter alia, Section 542 of the Bankruptcy Code, Plaintiff is also entitled to an order and/or judgment directing that Defendants account to Plaintiff for the Proceeds with respect to the Premises since the date of the Avoidable Transfers and to pay over all such monies to the Plaintiff for the benefit of the estate of the Debtor.

**WHEREFORE**, the Trustee respectfully requests that the Court enter judgment in favor of the Plaintiff and against the Defendants as follows:

i.    on the Trustee's First Claim for Relief pursuant to Bankruptcy Code §§ 548(a)(1)(A), 550(a) and 551: (a) avoiding and preserving the Avoidable Transfers, (b) directing that the Avoidable Transfers be set aside, and (c) recovering the 125th Street Property, which was the subject of the Avoidable Transfers, from the Defendants, for the benefit of the estate of the Debtor;

12

ii.    on the Trustee's Second Claim for Relief pursuant to Bankruptcy Code §§ 548(a)(1)(B), 550(a) and 551: (a) avoiding and preserving the Avoidable Transfers, (b) directing that the Avoidable Transfers be set aside, and (c) recovering the 125th Street Property, which was the subject of the Avoidable Transfers, from the Defendants, for the benefit of the estate of the Debtor;

iii.    on the Trustee's Third Claim for Relief pursuant to New York Debtor and Creditor Law § 273 and 11 U.S.C. §§ 544(b), 550 and 551: (a) avoiding and preserving the Avoidable Transfers, (b) directing that the Avoidable Transfers be set aside, and (c) recovering the 125th Street Property, which was the subject of the Avoidable Transfers, from the Defendants, for the benefit of the estate of the Debtor;

iv.    on the Trustee's Fourth Claim for Relief pursuant to New York Debtor and Creditor Law § 274 and 11 U.S.C. §§ 544(b), 550 and 551: (a) avoiding and preserving the Avoidable Transfers, (b) directing that the Avoidable Transfers be set aside, and (c) recovering the 125th Street Property, which was the subject of the Avoidable Transfers, from the Defendants, for the benefit of the estate of the Debtor;

v.    on the Trustee's Fifth Claim for Relief pursuant to New York Debtor & Creditor Law §§ 276 and 276-a, and 11 U.S.C. §§ 544(b), 550 and 551: (a) avoiding and preserving the Avoidable Transfers, (b) directing that the Avoidable Transfers be set aside; (c) recovering the 125th Street Property, which was the subject of the Avoidable Transfers, from the Defendants, for the benefit of the estate of the Debtor; and (d) recovering attorneys' fees from the Defendants;

13

vi.    on the Trustee's Sixth Claim for Relief pursuant to New York Debtor and Creditor Law § 275 and 11 U.S.C. §§ 544(b), 550 and 551: (a) avoiding and preserving the Avoidable Transfers, (b) directing that the Avoidable Transfers be set aside, and (c) recovering the 125th Street Property, which was the subject of the Avoidable Transfers, from the Defendants, for the benefit of the estate of the Debtor;

vii.    on the Trustee's Seventh Claim for Relief: (A) granting a preliminary and permanent injunction (i) preventing the Defendants from (a) transferring the 125th Street Property or any interest therein to any third parties; (b) encumbering and/or causing liens and/or other charges and/or other matters to be asserted against the 125th Street Property; and/or (c) hindering, interfering with, preventing or prejudicing the Plaintiff in his efforts to effectuate a prompt sale of the 125th Street Property pursuant to Bankruptcy Code Section 363; and (ii) directing the Defendants to turnover possession, operation, management and control of the 125th Street Property to the Plaintiff, including all documents pertaining thereto, pursuant to, inter alia, Section 542 of the Bankruptcy Code; and (B) directing that Defendants account to Plaintiff for the Proceeds with respect to the Premises since the date of the Avoidable Transfers and to pay over all such monies to the Plaintiff for the benefit of the estate of the Debtor pursuant to, inter alia, Section 542 of the Bankruptcy Code;

viii.    all of the foregoing together with all applicable interest, costs and disbursements and for such other, further and different relief as the Court deems just, proper and equitable.

14

Dated: New York, New York
     June 6, 2005

                      **LeBOEUF, LAMB, GREENE &**
                      **MacRAE, L.L.P.**

                      By:   /s/ John P. Campo
                                John P. Campo, Esq. (JC-5241)
                                Jeffrey S. Berkowitz (JB-4753)

                      125 West 55th Street
                      New York, NY  10019-5389
                      (212) 424-8000

                      Counsel to John S. Pereira, as Chapter 11
                      Trustee of 79 East 125th Street Realty LLC

15

# EXHIBIT B

LeBOEUF, LAMB, GREENE & MacRAE, L.L.P.
Counsel to John S. Pereira, Esq., as Chapter 11 Trustee
125 West 55th Street
New York, New York 10019-5389
(212) 424-8000
John P. Campo, Esq. (JC-5241)
Jeffrey S. Berkowitz (JB-4753)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                              :    Chapter 11
In re                                         :
                                              :    Case No. 05-10987 (RDD)
MAYWOOD CAPITAL CORP., et al.,                :
                                              :    (Jointly Administered)
                                              :    Case Nos. 04-17047, 05-10944 to 05-
            Debtors.                          :    10987, 05-11521 and 05-11523 (RDD)
                                              :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                              :
JOHN S. PEREIRA, as Chapter 11 Trustee of     :
148 WEST 124TH STREET REALTY CORP.,           :
                                              :
                                              :
            Plaintiff,                        :
                                              :    Adversary Proceeding No. 05-03090
                                              :
    vs.                                       :
                                              :
                                              :
148 WEST 124TH ST. LLC, JAY IRGANG, MARK :
IRGANG AND ORLI IRGANG,                       :
                                              :
            Defendants.                       :
                                              :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## COMPLAINT

Plaintiff, John S. Pereira, as Chapter 11 Trustee (the "Trustee" or "Plaintiff") of

Maywood Capital Corp., et al., (the "Debtors"), by and through his counsel, LeBoeuf, Lamb,

Greene & MacRae, L.L.P., as and for his Complaint against the above-captioned defendants, respectfully alleges as follows:

1.     This is an action to avoid the fraudulent transfer of certain real property, for an accounting, for a turnover of the property, and other relief.

## PARTIES

2.     148 West 124th Street Realty Corp. (sometimes referred to as "124th Street Realty Corp." or the "Debtor") is one of the Debtors in this jointly administered case, and is a corporation organized and existing under the laws of the State of New York.

3.     The Trustee is the duly appointed Chapter 11 Trustee of 124th Street Realty Corp.'s estate pursuant to order entered March 24, 2005.

4.     Upon information and belief, defendants Jay Irgang, Mark Irgang and Orli Irgang (collectively, the "Irgang Defendants") are each a natural person having an office at 60 East 42nd Street, Suite 447, New York, New York 10165.

5.     Upon information and belief, defendant 148 West 124th St. LLC (the "Irgang LLC") is an entity wholly owned and/or controlled by the Irgang Defendants and a limited liability company organized under the laws of the State of New York having an office at 60 East 42nd Street, Suite 447, New York, New York 10165.

6.     The Irgang Defendants and the Irgang LLC shall sometimes be referred to herein, collectively, as the "Defendants."

2

## JURISDICTION AND VENUE

7.    The jurisdiction of this Court is founded upon 28 U.S.C § 1334(b) and the "Standing Order of Referral of Cases to Bankruptcy Judges" of the United States District Court for the Southern District of New York, dated July 10, 1984 (Ward, Acting C.J.).

8.    This adversary proceeding is a core proceeding pursuant to Sections 157(a) and 157(b) of Title 28 of the United States Code because this adversary proceeding arises in or under the Chapter 11 case of the Debtors, including 124th Street Realty Corp., now pending in the United States Bankruptcy Court for the Southern District of New York.

9.    Venue of this proceeding in this Court is proper pursuant to Section 1409(a) of Title 28 of the United States Code because this action is one arising in or under a case under Title 11 of the United States Code.

10.    This adversary proceeding is commenced pursuant to sections 542, 544, 548, 550 and 551 of Title 11 of the United States Code, 11 U.S.C. section 101 *et seq.* (the "Bankruptcy Code"), Federal Rules of Bankruptcy Procedure 7001 and 7003 and New York Debtor and Creditor Law Sections 273, 274, 275, 276 and 276-a to avoid the transfer of certain property of 124th Street Realty Corp. to the Defendants and preserve said property for the benefit of the estate of 124th Street Realty Corp.

## BACKGROUND

11.    On February 19, 2005 (the "Petition Date"), 124th Street Realty Corp. filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York.

3

12.    124th Street Realty Corp. is one of the debtors in these jointly administered bankruptcy cases for whom the Plaintiff has been appointed Chapter 11 Trustee.

13.    Joseph Greenblatt ("Greenblatt") is a principal of 124th Street Realty Corp. and the other jointly administered Debtors.

14.    Greenblatt has been indicted and pled guilty to numerous criminal violations, including, but not limited to, grand larceny, criminal possession of a forged instrument, offering a false instrument and engaging in a scheme to defraud.

15.    In addition, Cease and Desist Orders have been issued against Greenblatt with regard to securities law violations, which, upon information and belief, Greenblatt violated.

16.    The Irgang Defendants have been engaged in business transactions with Greenblatt dating back to at least April, 2002, by which date Greenblatt's illegal activities had been well known.

17.    In or about April 2004, the Irgang Defendants entered into a transaction in which they acquired, in the aggregate, a 50% ownership interest in the stock of 124th Street Realty Corp. That stock was purchased from Greenblatt, the sole shareholder and president of the Debtor (the "Stock Purchase").

18.    In or about April 2004, defendants Mark Irgang, Jay Irgang and Orli Irgang became, respectively, the President, the Vice-President and the Treasurer of the Debtor, as well as members of its Board of Directors.

4

19.     Upon information and belief, at all relevant times the land and apartment building located at 148 West 124th Street, New York, New York (the "Premises"), together with all the rent, income, profits and other monies arising from, related to or concerning the Premises and/or the management and/or operations thereof (the "Proceeds") constituted substantially all of the assets of 124th Street Realty Corp. The Premises and the Proceeds shall be hereinafter referred to, collectively, as the "124th Street Property."

20.     In or about May 2004, the Irgang Defendants caused 124th Street Realty Corp. to enter into a transaction and/or series of transactions with the Irgang Defendants and/or defendant Irgang LLC purportedly resulting in the transfer of a 50% interest in the 124th Street Property by the Debtor to the Irgang LLC.

21.     In or about July 2004, the Irgang Defendants caused 124th Street Realty Corp. to enter into a transaction and/or series of transactions with the Irgang Defendants and/or defendant Irgang LLC purportedly resulting in the transfer of the remaining 50% interest in the 124th Street Property by the Debtor to the Irgang LLC (the foregoing transfers referred to in this paragraph and the preceding paragraph shall be referred to, collectively, as the "Property Transfers").

22.     Upon information and belief, at the time of the Stock Purchase and the Property Transfers, the Defendants knew, or should have known, that, through the fraudulent activities of Greenblatt and his controlled entities, including Maywood Capital Corp., the Debtor was subject to multiple millions of dollars in unpaid claims.

23.     At the time of the Property Transfers, the Irgang Defendants were insiders of the Debtor.

5

24.    Upon information and belief, the Property Transfers (hereinafter, sometimes referred to as the "Avoidable Transfers") were effectuated at a time when the Debtor was insolvent or, in the alternative, the Debtor became insolvent as a result of the Avoidable Transfers.

25.    Upon information and belief, the Avoidable Transfers were made with the actual intent to hinder, delay and/or defraud the creditors of the Debtor.

26.    Upon information and belief, the Debtor received no equivalent value in exchange for the Property Transfers or, in the alternative, less than reasonably equivalent value in exchange for the Property Transfers.

## FIRST CLAIM FOR RELIEF

### (Action to Avoid Fraudulent Conveyance and Preserve Same for the Benefit of the Estate Pursuant to Bankruptcy Code Sections 548(a)(1)(A), 550, and 551)

27.    The Trustee repeats and realleges each and every allegation contained in paragraphs 1 through 26 above as if fully set forth at length.

28.    The Avoidable Transfers were made within one year of the Petition Date.

29.    The Avoidable Transfers were made with the actual intent to hinder, delay and/or defraud the creditors of the Debtor.

30.    As a result of the foregoing, the Trustee is entitled to judgment pursuant to Bankruptcy Code §§ 548(a)(1)(A), 550(a) and 551 (a) avoiding and preserving the Avoidable Transfers, (b) directing that the Avoidable Transfers be set aside, and (c) recovering the 124th Street Property, which was the subject of the Avoidable Transfers, from the Defendants, for the benefit of the estate of the Debtor.

6

## SECOND CLAIM FOR RELIEF

**(Action to Avoid Fraudulent Conveyance and Preserve Same for the Benefit of the Estate
Pursuant to Bankruptcy Code Sections 548(a)(1)(B), 550, and 551)**

31.    The Trustee repeats and realleges each and every allegation contained in paragraphs 1 through 26 above as if fully set forth at length.

32.    The Debtor (a) was insolvent on the dates the Avoidable Transfers were made or became insolvent as a result of the Avoidable Transfers, (b) was engaged in business or a transaction, or was about to engage in business or a transaction, for which the property remaining with the Debtor after the Avoidable Transfers were effectuated constituted unreasonably small capital or, alternatively, (c) at the time of the Avoidable Transfers, intended to incur, or believed that it would incur, debts that would be beyond the Debtor's ability to pay as they matured.

33.    The Debtor received no equivalent value in exchange for the Property Transfers or, in the alternative, less than reasonably equivalent value in exchange for the Property Transfers.

34.    As a result of the foregoing, the Trustee is entitled to judgment pursuant to Bankruptcy Code §§ 548(a)(1)(B), 550(a) and 551 (a) avoiding and preserving the Avoidable Transfers, (b) directing that the Avoidable Transfers be set aside, and (c) recovering the 124th Street Property, which was the subject of the Avoidable Transfers, from the Defendants, for the benefit of the estate of the Debtor.

7

## THIRD CLAIM FOR RELIEF

**(Action to Avoid Fraudulent Conveyance and Preserve Same for the Benefit of the Estate Pursuant to New York Debtor and Creditor Law Section 273 and Bankruptcy Code Sections 544, 550, and 551)**

35.     The Trustee repeats and realleges each and every allegation contained in paragraphs 1 through 26 above as if fully set forth at length.

36.     The Debtor did not receive fair consideration for the Avoidable Transfers.

37.     At the time of the Avoidable Transfers, the Debtor was insolvent or, in the alternative, the Debtor became insolvent as a result of the Avoidable Transfers.

38.     The Avoidable Transfers constituted a fraudulent conveyance in violation of New York Debtor and Creditor Law § 273.

39.     By reason of the foregoing, the Trustee is entitled to a judgment pursuant to New York Debtor and Creditor Law § 273 and 11 U.S.C. §§ 544(b), 550 and 551 (a) avoiding and preserving the Avoidable Transfers, (b) directing that the Avoidable Transfers be set aside, and (c) recovering the 124th Street Property, which was the subject of the Avoidable Transfers, from the Defendants, for the benefit of the estate of the Debtor.

## FOURTH CLAIM FOR RELIEF

**(Action to Avoid Fraudulent Conveyance and Preserve Same for the Benefit of the Estate Pursuant to New York Debtor and Creditor Law Section 274 and Bankruptcy Code Sections 544, 550, and 551)**

40.     The Trustee repeats and realleges each and every allegation contained in paragraphs 1 through 26 above as if fully set forth at length.

41.     The Debtor did not receive fair consideration for the Avoidable Transfers.

8

42.    At the time the Debtor made the Avoidable Transfers, the Debtor was engaged or about to engage in a business or transaction for which the property remaining in its hands after the Avoidable Transfers was an unreasonably small capital.

43.    The Avoidable Transfers constituted a fraudulent conveyance in violation of New York Debtor and Creditor Law § 274.

44.    By reason of the foregoing, pursuant to New York Debtor and Creditor Law § 274 and 11 U.S.C. §§ 544(b), 550 and 551, the Trustee is entitled to a judgment (a) avoiding and preserving the Avoidable Transfers, (b) directing that the Avoidable Transfers be set aside, and (c) recovering the 124th Street Property, which was the subject of the Avoidable Transfers, from the Defendants, for the benefit of the estate of the Debtor.

## FIFTH CLAIM FOR RELIEF

**(Action to Avoid Fraudulent Conveyance and Preserve Same for the Benefit of the Estate Pursuant to New York Debtor and Creditor Law Section 276 and Bankruptcy Code Sections 544, 550, and 551)**

45.    The Trustee repeats and realleges each and every allegation contained in paragraphs 1 through 26 above as if fully set forth at length.

46.    The Avoidable Transfers to the Defendants were made with the actual intent, to hinder, delay and/or defraud creditors of the Debtor.

47.    The Avoidable Transfers constituted a fraudulent conveyance in violation of New York Debtor and Creditor Law § 276.

48.    By reason of the foregoing, pursuant to New York Debtor and Creditor Law §§ 276 and 276-a, and 11 U.S.C. §§ 544(b), 550 and 551, the Trustee is entitled to a

9

judgment (a) avoiding and preserving the Avoidable Transfers, (b) directing that the Avoidable

Transfers be set aside, (c) recovering the 124th Street Property, which was the subject of the

Avoidable Transfers, from the Defendants, for the benefit of the estate of the Debtor, and

(d) recovering attorneys' fees from the Defendants.

## SIXTH CLAIM FOR RELIEF

**(Action to Avoid Fraudulent Conveyance and Preserve Same for the Benefit of the Estate Pursuant to New York Debtor and Creditor Law Section 275 and Bankruptcy Code Sections 544, 550, and 551)**

49.    The Trustee repeats and realleges each and every allegation contained in

paragraphs 1 through 26 above as if fully set forth at length.

50.    The Debtor did not receive fair consideration for the Avoidable Transfers.

51.    At the time of the Avoidable Transfers, the Debtor incurred, was intending

to incur, or believed that it would incur debts beyond its ability to pay them as they mature.

52.    The Avoidable Transfers constituted a fraudulent conveyance in violation

of New York Debtor and Creditor Law § 275.

53.    By reason of the foregoing, pursuant to New York Debtor and Creditor

Law § 275 and 11 U.S.C. §§ 544(b), 550 and 551, the Trustee is entitled to a judgment (a)

avoiding and preserving the Avoidable Transfers, (b) directing that the Avoidable Transfers be

set aside, and (c) recovering the 124th Street Property, which was the subject of the Avoidable

Transfers, from the Defendants, for the benefit of the estate of the Debtor.

## SEVENTH CLAIM FOR RELIEF

**(Action for Turnover and Accounting Pursuant to Bankruptcy Code Section 542 and for Injunctive Relief)**

54.     The Trustee repeats and realleges each and every allegation contained in paragraphs 1 through 53 above as if fully set forth at length.

55.     The Defendants are in possession and control of the 124th Street Property.

56.     The Defendants, by virtue of their current positions, have encumbered, and/or are able to encumber, and/or cause liens and/or other charges and/or matters to be asserted against the 124th Street Property to the detriment of the Plaintiff and the estate of the Debtor.

57.     By virtue of their current positions, the Defendants are able to cause further transfers of interests in the 124th Street Property to third parties, to the detriment of the Plaintiff and the estate of the Debtor.

58.     The Defendants have improperly caused the Proceeds with respect to the Premises to be paid to and/or retained by, or for the benefit, of the Defendants, rather than to the Plaintiff for the benefit of the estate of the Debtor.

59.     Plaintiff intends to seek Court approval to sell the 124th Street Property pursuant to Bankruptcy Code Section 363.

60.     The Defendants, by virtue of their current positions, have in the past taken, and/or have the ability to take, actions that will hinder, interfere with, prevent or prejudice the Plaintiff in his efforts to effectuate a sale of the 124th Street Property, which actions are to the detriment of the estate of the Debtor.

11

61.    Plaintiff has no adequate remedy at law.

62.    By virtue of the foregoing, Plaintiff is entitled to a preliminary and permanent injunction (i) preventing the Defendants from (a) transferring the 124th Street Property or any interest therein to any third parties; (b) encumbering and/or causing liens and/or other charges and/or other matters to be asserted against the 124th Street Property; and/or (c) hindering, interfering with, preventing or prejudicing the Plaintiff in his efforts to effectuate a prompt sale of the 124th Street Property pursuant to Bankruptcy Code Section 363; and (ii) directing the Defendants to turnover possession, operation, management and control of the 124th Street Property to the Plaintiff, including all documents pertaining thereto, pursuant to, inter alia, Section 542 of the Bankruptcy Code.

63.    By virtue of the foregoing, pursuant to, inter alia, Section 542 of the Bankruptcy Code, Plaintiff is also entitled to an order and/or judgment directing that Defendants account to Plaintiff for the Proceeds with respect to the Premises since the date of the Avoidable Transfers and to pay over all such monies to the Plaintiff for the benefit of the estate of the Debtor.

**WHEREFORE**, the Trustee respectfully requests that the Court enter judgment in favor of the Plaintiff and against the Defendants as follows:

i.    on the Trustee's First Claim for Relief pursuant to Bankruptcy Code §§ 548(a)(1)(A), 550(a) and 551: (a) avoiding and preserving the Avoidable Transfers, (b) directing that the Avoidable Transfers be set aside, and (c) recovering the 124th Street Property, which was the subject of the Avoidable Transfers, from the Defendants, for the benefit of the estate of the Debtor;

12

ii.    on the Trustee's Second Claim for Relief pursuant to Bankruptcy Code §§ 548(a)(1)(B), 550(a) and 551: (a) avoiding and preserving the Avoidable Transfers, (b) directing that the Avoidable Transfers be set aside, and (c) recovering the 124th Street Property, which was the subject of the Avoidable Transfers, from the Defendants, for the benefit of the estate of the Debtor;

iii.    on the Trustee's Third Claim for Relief pursuant to New York Debtor and Creditor Law § 273 and 11 U.S.C. §§ 544(b), 550 and 551: (a) avoiding and preserving the Avoidable Transfers, (b) directing that the Avoidable Transfers be set aside, and (c) recovering the 124th Street Property, which was the subject of the Avoidable Transfers, from the Defendants, for the benefit of the estate of the Debtor;

iv.    on the Trustee's Fourth Claim for Relief pursuant to New York Debtor and Creditor Law § 274 and 11 U.S.C. §§ 544(b), 550 and 551: (a) avoiding and preserving the Avoidable Transfers, (b) directing that the Avoidable Transfers be set aside, and (c) recovering the 124th Street Property, which was the subject of the Avoidable Transfers, from the Defendants, for the benefit of the estate of the Debtor;

v.    on the Trustee's Fifth Claim for Relief pursuant to New York Debtor & Creditor Law §§ 276 and 276-a, and 11 U.S.C. §§ 544(b), 550 and 551: (a) avoiding and preserving the Avoidable Transfers, (b) directing that the Avoidable Transfers be set aside; (c) recovering the 124th Street Property, which was the subject of the Avoidable Transfers, from the Defendants, for the benefit of the estate of the Debtor; and (d) recovering attorneys' fees from the Defendants;

13

vi.    on the Trustee's Sixth Claim for Relief pursuant to New York Debtor and

Creditor Law § 275 and 11 U.S.C. §§ 544(b), 550 and 551: (a) avoiding and preserving the

Avoidable Transfers, (b) directing that the Avoidable Transfers be set aside, and (c) recovering

the 124th Street Property, which was the subject of the Avoidable Transfers, from the

Defendants, for the benefit of the estate of the Debtor;

vii.    on the Trustee's Seventh Claim for Relief: (A) granting a preliminary and

permanent injunction (i) preventing the Defendants from (a) transferring the 124th Street

Property or any interest therein to any third parties; (b) encumbering and/or causing liens and/or

other charges and/or other matters to be asserted against the 124th Street Property; and/or (c)

hindering, interfering with, preventing or prejudicing the Plaintiff in his efforts to effectuate a

prompt sale of the 124th Street Property pursuant to Bankruptcy Code Section 363; and (ii)

directing the Defendants to turnover possession, operation, management and control of the 124th

Street Property to the Plaintiff, including all documents pertaining thereto, pursuant to, inter alia,

Section 542 of the Bankruptcy Code; and (B) directing that Defendants account to Plaintiff for

the Proceeds with respect to the Premises since the date of the Avoidable Transfers and to pay

over all such monies to the Plaintiff for the benefit of the estate of the Debtor pursuant to, inter

alia, Section 542 of the Bankruptcy Code;

viii.    all of the foregoing together with all applicable interest, costs and

disbursements and for such other, further and different relief as the Court deems just, proper and

equitable.

14

Dated: New York, New York
June 6, 2005

**LeBOEUF, LAMB, GREENE & MacRAE, L.L.P.**

By:   /s/ John P. Campo
      John P. Campo, Esq. (JC-5241)
      Jeffrey S. Berkowitz (JB-4753)

125 West 55th Street
New York, NY  10019-5389
(212) 424-8000

Counsel to John S. Pereira, as Chapter 11
Trustee of 148 West 124th Street Realty Corp.

15

NYB609696.1

# EXHIBIT C

LeBOEUF, LAMB, GREENE & MacRAE, L.L.P.
Counsel to John S. Pereira, Esq., as Chapter 11 Trustee
125 West 55th Street
New York, New York 10019-5389
(212) 424-8000
John P. Campo, Esq. (JC-5241)
Jeffrey S. Berkowitz (JB-4753)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

|  |  |
|---|---|
| In re | Chapter 11 |
|  | Case No. 05-10987 (RDD) |
| MAYWOOD CAPITAL CORP., et al., | (Jointly Administered) |
|  | Case Nos. 04-17047, 05-10944 to 05- |
| Debtors. | 10987, 05-11521 and 05-11523 (RDD) |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

|  |  |
|---|---|
| JOHN S. PEREIRA, as Chapter 11 Trustee of 6 EAST 132nd STREET APARTMENTS CORP., |  |
| Plaintiff, | Adversary Proceeding No. 05-02090 |
| vs. |  |
| 6 EAST 132nd STREET LLC, JAY IRGANG, MARK IRGANG AND ORLI IRGANG, |  |
| Defendants. |  |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## COMPLAINT

Plaintiff, John S. Pereira, as Chapter 11 Trustee (the "Trustee" or "Plaintiff") of

Maywood Capital Corp., et al., (the "Debtors"), by and through his counsel, LeBoeuf, Lamb,

Greene & MacRae, L.L.P., as and for his Complaint against the above-captioned defendants, respectfully alleges as follows:

1.    This is an action to avoid the fraudulent transfer of certain real property, for an accounting, for a turnover of the property, and other relief.

## PARTIES

2.    6 East 132nd Street Apartments Corp. (sometimes referred to as "132nd Street Apartments Corp." or the "Debtor") is one of the Debtors in this jointly administered case, and is a corporation organized and existing under the laws of the State of New York.

3.    The Trustee is the duly appointed Chapter 11 Trustee of 132nd Street Apartments Corp.'s estate pursuant to order entered March 24, 2005.

4.    Upon information and belief, defendants Jay Irgang, Mark Irgang and Orli Irgang (collectively, the "Irgang Defendants") are each a natural person having an office at 60 East 42nd Street, Suite 447, New York, New York 10165.

5.    Upon information and belief, defendant 6 East 132nd Street LLC (the "Irgang LLC") is an entity wholly owned and/or controlled by the Irgang Defendants and a limited liability company organized under the laws of the State of New York having an office at 60 East 42nd Street, Suite 447, New York, New York 10165.

6.    The Irgang Defendants and the Irgang LLC shall sometimes be referred to herein, collectively, as the "Defendants."

2

## JURISDICTION AND VENUE

7.    The jurisdiction of this Court is founded upon 28 U.S.C § 1334(b) and the "Standing Order of Referral of Cases to Bankruptcy Judges" of the United States District Court for the Southern District of New York, dated July 10, 1984 (Ward, Acting C.J.).

8.    This adversary proceeding is a core proceeding pursuant to Sections 157(a) and 157(b) of Title 28 of the United States Code because this adversary proceeding arises in or under the Chapter 11 case of the Debtors, including 132nd Street Apartments Corp., now pending in the United States Bankruptcy Court for the Southern District of New York.

9.    Venue of this proceeding in this Court is proper pursuant to Section 1409(a) of Title 28 of the United States Code because this action is one arising in or under a case under Title 11 of the United States Code.

10.    This adversary proceeding is commenced pursuant to sections 542, 544, 548, 550 and 551 of Title 11 of the United States Code, 11 U.S.C. section 101 *et seq.* (the "Bankruptcy Code"), Federal Rules of Bankruptcy Procedure 7001 and 7003 and New York Debtor and Creditor Law Sections 273, 274, 275, 276 and 276-a to avoid the transfer of certain property of 132nd Street Apartments Corp. to the Defendants and preserve said property for the benefit of the estate of 132nd Street Apartments Corp.

## BACKGROUND

11.    On February 19, 2005 (the "Petition Date"), 132nd Street Apartments Corp. filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York.

3

12.    132nd Street Apartments Corp. is one of the debtors in these jointly administered bankruptcy cases for whom the Plaintiff has been appointed Chapter 11 Trustee.

13.    Joseph Greenblatt ("Greenblatt") is a principal of 132nd Street Apartments Corp. and the other jointly administered Debtors.

14.    Greenblatt has been indicted and pled guilty to numerous criminal violations, including, but not limited to, grand larceny, criminal possession of a forged instrument, offering a false instrument and engaging in a scheme to defraud.

15.    In addition, Cease and Desist Orders have been issued against Greenblatt with regard to securities law violations, which, upon information and belief, Greenblatt violated.

16.    The Irgang Defendants have been engaged in business transactions with Greenblatt dating back to at least April, 2002, by which date Greenblatt's illegal activities had been well known.

17.    In or about April 2004, the Irgang Defendants entered into a transaction in which they acquired, in the aggregate, a 50% ownership interest in the stock of 132nd Street Apartments Corp.  That stock was purchased from Greenblatt, the sole shareholder and president of the Debtor (the "Stock Purchase").

18.    In or about April 2004, defendants Mark Irgang, Jay Irgang and Orli Irgang became, respectively, the President, the Vice-President and the Treasurer of the Debtor, as well as members of its Board of Directors.

4

19.    Upon information and belief, at all relevant times the land and apartment building located at 6 East 132nd Street, New York, New York (the "Premises"), together with all the rent, income, profits and other monies arising from, related to or concerning the Premises and/or the management and/or operations thereof (the "Proceeds") constituted substantially all of the assets of 132nd Street Apartments Corp. The Premises and the Proceeds shall be hereinafter referred to, collectively, as the "132nd Street Property."

20.    In or about May 2004, the Irgang Defendants caused 132nd Street Apartments Corp. to enter into a transaction and/or series of transactions with the Irgang Defendants and/or defendant Irgang LLC purportedly resulting in the transfer of a 50% interest in the 132nd Street Property by the Debtor to the Irgang LLC.

21.    In or about July 2004, the Irgang Defendants caused 132nd Street Apartments Corp. to enter into a transaction and/or series of transactions with the Irgang Defendants and/or defendant Irgang LLC purportedly resulting in the transfer of the remaining 50% interest in the 132nd Street Property by the Debtor to the Irgang LLC (the foregoing transfers referred to in this paragraph and the preceding paragraph shall be referred to, collectively, as the "Property Transfers").

22.    Upon information and belief, at the time of the Stock Purchase and the Property Transfers, the Defendants knew, or should have known, that, through the fraudulent activities of Greenblatt and his controlled entities, including Maywood Capital Corp., the Debtor was subject to multiple millions of dollars in unpaid claims.

23.    At the time of the Property Transfers, the Irgang Defendants were insiders of the Debtor.

5

24.    Upon information and belief, the Property Transfers (hereinafter, sometimes referred to as the "Avoidable Transfers") were effectuated at a time when the Debtor was insolvent or, in the alternative, the Debtor became insolvent as a result of the Avoidable Transfers.

25.    Upon information and belief, the Avoidable Transfers were made with the actual intent to hinder, delay and/or defraud the creditors of the Debtor.

26.    Upon information and belief, the Debtor received no equivalent value in exchange for the Property Transfers or, in the alternative, less than reasonably equivalent value in exchange for the Property Transfers.

## FIRST CLAIM FOR RELIEF

### (Action to Avoid Fraudulent Conveyance and Preserve Same for the Benefit of the Estate Pursuant to Bankruptcy Code Sections 548(a)(1)(A), 550, and 551)

27.    The Trustee repeats and realleges each and every allegation contained in paragraphs 1 through 26 above as if fully set forth at length.

28.    The Avoidable Transfers were made within one year of the Petition Date.

29.    The Avoidable Transfers were made with the actual intent to hinder, delay and/or defraud the creditors of the Debtor.

30.    As a result of the foregoing, the Trustee is entitled to judgment pursuant to Bankruptcy Code §§ 548(a)(1)(A), 550(a) and 551 (a) avoiding and preserving the Avoidable Transfers, (b) directing that the Avoidable Transfers be set aside, and (c) recovering the 132nd Street Property, which was the subject of the Avoidable Transfers, from the Defendants, for the benefit of the estate of the Debtor.

6

## SECOND CLAIM FOR RELIEF

**(Action to Avoid Fraudulent Conveyance and Preserve Same for the Benefit of the Estate Pursuant to Bankruptcy Code Sections 548(a)(1)(B), 550, and 551)**

31.    The Trustee repeats and realleges each and every allegation contained in paragraphs 1 through 26 above as if fully set forth at length.

32.    The Debtor (a) was insolvent on the dates the Avoidable Transfers were made or became insolvent as a result of the Avoidable Transfers, (b) was engaged in business or a transaction, or was about to engage in business or a transaction, for which the property remaining with the Debtor after the Avoidable Transfers were effectuated constituted unreasonably small capital or, alternatively, (c) at the time of the Avoidable Transfers, intended to incur, or believed that it would incur, debts that would be beyond the Debtor's ability to pay as they matured.

33.    The Debtor received no equivalent value in exchange for the Property Transfers or, in the alternative, less than reasonably equivalent value in exchange for the Property Transfers.

34.    As a result of the foregoing, the Trustee is entitled to judgment pursuant to Bankruptcy Code §§ 548(a)(1)(B), 550(a) and 551 (a) avoiding and preserving the Avoidable Transfers, (b) directing that the Avoidable Transfers be set aside, and (c) recovering the 132nd Street Property, which was the subject of the Avoidable Transfers, from the Defendants, for the benefit of the estate of the Debtor.

7

### THIRD CLAIM FOR RELIEF

**(Action to Avoid Fraudulent Conveyance and Preserve Same for the Benefit of the Estate Pursuant to New York Debtor and Creditor Law Section 273 and Bankruptcy Code Sections 544, 550, and 551)**

35.    The Trustee repeats and realleges each and every allegation contained in paragraphs 1 through 26 above as if fully set forth at length.

36.    The Debtor did not receive fair consideration for the Avoidable Transfers.

37.    At the time of the Avoidable Transfers, the Debtor was insolvent or, in the alternative, the Debtor became insolvent as a result of the Avoidable Transfers.

38.    The Avoidable Transfers constituted a fraudulent conveyance in violation of New York Debtor and Creditor Law § 273.

39.    By reason of the foregoing, the Trustee is entitled to a judgment pursuant to New York Debtor and Creditor Law § 273 and 11 U.S.C. §§ 544(b), 550 and 551 (a) avoiding and preserving the Avoidable Transfers, (b) directing that the Avoidable Transfers be set aside, and (c) recovering the 132nd Street Property, which was the subject of the Avoidable Transfers, from the Defendants, for the benefit of the estate of the Debtor.

### FOURTH CLAIM FOR RELIEF

**(Action to Avoid Fraudulent Conveyance and Preserve Same for the Benefit of the Estate Pursuant to New York Debtor and Creditor Law Section 274 and Bankruptcy Code Sections 544, 550, and 551)**

40.    The Trustee repeats and realleges each and every allegation contained in paragraphs 1 through 26 above as if fully set forth at length.

41.    The Debtor did not receive fair consideration for the Avoidable Transfers.

8

42.    At the time the Debtor made the Avoidable Transfers, the Debtor was engaged or about to engage in a business or transaction for which the property remaining in its hands after the Avoidable Transfers was an unreasonably small capital.

43.    The Avoidable Transfers constituted a fraudulent conveyance in violation of New York Debtor and Creditor Law § 274.

44.    By reason of the foregoing, pursuant to New York Debtor and Creditor Law § 274 and 11 U.S.C. §§ 544(b), 550 and 551, the Trustee is entitled to a judgment (a) avoiding and preserving the Avoidable Transfers, (b) directing that the Avoidable Transfers be set aside, and (c) recovering the 132nd Street Property, which was the subject of the Avoidable Transfers, from the Defendants, for the benefit of the estate of the Debtor.

## FIFTH CLAIM FOR RELIEF

**(Action to Avoid Fraudulent Conveyance and Preserve Same for the Benefit of the Estate Pursuant to New York Debtor and Creditor Law Section 276 and Bankruptcy Code Sections 544, 550, and 551)**

45.    The Trustee repeats and realleges each and every allegation contained in paragraphs 1 through 26 above as if fully set forth at length.

46.    The Avoidable Transfers to the Defendants were made with the actual intent, to hinder, delay and/or defraud creditors of the Debtor.

47.    The Avoidable Transfers constituted a fraudulent conveyance in violation of New York Debtor and Creditor Law § 276.

48.    By reason of the foregoing, pursuant to New York Debtor and Creditor Law §§ 276 and 276-a, and 11 U.S.C. §§ 544(b), 550 and 551, the Trustee is entitled to a

9

judgment (a) avoiding and preserving the Avoidable Transfers, (b) directing that the Avoidable

Transfers be set aside, (c) recovering the 132nd Street Property, which was the subject of the

Avoidable Transfers, from the Defendants, for the benefit of the estate of the Debtor, and

(d) recovering attorneys' fees from the Defendants.

## SIXTH CLAIM FOR RELIEF

**(Action to Avoid Fraudulent Conveyance and Preserve Same for the Benefit of the Estate
Pursuant to New York Debtor and Creditor Law Section 275 and Bankruptcy Code
Sections 544, 550, and 551)**

49.    The Trustee repeats and realleges each and every allegation contained in

paragraphs 1 through 26 above as if fully set forth at length.

50.    The Debtor did not receive fair consideration for the Avoidable Transfers.

51.    At the time of the Avoidable Transfers, the Debtor incurred, was intending

to incur, or believed that it would incur debts beyond its ability to pay them as they mature.

52.    The Avoidable Transfers constituted a fraudulent conveyance in violation

of New York Debtor and Creditor Law § 275.

53.    By reason of the foregoing, pursuant to New York Debtor and Creditor

Law § 275 and 11 U.S.C. §§ 544(b), 550 and 551, the Trustee is entitled to a judgment (a)

avoiding and preserving the Avoidable Transfers, (b) directing that the Avoidable Transfers be

set aside, and (c) recovering the 132nd Street Property, which was the subject of the Avoidable

Transfers, from the Defendants, for the benefit of the estate of the Debtor.

10

## SEVENTH CLAIM FOR RELIEF

**(Action for Turnover and Accounting Pursuant to Bankruptcy Code Section 542 and for Injunctive Relief)**

54.     The Trustee repeats and realleges each and every allegation contained in paragraphs 1 through 53 above as if fully set forth at length.

55.     The Defendants are in possession and control of the 132nd Street Property.

56.     The Defendants, by virtue of their current positions, have encumbered, and/or are able to encumber, and/or cause liens and/or other charges and/or matters to be asserted against the 132nd Street Property to the detriment of the Plaintiff and the estate of the Debtor.

57.     By virtue of their current positions, the Defendants are able to cause further transfers of interests in the 132nd Street Property to third parties, to the detriment of the Plaintiff and the estate of the Debtor.

58.     The Defendants have improperly caused the Proceeds with respect to the Premises to be paid to and/or retained by, or for the benefit, of the Defendants, rather than to the Plaintiff for the benefit of the estate of the Debtor.

59.     Plaintiff intends to seek Court approval to sell the 132nd Street Property pursuant to Bankruptcy Code Section 363.

60.     The Defendants, by virtue of their current positions, have in the past taken, and/or have the ability to take, actions that will hinder, interfere with, prevent or prejudice the Plaintiff in his efforts to effectuate a sale of the 132nd Street Property, which actions are to the detriment of the estate of the Debtor.

11

61.    Plaintiff has no adequate remedy at law.

62.    By virtue of the foregoing, Plaintiff is entitled to a preliminary and permanent injunction (i) preventing the Defendants from (a) transferring the 132nd Street Property or any interest therein to any third parties; (b) encumbering and/or causing liens and/or other charges and/or other matters to be asserted against the 132nd Street Property; and/or (c) hindering, interfering with, preventing or prejudicing the Plaintiff in his efforts to effectuate a prompt sale of the 132nd Street Property pursuant to Bankruptcy Code Section 363; and (ii) directing the Defendants to turnover possession, operation, management and control of the 132nd Street Property to the Plaintiff, including all documents pertaining thereto, pursuant to, inter alia, Section 542 of the Bankruptcy Code.

63.    By virtue of the foregoing, pursuant to, inter alia, Section 542 of the Bankruptcy Code, Plaintiff is also entitled to an order and/or judgment directing that Defendants account to Plaintiff for the Proceeds with respect to the Premises since the date of the Avoidable Transfers and to pay over all such monies to the Plaintiff for the benefit of the estate of the Debtor.

**WHEREFORE**, the Trustee respectfully requests that the Court enter judgment in favor of the Plaintiff and against the Defendants as follows:

i.    on the Trustee's First Claim for Relief pursuant to Bankruptcy Code §§ 548(a)(1)(A), 550(a) and 551: (a) avoiding and preserving the Avoidable Transfers, (b) directing that the Avoidable Transfers be set aside, and (c) recovering the 132nd Street Property, which was the subject of the Avoidable Transfers, from the Defendants, for the benefit of the estate of the Debtor;

12

ii.   on the Trustee's Second Claim for Relief pursuant to Bankruptcy Code §§ 548(a)(1)(B), 550(a) and 551: (a) avoiding and preserving the Avoidable Transfers, (b) directing that the Avoidable Transfers be set aside, and (c) recovering the 132nd Street Property, which was the subject of the Avoidable Transfers, from the Defendants, for the benefit of the estate of the Debtor;

iii.   on the Trustee's Third Claim for Relief pursuant to New York Debtor and Creditor Law § 273 and 11 U.S.C. §§ 544(b), 550 and 551: (a) avoiding and preserving the Avoidable Transfers, (b) directing that the Avoidable Transfers be set aside, and (c) recovering the 132nd Street Property, which was the subject of the Avoidable Transfers, from the Defendants, for the benefit of the estate of the Debtor;

iv.   on the Trustee's Fourth Claim for Relief pursuant to New York Debtor and Creditor Law § 274 and 11 U.S.C. §§ 544(b), 550 and 551: (a) avoiding and preserving the Avoidable Transfers, (b) directing that the Avoidable Transfers be set aside, and (c) recovering the 132nd Street Property, which was the subject of the Avoidable Transfers, from the Defendants, for the benefit of the estate of the Debtor;

v.   on the Trustee's Fifth Claim for Relief pursuant to New York Debtor & Creditor Law §§ 276 and 276-a, and 11 U.S.C. §§ 544(b), 550 and 551: (a) avoiding and preserving the Avoidable Transfers, (b) directing that the Avoidable Transfers be set aside; (c) recovering the 132nd Street Property, which was the subject of the Avoidable Transfers, from the Defendants, for the benefit of the estate of the Debtor; and (d) recovering attorneys' fees from the Defendants;

13

vi.    on the Trustee's Sixth Claim for Relief pursuant to New York Debtor and Creditor Law § 275 and 11 U.S.C. §§ 544(b), 550 and 551: (a) avoiding and preserving the Avoidable Transfers, (b) directing that the Avoidable Transfers be set aside, and (c) recovering the 132nd Street Property, which was the subject of the Avoidable Transfers, from the Defendants, for the benefit of the estate of the Debtor;

vii.    on the Trustee's Seventh Claim for Relief: (A) granting a preliminary and permanent injunction (i) preventing the Defendants from (a) transferring the 132nd Street Property or any interest therein to any third parties; (b) encumbering and/or causing liens and/or other charges and/or other matters to be asserted against the 132nd Street Property; and/or (c) hindering, interfering with, preventing or prejudicing the Plaintiff in his efforts to effectuate a prompt sale of the 132nd Street Property pursuant to Bankruptcy Code Section 363; and (ii) directing the Defendants to turnover possession, operation, management and control of the 132nd Street Property to the Plaintiff, including all documents pertaining thereto, pursuant to, inter alia, Section 542 of the Bankruptcy Code; and (B) directing that Defendants account to Plaintiff for the Proceeds with respect to the Premises since the date of the Avoidable Transfers and to pay over all such monies to the Plaintiff for the benefit of the estate of the Debtor pursuant to, inter alia, Section 542 of the Bankruptcy Code;

viii.    all of the foregoing together with all applicable interest, costs and disbursements and for such other, further and different relief as the Court deems just, proper and equitable.

14

Dated: New York, New York
     June 6, 2005

                    **LeBOEUF, LAMB, GREENE & MacRAE, L.L.P.**

                    By:   /s/ John P. Campo
                            John P. Campo, Esq. (JC-5241)
                            Jeffrey S. Berkowitz (JB-4753)

                    125 West 55th Street
                    New York, NY  10019-5389
                    (212) 424-8000

                    Counsel to John S. Pereira, as Chapter 11
                    Trustee of 6 East 132nd Street Apartments Corp.

NYB609706.1

EXHIBIT D

LeBOEUF, LAMB, GREENE & MacRAE, L.L.P.
Counsel to John S. Pereira, Esq., as Chapter 11 Trustee
125 West 55th Street
New York, New York 10019-5389
(212) 424-8000
John P. Campo, Esq. (JC-5241)
Jeffrey S. Berkowitz (JB-4753)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

|  |  |
|---|---|
| In re | Chapter 11 |
| | Case No. 05-10987 (RDD) |
| MAYWOOD CAPITAL CORP., et al., | (Jointly Administered) |
| | Case Nos. 04-17047, 05-10944 to 05- |
| Debtors. | 10987, 05-11521 and 05-11523 (RDD) |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

JOHN S. PEREIRA, as Chapter 11 Trustee of
77 EAST 125TH STREET REALTY LLC,

                                    Plaintiff,

             Adversary Proceeding No. 05-02092

        vs.


77-79 E. 125TH STREET LLC, JAY IRGANG,
MARK IRGANG AND ORLI IRGANG,

                                    Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## **COMPLAINT**

Plaintiff, John S. Pereira, as Chapter 11 Trustee (the "Trustee" or "Plaintiff") of

Maywood Capital Corp., et al., (the "Debtors"), by and through his counsel, LeBoeuf, Lamb,

Greene & MacRae, L.L.P., as and for his Complaint against the above-captioned defendants, respectfully alleges as follows:

1.   This is an action to avoid the fraudulent transfer of certain real property, for an accounting, for a turnover of the property, and other relief.

## PARTIES

2.   77 East 125th Street Realty LLC (sometimes referred to as "125th Street Realty LLC" or the "Debtor") is one of the Debtors in this jointly administered case, and is a limited liability company organized and existing under the laws of the State of New York.

3.   The Trustee is the duly appointed Chapter 11 Trustee of 125th Street Realty LLC's estate pursuant to order entered March 24, 2005.

4.   Upon information and belief, defendants Jay Irgang, Mark Irgang and Orli Irgang (collectively, the "Irgang Defendants") are each a natural person having an office at 60 East 42nd Street, Suite 447, New York, New York 10165.

5.   Upon information and belief, defendant 77-79 E. 125th Street LLC (the "Irgang LLC") is an entity wholly owned and/or controlled by the Irgang Defendants and a limited liability company organized under the laws of the State of New York having an office at 60 East 42nd Street, Suite 447, New York, New York 10165.

6.   The Irgang Defendants and the Irgang LLC shall sometimes be referred to herein, collectively, as the "Defendants."

2

## JURISDICTION AND VENUE

7.    The jurisdiction of this Court is founded upon 28 U.S.C § 1334(b) and the "Standing Order of Referral of Cases to Bankruptcy Judges" of the United States District Court for the Southern District of New York, dated July 10, 1984 (Ward, Acting C.J.).

8.    This adversary proceeding is a core proceeding pursuant to Sections 157(a) and 157(b) of Title 28 of the United States Code because this adversary proceeding arises in or under the Chapter 11 case of the Debtors, including 125th Street Realty LLC, now pending in the United States Bankruptcy Court for the Southern District of New York.

9.    Venue of this proceeding in this Court is proper pursuant to Section 1409(a) of Title 28 of the United States Code because this action is one arising in or under a case under Title 11 of the United States Code.

10.    This adversary proceeding is commenced pursuant to sections 542, 544, 548, 550 and 551 of Title 11 of the United States Code, 11 U.S.C. section 101 *et seq.* (the "Bankruptcy Code"), Federal Rules of Bankruptcy Procedure 7001 and 7003 and New York Debtor and Creditor Law Sections 273, 274, 275, 276 and 276-a to avoid the transfer of certain property of 125th Street Realty LLC to the Defendants and preserve said property for the benefit of the estate of 125th Street Realty LLC.

## BACKGROUND

11.    On February 19, 2005 (the "Petition Date"), 125th Street Realty LLC filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York.

3

12.    125th Street Realty LLC is one of the debtors in these jointly administered bankruptcy cases for whom the Plaintiff has been appointed Chapter 11 Trustee.

13.    Joseph Greenblatt ("Greenblatt") is a principal of 125th Street Realty LLC and the other jointly administered Debtors.

14.    Greenblatt has been indicted and pled guilty to numerous criminal violations, including, but not limited to, grand larceny, criminal possession of a forged instrument, offering a false instrument and engaging in a scheme to defraud.

15.    In addition, Cease and Desist Orders have been issued against Greenblatt with regard to securities law violations, which, upon information and belief, Greenblatt violated.

16.    The Irgang Defendants have been engaged in business transactions with Greenblatt dating back to at least April, 2002, by which date Greenblatt's illegal activities had been well known.

17.    In or about April 2004, the Irgang Defendants entered into a transaction in which they acquired, in the aggregate, a 50% ownership interest in the stock of 125th Street Realty LLC.  That stock was purchased from Greenblatt, the sole shareholder and president of the Debtor (the "Stock Purchase").

18.    In or about April 2004, defendants Mark Irgang, Jay Irgang and Orli Irgang became, respectively, the President, the Vice-President and the Treasurer of the Debtor, as well as members of its Board of Directors.

4

19.    Upon information and belief, at all relevant times the land and apartment building located at 77 East 125th Street, New York, New York (the "Premises"), together with all the rent, income, profits and other monies arising from, related to or concerning the Premises and/or the management and/or operations thereof (the "Proceeds") constituted substantially all of the assets of 125th Street Realty LLC.  The Premises and the Proceeds shall be hereinafter referred to, collectively, as the "125th Street Property."

20.    In or about May 2004, the Irgang Defendants caused 125th Street Realty LLC to enter into a transaction and/or series of transactions with the Irgang Defendants and/or defendant Irgang LLC purportedly resulting in the transfer of a 50% interest in the 125th Street Property by the Debtor to the Irgang LLC.

21.    In or about July 2004, the Irgang Defendants caused 125th Street Realty LLC to enter into a transaction and/or series of transactions with the Irgang Defendants and/or defendant Irgang LLC purportedly resulting in the transfer of the remaining 50% interest in the 125th Street Property by the Debtor to the Irgang LLC (the foregoing transfers referred to in this paragraph and the preceding paragraph shall be referred to, collectively, as the "Property Transfers").

22.    Upon information and belief, at the time of the Stock Purchase and the Property Transfers, the Defendants knew, or should have known, that, through the fraudulent activities of Greenblatt and his controlled entities, including Maywood Capital Corp., the Debtor was subject to multiple millions of dollars in unpaid claims.

23.    At the time of the Property Transfers, the Irgang Defendants were insiders of the Debtor.

24.    Upon information and belief, the Property Transfers (hereinafter, sometimes referred to as the "Avoidable Transfers") were effectuated at a time when the Debtor was insolvent or, in the alternative, the Debtor became insolvent as a result of the Avoidable Transfers.

25.    Upon information and belief, the Avoidable Transfers were made with the actual intent to hinder, delay and/or defraud the creditors of the Debtor.

26.    Upon information and belief, the Debtor received no equivalent value in exchange for the Property Transfers or, in the alternative, less than reasonably equivalent value in exchange for the Property Transfers.

### FIRST CLAIM FOR RELIEF

**(Action to Avoid Fraudulent Conveyance and Preserve Same for the Benefit of the Estate Pursuant to Bankruptcy Code Sections 548(a)(1)(A), 550, and 551)**

27.    The Trustee repeats and realleges each and every allegation contained in paragraphs 1 through 26 above as if fully set forth at length.

28.    The Avoidable Transfers were made within one year of the Petition Date.

29.    The Avoidable Transfers were made with the actual intent to hinder, delay and/or defraud the creditors of the Debtor.

30.    As a result of the foregoing, the Trustee is entitled to judgment pursuant to Bankruptcy Code §§ 548(a)(1)(A), 550(a) and 551 (a) avoiding and preserving the Avoidable Transfers, (b) directing that the Avoidable Transfers be set aside, and (c) recovering the 125th Street Property, which was the subject of the Avoidable Transfers, from the Defendants, for the benefit of the estate of the Debtor.

6

## SECOND CLAIM FOR RELIEF

### (Action to Avoid Fraudulent Conveyance and Preserve Same for the Benefit of the Estate Pursuant to Bankruptcy Code Sections 548(a)(1)(B), 550, and 551)

31.    The Trustee repeats and realleges each and every allegation contained in paragraphs 1 through 26 above as if fully set forth at length.

32.    The Debtor (a) was insolvent on the dates the Avoidable Transfers were made or became insolvent as a result of the Avoidable Transfers, (b) was engaged in business or a transaction, or was about to engage in business or a transaction, for which the property remaining with the Debtor after the Avoidable Transfers were effectuated constituted unreasonably small capital or, alternatively, (c) at the time of the Avoidable Transfers, intended to incur, or believed that it would incur, debts that would be beyond the Debtor's ability to pay as they matured.

33.    The Debtor received no equivalent value in exchange for the Property Transfers or, in the alternative, less than reasonably equivalent value in exchange for the Property Transfers.

34.    As a result of the foregoing, the Trustee is entitled to judgment pursuant to Bankruptcy Code §§ 548(a)(1)(B), 550(a) and 551 (a) avoiding and preserving the Avoidable Transfers, (b) directing that the Avoidable Transfers be set aside, and (c) recovering the 125th Street Property, which was the subject of the Avoidable Transfers, from the Defendants, for the benefit of the estate of the Debtor.

## THIRD CLAIM FOR RELIEF

**(Action to Avoid Fraudulent Conveyance and Preserve Same for the Benefit of the Estate Pursuant to New York Debtor and Creditor Law Section 273 and Bankruptcy Code Sections 544, 550, and 551)**

35.     The Trustee repeats and realleges each and every allegation contained in paragraphs 1 through 26 above as if fully set forth at length.

36.     The Debtor did not receive fair consideration for the Avoidable Transfers.

37.     At the time of the Avoidable Transfers, the Debtor was insolvent or, in the alternative, the Debtor became insolvent as a result of the Avoidable Transfers.

38.     The Avoidable Transfers constituted a fraudulent conveyance in violation of New York Debtor and Creditor Law § 273.

39.     By reason of the foregoing, the Trustee is entitled to a judgment pursuant to New York Debtor and Creditor Law § 273 and 11 U.S.C. §§ 544(b), 550 and 551 (a) avoiding and preserving the Avoidable Transfers, (b) directing that the Avoidable Transfers be set aside, and (c) recovering the 125th Street Property, which was the subject of the Avoidable Transfers, from the Defendants, for the benefit of the estate of the Debtor.

## FOURTH CLAIM FOR RELIEF

**(Action to Avoid Fraudulent Conveyance and Preserve Same for the Benefit of the Estate Pursuant to New York Debtor and Creditor Law Section 274 and Bankruptcy Code Sections 544, 550, and 551)**

40.     The Trustee repeats and realleges each and every allegation contained in paragraphs 1 through 26 above as if fully set forth at length.

41.     The Debtor did not receive fair consideration for the Avoidable Transfers.

8

42.    At the time the Debtor made the Avoidable Transfers, the Debtor was engaged or about to engage in a business or transaction for which the property remaining in its hands after the Avoidable Transfers was an unreasonably small capital.

43.    The Avoidable Transfers constituted a fraudulent conveyance in violation of New York Debtor and Creditor Law § 274.

44.    By reason of the foregoing, pursuant to New York Debtor and Creditor Law § 274 and 11 U.S.C. §§ 544(b), 550 and 551, the Trustee is entitled to a judgment (a) avoiding and preserving the Avoidable Transfers, (b) directing that the Avoidable Transfers be set aside, and (c) recovering the 125th Street Property, which was the subject of the Avoidable Transfers, from the Defendants, for the benefit of the estate of the Debtor.

## FIFTH CLAIM FOR RELIEF

**(Action to Avoid Fraudulent Conveyance and Preserve Same for the Benefit of the Estate Pursuant to New York Debtor and Creditor Law Section 276 and Bankruptcy Code Sections 544, 550, and 551)**

45.    The Trustee repeats and realleges each and every allegation contained in paragraphs 1 through 26 above as if fully set forth at length.

46.    The Avoidable Transfers to the Defendants were made with the actual intent, to hinder, delay and/or defraud creditors of the Debtor.

47.    The Avoidable Transfers constituted a fraudulent conveyance in violation of New York Debtor and Creditor Law § 276.

48.    By reason of the foregoing, pursuant to New York Debtor and Creditor Law §§ 276 and 276-a, and 11 U.S.C. §§ 544(b), 550 and 551, the Trustee is entitled to a

9

judgment (a) avoiding and preserving the Avoidable Transfers, (b) directing that the Avoidable

Transfers be set aside, (c) recovering the 125th Street Property, which was the subject of the

Avoidable Transfers, from the Defendants, for the benefit of the estate of the Debtor, and

(d) recovering attorneys' fees from the Defendants.

## SIXTH CLAIM FOR RELIEF

**(Action to Avoid Fraudulent Conveyance and Preserve Same for the Benefit of the Estate
Pursuant to New York Debtor and Creditor Law Section 275 and Bankruptcy Code
Sections 544, 550, and 551)**

49.    The Trustee repeats and realleges each and every allegation contained in

paragraphs 1 through 26 above as if fully set forth at length.

50.    The Debtor did not receive fair consideration for the Avoidable Transfers.

51.    At the time of the Avoidable Transfers, the Debtor incurred, was intending

to incur, or believed that it would incur debts beyond its ability to pay them as they mature.

52.    The Avoidable Transfers constituted a fraudulent conveyance in violation

of New York Debtor and Creditor Law § 275.

53.    By reason of the foregoing, pursuant to New York Debtor and Creditor

Law § 275 and 11 U.S.C. §§ 544(b), 550 and 551, the Trustee is entitled to a judgment (a)

avoiding and preserving the Avoidable Transfers, (b) directing that the Avoidable Transfers be

set aside, and (c) recovering the 125th Street Property, which was the subject of the Avoidable

Transfers, from the Defendants, for the benefit of the estate of the Debtor.

## SEVENTH CLAIM FOR RELIEF

**(Action for Turnover and Accounting Pursuant to Bankruptcy Code Section 542 and for Injunctive Relief )**

54.    The Trustee repeats and realleges each and every allegation contained in paragraphs 1 through 53 above as if fully set forth at length.

55.    The Defendants are in possession and control of the 125th Street Property.

56.    The Defendants, by virtue of their current positions, have encumbered, and/or are able to encumber, and/or cause liens and/or other charges and/or matters to be asserted against the 125th Street Property to the detriment of the Plaintiff and the estate of the Debtor.

57.    By virtue of their current positions, the Defendants are able to cause further transfers of interests in the 125th Street Property to third parties, to the detriment of the Plaintiff and the estate of the Debtor.

58.    The Defendants have improperly caused the Proceeds with respect to the Premises to be paid to and/or retained by, or for the benefit, of the Defendants, rather than to the Plaintiff for the benefit of the estate of the Debtor.

59.    Plaintiff intends to seek Court approval to sell the 125th Street Property pursuant to Bankruptcy Code Section 363.

60.    The Defendants, by virtue of their current positions, have in the past taken, and/or have the ability to take, actions that will hinder, interfere with, prevent or prejudice the Plaintiff in his efforts to effectuate a sale of the 125th Street Property, which actions are to the detriment of the estate of the Debtor.

11

61.    Plaintiff has no adequate remedy at law.

62.    By virtue of the foregoing, Plaintiff is entitled to a preliminary and permanent injunction (i) preventing the Defendants from (a) transferring the 125th Street Property or any interest therein to any third parties; (b) encumbering and/or causing liens and/or other charges and/or other matters to be asserted against the 125th Street Property; and/or (c) hindering, interfering with, preventing or prejudicing the Plaintiff in his efforts to effectuate a prompt sale of the 125th Street Property pursuant to Bankruptcy Code Section 363; and (ii) directing the Defendants to turnover possession, operation, management and control of the 125th Street Property to the Plaintiff, including all documents pertaining thereto, pursuant to, inter alia, Section 542 of the Bankruptcy Code.

63.    By virtue of the foregoing, pursuant to, inter alia, Section 542 of the Bankruptcy Code, Plaintiff is also entitled to an order and/or judgment directing that Defendants account to Plaintiff for the Proceeds with respect to the Premises since the date of the Avoidable Transfers and to pay over all such monies to the Plaintiff for the benefit of the estate of the Debtor.

**WHEREFORE**, the Trustee respectfully requests that the Court enter judgment in favor of the Plaintiff and against the Defendants as follows:

i.    on the Trustee's First Claim for Relief pursuant to Bankruptcy Code §§ 548(a)(1)(A), 550(a) and 551: (a) avoiding and preserving the Avoidable Transfers, (b) directing that the Avoidable Transfers be set aside, and (c) recovering the 125th Street Property, which was the subject of the Avoidable Transfers, from the Defendants, for the benefit of the estate of the Debtor;

12

ii.    on the Trustee's Second Claim for Relief pursuant to Bankruptcy Code

§§ 548(a)(1)(B), 550(a) and 551: (a) avoiding and preserving the Avoidable Transfers,

(b) directing that the Avoidable Transfers be set aside, and (c) recovering the 125th Street

Property, which was the subject of the Avoidable Transfers, from the Defendants, for the benefit

of the estate of the Debtor;

iii.    on the Trustee's Third Claim for Relief pursuant to New York Debtor and

Creditor Law § 273 and 11 U.S.C. §§ 544(b), 550 and 551: (a) avoiding and preserving the

Avoidable Transfers, (b) directing that the Avoidable Transfers be set aside, and (c) recovering

the 125th Street Property, which was the subject of the Avoidable Transfers, from the

Defendants, for the benefit of the estate of the Debtor;

iv.    on the Trustee's Fourth Claim for Relief pursuant to New York Debtor and

Creditor Law § 274 and 11 U.S.C. §§ 544(b), 550 and 551: (a) avoiding and preserving the

Avoidable Transfers, (b) directing that the Avoidable Transfers be set aside, and (c) recovering

the 125th Street Property, which was the subject of the Avoidable Transfers, from the

Defendants, for the benefit of the estate of the Debtor;

v.    on the Trustee's Fifth Claim for Relief pursuant to New York Debtor &

Creditor Law §§ 276 and 276-a, and 11 U.S.C. §§ 544(b), 550 and 551: (a) avoiding and

preserving the Avoidable Transfers, (b) directing that the Avoidable Transfers be set aside; (c)

recovering the 125th Street Property, which was the subject of the Avoidable Transfers, from the

Defendants, for the benefit of the estate of the Debtor; and (d) recovering attorneys' fees from the

Defendants;

13

vi.    on the Trustee's Sixth Claim for Relief pursuant to New York Debtor and Creditor Law § 275 and 11 U.S.C. §§ 544(b), 550 and 551: (a) avoiding and preserving the Avoidable Transfers, (b) directing that the Avoidable Transfers be set aside, and (c) recovering the 125th Street Property, which was the subject of the Avoidable Transfers, from the Defendants, for the benefit of the estate of the Debtor;

vii.    on the Trustee's Seventh Claim for Relief: (A) granting a preliminary and permanent injunction (i) preventing the Defendants from (a) transferring the 125th Street Property or any interest therein to any third parties; (b) encumbering and/or causing liens and/or other charges and/or other matters to be asserted against the 125th Street Property; and/or (c) hindering, interfering with, preventing or prejudicing the Plaintiff in his efforts to effectuate a prompt sale of the 125th Street Property pursuant to Bankruptcy Code Section 363; and (ii) directing the Defendants to turnover possession, operation, management and control of the 125th Street Property to the Plaintiff, including all documents pertaining thereto, pursuant to, inter alia, Section 542 of the Bankruptcy Code; and (B) directing that Defendants account to Plaintiff for the Proceeds with respect to the Premises since the date of the Avoidable Transfers and to pay over all such monies to the Plaintiff for the benefit of the estate of the Debtor pursuant to, inter alia, Section 542 of the Bankruptcy Code;

viii.    all of the foregoing together with all applicable interest, costs and disbursements and for such other, further and different relief as the Court deems just, proper and equitable.

14

Dated: New York, New York
     June 6, 2005

                    **LeBOEUF, LAMB, GREENE &**
                    **MacRAE, L.L.P.**

                    By:   /s/ John P. Campo
                         John P. Campo, Esq. (JC-5241)
                         Jeffrey S. Berkowitz (JB-4753)

                    125 West 55th Street
                    New York, NY  10019-5389
                    (212) 424-8000

                    Counsel to John S. Pereira, as Chapter 11
                    Trustee of 77 East 125th Street Realty LLC

15