# EXHIBIT E

LeBOEUF, LAMB, GREENE & MacRAE, L.L.P.
Counsel to John S. Pereira, Esq., as Chapter 11 Trustee
125 West 55th Street
New York, New York 10019-5389
(212) 424-8000
John P. Campo, Esq. (JC-5241)
Jeffrey S. Berkowitz (JB-4753)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | |
|---|---|
| In re | Chapter 11 |
| | Case No. 05-10987 (RDD) |
| MAYWOOD CAPITAL CORP., et al., | (Jointly Administered) |
| | Case Nos. 04-17047, 05-10944 to 05- |
| Debtors. | 10987, 05-11521 and 05-11523 (RDD) |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

JOHN S. PEREIRA, as Chapter 11 Trustee of
27 EAST 131ST STREET REALTY CORP.,

                                Plaintiff,                Adversary Proceeding No. 05-02093

      vs.

27 EAST 131ST ST. LLC, JAY IRGANG, MARK
IRGANG AND ORLI IRGANG,

                             Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## COMPLAINT

       Plaintiff, John S. Pereira, as Chapter 11 Trustee (the "Trustee" or "Plaintiff") of

Maywood Capital Corp., et al., (the "Debtors"), by and through his counsel, LeBoeuf, Lamb,

Greene & MacRae, L.L.P., as and for his Complaint against the above-captioned defendants, respectfully alleges as follows:

      1.     This is an action to avoid the fraudulent transfer of certain real property, for an accounting, for a turnover of the property, and other relief.

## PARTIES

      2.     27 East 131st Street Realty Corp. (sometimes referred to as "131st Street Realty Corp." or the "Debtor") is one of the Debtors in this jointly administered case, and is a corporation organized and existing under the laws of the State of New York.

      3.     The Trustee is the duly appointed Chapter 11 Trustee of 131st Street Realty Corp.'s estate pursuant to order entered March 24, 2005.

      4.     Upon information and belief, defendants Jay Irgang, Mark Irgang and Orli Irgang (collectively, the "Irgang Defendants") are each a natural person having an office at 60 East 42nd Street, Suite 447, New York, New York 10165.

      5.     Upon information and belief, defendant 27 East 131st St. LLC (the "Irgang LLC") is an entity wholly owned and/or controlled by the Irgang Defendants and a limited liability company organized under the laws of the State of New York having an office at 60 East 42nd Street, Suite 447, New York, New York 10165.

      6.     The Irgang Defendants and the Irgang LLC shall sometimes be referred to herein, collectively, as the "Defendants."

## JURISDICTION AND VENUE

7.      The jurisdiction of this Court is founded upon 28 U.S.C § 1334(b) and the "Standing Order of Referral of Cases to Bankruptcy Judges" of the United States District Court for the Southern District of New York, dated July 10, 1984 (Ward, Acting C.J.).

8.      This adversary proceeding is a core proceeding pursuant to Sections 157(a) and 157(b) of Title 28 of the United States Code because this adversary proceeding arises in or under the Chapter 11 case of the Debtors, including 131st Street Realty Corp., now pending in the United States Bankruptcy Court for the Southern District of New York.

9.      Venue of this proceeding in this Court is proper pursuant to Section 1409(a) of Title 28 of the United States Code because this action is one arising in or under a case under Title 11 of the United States Code.

10.     This adversary proceeding is commenced pursuant to sections 542, 544, 548, 550 and 551 of Title 11 of the United States Code, 11 U.S.C. section 101 *et seq.* (the "Bankruptcy Code"), Federal Rules of Bankruptcy Procedure 7001 and 7003 and New York Debtor and Creditor Law Sections 273, 274, 275, 276 and 276-a to avoid the transfer of certain property of 131st Street Realty Corp. to the Defendants and preserve said property for the benefit of the estate of 131st Street Realty Corp.

## BACKGROUND

11.     On February 19, 2005 (the "Petition Date"), 131st Street Realty Corp. filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York.

12. 131st Street Realty Corp. is one of the debtors in these jointly administered bankruptcy cases for whom the Plaintiff has been appointed Chapter 11 Trustee.

13. Joseph Greenblatt ("Greenblatt") is a principal of 131st Street Realty Corp. and the other jointly administered Debtors.

14. Greenblatt has been indicted and pled guilty to numerous criminal violations, including, but not limited to, grand larceny, criminal possession of a forged instrument, offering a false instrument and engaging in a scheme to defraud.

15. In addition, Cease and Desist Orders have been issued against Greenblatt with regard to securities law violations, which, upon information and belief, Greenblatt violated.

16. The Irgang Defendants have been engaged in business transactions with Greenblatt dating back to at least April, 2002, by which date Greenblatt's illegal activities had been well known.

17. In or about April 2004, the Irgang Defendants entered into a transaction in which they acquired, in the aggregate, a 50% ownership interest in the stock of 131st Street Realty Corp. That stock was purchased from Greenblatt, the sole shareholder and president of the Debtor (the "Stock Purchase").

18. In or about April 2004, defendants Mark Irgang, Jay Irgang and Orli Irgang became, respectively, the President, the Vice-President and the Treasurer of the Debtor, as well as members of its Board of Directors.

4

19.    Upon information and belief, at all relevant times the land and apartment building located at 2082 Madison Avenue, New York, New York (the "Premises"), together with all the rent, income, profits and other monies arising from, related to or concerning the Premises and/or the management and/or operations thereof (the "Proceeds") constituted substantially all of the assets of 131st Street Realty Corp. The Premises and the Proceeds shall be hereinafter referred to, collectively, as the "Madison Avenue Property."

20.    In or about May 2004, the Irgang Defendants caused 131st Street Realty Corp. to enter into a transaction and/or series of transactions with the Irgang Defendants and/or defendant Irgang LLC purportedly resulting in the transfer of a 50% interest in the Madison Avenue Property by the Debtor to the Irgang LLC.

21.    In or about July 2004, the Irgang Defendants caused 131st Street Realty Corp. to enter into a transaction and/or series of transactions with the Irgang Defendants and/or defendant Irgang LLC purportedly resulting in the transfer of the remaining 50% interest in the Madison Avenue Property by the Debtor to the Irgang LLC (the foregoing transfers referred to in this paragraph and the preceding paragraph shall be referred to, collectively, as the "Property Transfers").

22.    Upon information and belief, at the time of the Stock Purchase and the Property Transfers, the Defendants knew, or should have known, that, through the fraudulent activities of Greenblatt and his controlled entities, including Maywood Capital Corp., the Debtor was subject to multiple millions of dollars in unpaid claims.

23.    At the time of the Property Transfers, the Irgang Defendants were insiders of the Debtor.

5

24.     Upon information and belief, the Property Transfers (hereinafter, sometimes referred to as the "Avoidable Transfers") were effectuated at a time when the Debtor was insolvent or, in the alternative, the Debtor became insolvent as a result of the Avoidable Transfers.

25.     Upon information and belief, the Avoidable Transfers were made with the actual intent to hinder, delay and/or defraud the creditors of the Debtor.

26.     Upon information and belief, the Debtor received no equivalent value in exchange for the Property Transfers or, in the alternative, less than reasonably equivalent value in exchange for the Property Transfers.

## FIRST CLAIM FOR RELIEF

**(Action to Avoid Fraudulent Conveyance and Preserve Same for the Benefit of the Estate Pursuant to Bankruptcy Code Sections 548(a)(1)(A), 550, and 551)**

27.     The Trustee repeats and realleges each and every allegation contained in paragraphs 1 through 26 above as if fully set forth at length.

28.     The Avoidable Transfers were made within one year of the Petition Date.

29.     The Avoidable Transfers were made with the actual intent to hinder, delay and/or defraud the creditors of the Debtor.

30.     As a result of the foregoing, the Trustee is entitled to judgment pursuant to Bankruptcy Code §§ 548(a)(1)(A), 550(a) and 551 (a) avoiding and preserving the Avoidable Transfers, (b) directing that the Avoidable Transfers be set aside, and (c) recovering the Madison Avenue Property, which was the subject of the Avoidable Transfers, from the Defendants, for the benefit of the estate of the Debtor.

## SECOND CLAIM FOR RELIEF

**(Action to Avoid Fraudulent Conveyance and Preserve Same for the Benefit of the Estate Pursuant to Bankruptcy Code Sections 548(a)(1)(B), 550, and 551)**

31.     The Trustee repeats and realleges each and every allegation contained in paragraphs 1 through 26 above as if fully set forth at length.

32.     The Debtor (a) was insolvent on the dates the Avoidable Transfers were made or became insolvent as a result of the Avoidable Transfers, (b) was engaged in business or a transaction, or was about to engage in business or a transaction, for which the property remaining with the Debtor after the Avoidable Transfers were effectuated constituted unreasonably small capital or, alternatively, (c) at the time of the Avoidable Transfers, intended to incur, or believed that it would incur, debts that would be beyond the Debtor's ability to pay as they matured.

33.     The Debtor received no equivalent value in exchange for the Property Transfers or, in the alternative, less than reasonably equivalent value in exchange for the Property Transfers.

34.     As a result of the foregoing, the Trustee is entitled to judgment pursuant to Bankruptcy Code §§ 548(a)(1)(B), 550(a) and 551 (a) avoiding and preserving the Avoidable Transfers, (b) directing that the Avoidable Transfers be set aside, and (c) recovering the Madison Avenue Property, which was the subject of the Avoidable Transfers, from the Defendants, for the benefit of the estate of the Debtor.

## THIRD CLAIM FOR RELIEF

**(Action to Avoid Fraudulent Conveyance and Preserve Same for the Benefit of the Estate Pursuant to New York Debtor and Creditor Law Section 273 and Bankruptcy Code Sections 544, 550, and 551)**

35.     The Trustee repeats and realleges each and every allegation contained in paragraphs 1 through 26 above as if fully set forth at length.

36.     The Debtor did not receive fair consideration for the Avoidable Transfers.

37.     At the time of the Avoidable Transfers, the Debtor was insolvent or, in the alternative, the Debtor became insolvent as a result of the Avoidable Transfers.

38.     The Avoidable Transfers constituted a fraudulent conveyance in violation of New York Debtor and Creditor Law § 273.

39.     By reason of the foregoing, the Trustee is entitled to a judgment pursuant to New York Debtor and Creditor Law § 273 and 11 U.S.C. §§ 544(b), 550 and 551 (a) avoiding and preserving the Avoidable Transfers, (b) directing that the Avoidable Transfers be set aside, and (c) recovering the Madison Avenue Property, which was the subject of the Avoidable Transfers, from the Defendants, for the benefit of the estate of the Debtor.

## FOURTH CLAIM FOR RELIEF

**(Action to Avoid Fraudulent Conveyance and Preserve Same for the Benefit of the Estate Pursuant to New York Debtor and Creditor Law Section 274 and Bankruptcy Code Sections 544, 550, and 551)**

40.     The Trustee repeats and realleges each and every allegation contained in paragraphs 1 through 26 above as if fully set forth at length.

41.     The Debtor did not receive fair consideration for the Avoidable Transfers.

8

42.    At the time the Debtor made the Avoidable Transfers, the Debtor was engaged or about to engage in a business or transaction for which the property remaining in its hands after the Avoidable Transfers was an unreasonably small capital.

43.    The Avoidable Transfers constituted a fraudulent conveyance in violation of New York Debtor and Creditor Law § 274.

44.    By reason of the foregoing, pursuant to New York Debtor and Creditor Law § 274 and 11 U.S.C. §§ 544(b), 550 and 551, the Trustee is entitled to a judgment (a) avoiding and preserving the Avoidable Transfers, (b) directing that the Avoidable Transfers be set aside, and (c) recovering the Madison Avenue Property, which was the subject of the Avoidable Transfers, from the Defendants, for the benefit of the estate of the Debtor.

## FIFTH CLAIM FOR RELIEF

**(Action to Avoid Fraudulent Conveyance and Preserve Same for the Benefit of the Estate Pursuant to New York Debtor and Creditor Law Section 276 and Bankruptcy Code Sections 544, 550, and 551)**

45.    The Trustee repeats and realleges each and every allegation contained in paragraphs 1 through 26 above as if fully set forth at length.

46.    The Avoidable Transfers to the Defendants were made with the actual intent, to hinder, delay and/or defraud creditors of the Debtor.

47.    The Avoidable Transfers constituted a fraudulent conveyance in violation of New York Debtor and Creditor Law § 276.

48.    By reason of the foregoing, pursuant to New York Debtor and Creditor Law §§ 276 and 276-a, and 11 U.S.C. §§ 544(b), 550 and 551, the Trustee is entitled to a

9

judgment (a) avoiding and preserving the Avoidable Transfers, (b) directing that the Avoidable

Transfers be set aside, (c) recovering the Madison Avenue Property, which was the subject of the

Avoidable Transfers, from the Defendants, for the benefit of the estate of the Debtor, and

(d) recovering attorneys' fees from the Defendants.

## SIXTH CLAIM FOR RELIEF

### (Action to Avoid Fraudulent Conveyance and Preserve Same for the Benefit of the Estate Pursuant to New York Debtor and Creditor Law Section 275 and Bankruptcy Code Sections 544, 550, and 551)

49.     The Trustee repeats and realleges each and every allegation contained in

paragraphs 1 through 26 above as if fully set forth at length.

50.     The Debtor did not receive fair consideration for the Avoidable Transfers.

51.     At the time of the Avoidable Transfers, the Debtor incurred, was intending

to incur, or believed that it would incur debts beyond its ability to pay them as they mature.

52.     The Avoidable Transfers constituted a fraudulent conveyance in violation

of New York Debtor and Creditor Law § 275.

53.     By reason of the foregoing, pursuant to New York Debtor and Creditor

Law § 275 and 11 U.S.C. §§ 544(b), 550 and 551, the Trustee is entitled to a judgment (a)

avoiding and preserving the Avoidable Transfers, (b) directing that the Avoidable Transfers be

set aside, and (c) recovering the Madison Avenue Property, which was the subject of the

Avoidable Transfers, from the Defendants, for the benefit of the estate of the Debtor.

10

## SEVENTH CLAIM FOR RELIEF

**(Action for Turnover and Accounting Pursuant to Bankruptcy Code Section 542 and for Injunctive Relief)**

54.    The Trustee repeats and realleges each and every allegation contained in paragraphs 1 through 53 above as if fully set forth at length.

55.    The Defendants are in possession and control of the Madison Avenue Property.

56.    The Defendants, by virtue of their current positions, have encumbered, and/or are able to encumber, and/or cause liens and/or other charges and/or matters to be asserted against the Madison Avenue Property to the detriment of the Plaintiff and the estate of the Debtor.

57.    By virtue of their current positions, the Defendants are able to cause further transfers of interests in the Madison Avenue Property to third parties, to the detriment of the Plaintiff and the estate of the Debtor.

58.    The Defendants have improperly caused the Proceeds with respect to the Premises to be paid to and/or retained by, or for the benefit, of the Defendants, rather than to the Plaintiff for the benefit of the estate of the Debtor.

59.    Plaintiff intends to seek Court approval to sell the Madison Avenue Property pursuant to Bankruptcy Code Section 363.

60.    The Defendants, by virtue of their current positions, have in the past taken, and/or have the ability to take, actions that will hinder, interfere with, prevent or prejudice the

11

Plaintiff in his efforts to effectuate a sale of the Madison Avenue Property, which actions are to the detriment of the estate of the Debtor.

61.    Plaintiff has no adequate remedy at law.

62.    By virtue of the foregoing, Plaintiff is entitled to a preliminary and permanent injunction (i) preventing the Defendants from (a) transferring the Madison Avenue Property or any interest therein to any third parties; (b) encumbering and/or causing liens and/or other charges and/or other matters to be asserted against the Madison Avenue Property; and/or (c) hindering, interfering with, preventing or prejudicing the Plaintiff in his efforts to effectuate a prompt sale of the Madison Avenue Property pursuant to Bankruptcy Code Section 363; and (ii) directing the Defendants to turnover possession, operation, management and control of the Madison Avenue Property to the Plaintiff, including all documents pertaining thereto, pursuant to, inter alia, Section 542 of the Bankruptcy Code.

63.    By virtue of the foregoing, pursuant to, inter alia, Section 542 of the Bankruptcy Code, Plaintiff is also entitled to an order and/or judgment directing that Defendants account to Plaintiff for the Proceeds with respect to the Premises since the date of the Avoidable Transfers and to pay over all such monies to the Plaintiff for the benefit of the estate of the Debtor.

**WHEREFORE,** the Trustee respectfully requests that the Court enter judgment in favor of the Plaintiff and against the Defendants as follows:

i.    on the Trustee's First Claim for Relief pursuant to Bankruptcy Code §§ 548(a)(1)(A), 550(a) and 551: (a) avoiding and preserving the Avoidable Transfers,

(b) directing that the Avoidable Transfers be set aside,  and (c) recovering the Madison Avenue Property, which was the subject of the Avoidable Transfers, from the Defendants, for the benefit of the estate of the Debtor;

      ii.    on the Trustee's Second Claim for Relief pursuant to Bankruptcy Code §§ 548(a)(1)(B), 550(a) and 551: (a) avoiding and preserving the Avoidable Transfers, (b) directing that the Avoidable Transfers be set aside, and (c) recovering the Madison Avenue Property, which was the subject of the Avoidable Transfers, from the Defendants, for the benefit of the estate of the Debtor;

      iii.    on the Trustee's Third Claim for Relief pursuant to New York Debtor and Creditor Law § 273 and 11 U.S.C. §§ 544(b), 550 and 551: (a) avoiding and preserving the Avoidable Transfers, (b) directing that the Avoidable Transfers be set aside, and (c) recovering the Madison Avenue Property, which was the subject of the Avoidable Transfers, from the Defendants, for the benefit of the estate of the Debtor;

      iv.    on the Trustee's Fourth Claim for Relief pursuant to New York Debtor and Creditor Law § 274 and 11 U.S.C. §§ 544(b), 550 and 551: (a) avoiding and preserving the Avoidable Transfers, (b) directing that the Avoidable Transfers be set aside, and (c) recovering the Madison Avenue Property, which was the subject of the Avoidable Transfers, from the Defendants, for the benefit of the estate of the Debtor;

      v.    on the Trustee's Fifth Claim for Relief pursuant to New York Debtor & Creditor Law §§ 276 and 276-a, and 11 U.S.C. §§ 544(b), 550 and 551: (a) avoiding and preserving the Avoidable Transfers, (b) directing that the Avoidable Transfers be set aside; (c) recovering the Madison Avenue Property, which was the subject of the Avoidable Transfers,

13

from the Defendants, for the benefit of the estate of the Debtor; and (d) recovering attorneys' fees from the Defendants;

      vi.    on the Trustee's Sixth Claim for Relief pursuant to New York Debtor and Creditor Law § 275 and 11 U.S.C. §§ 544(b), 550 and 551: (a) avoiding and preserving the Avoidable Transfers, (b) directing that the Avoidable Transfers be set aside, and (c) recovering the Madison Avenue Property, which was the subject of the Avoidable Transfers, from the Defendants, for the benefit of the estate of the Debtor;

      vii.    on the Trustee's Seventh Claim for Relief: (A) granting a preliminary and permanent injunction (i) preventing the Defendants from (a) transferring the Madison Avenue Property or any interest therein to any third parties; (b) encumbering and/or causing liens and/or other charges and/or other matters to be asserted against the Madison Avenue Property; and/or (c) hindering, interfering with, preventing or prejudicing the Plaintiff in his efforts to effectuate a prompt sale of the Madison Avenue Property pursuant to Bankruptcy Code Section 363; and (ii) directing the Defendants to turnover possession, operation, management and control of the Madison Avenue Property to the Plaintiff, including all documents pertaining thereto, pursuant to, inter alia, Section 542 of the Bankruptcy Code; and (B) directing that Defendants account to Plaintiff for the Proceeds with respect to the Premises since the date of the Avoidable Transfers and to pay over all such monies to the Plaintiff for the benefit of the estate of the Debtor pursuant to, inter alia, Section 542 of the Bankruptcy Code;

      viii.    all of the foregoing together with all applicable interest, costs and disbursements and for such other, further and different relief as the Court deems just, proper and equitable.

14

Dated: New York, New York
     June 6, 2005

                          **LeBOEUF, LAMB, GREENE &**
                          **MacRAE, L.L.P.**

                    By:    /s/ John P. Campo
                             John P. Campo, Esq. (JC-5241)
                             Jeffrey S. Berkowitz (JB-4753)

                    125 West 55th Street
                    New York, NY  10019-5389
                    (212) 424-8000

                    Counsel to John S. Pereira, as Chapter 11
                    Trustee of 27 East 131st Street Realty Corp.

NYB609717.1

EXHIBIT F

LeBOEUF, LAMB, GREENE & MacRAE, L.L.P.
Counsel to John S. Pereira, Esq., as Chapter 11 Trustee
125 West 55th Street
New York, New York 10019-5389
(212) 424-8000
John P. Campo, Esq. (JC-5241)
Jeffrey S. Berkowitz (JB-4753)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

|  |  |
|---|---|
| In re | Chapter 11 |
|  | Case No. 05-10987 (RDD) |
| MAYWOOD CAPITAL CORP., et al., | |
|  | (Jointly Administered) |
| Debtors. | Case Nos. 04-17047, 05-10944 to 05-10987, 05-11521 and 05-11523 (RDD) |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

JOHN S. PEREIRA, as Chapter 11 Trustee of 917
EAGLE AVENUE REALTY CORP.,

                  Plaintiff,

Adversary Proceeding No. 05-02094

   vs.

917 EAGLE AVENUE LLC, JAY IRGANG,
MARK IRGANG AND ORLI IRGANG,

                  Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## COMPLAINT

Plaintiff, John S. Pereira, as Chapter 11 Trustee (the "Trustee" or "Plaintiff") of

Maywood Capital Corp., et al., (the "Debtors"), by and through his counsel, LeBoeuf, Lamb,

Greene & MacRae, L.L.P., as and for his Complaint against the above-captioned defendants, respectfully alleges as follows:

1.    This is an action to avoid the fraudulent transfer of certain real property, for an accounting, for a turnover of the property, and other relief.

## PARTIES

2.    917 Eagle Avenue Realty Corp. (sometimes referred to as "Eagle Avenue Realty Corp." or the "Debtor") is one of the Debtors in this jointly administered case, and is a corporation organized and existing under the laws of the State of New York.

3.    The Trustee is the duly appointed Chapter 11 Trustee of Eagle Avenue Realty Corp.'s estate pursuant to order entered March 24, 2005.

4.    Upon information and belief, defendants Jay Irgang, Mark Irgang and Orli Irgang (collectively, the "Irgang Defendants") are each a natural person having an office at 60 East 42nd Street, Suite 447, New York, New York 10165.

5.    Upon information and belief, defendant 917 Eagle Avenue LLC (the "Irgang LLC") is an entity wholly owned and/or controlled by the Irgang Defendants and a limited liability company organized under the laws of the State of New York having an office at 60 East 42nd Street, Suite 447, New York, New York 10165.

6.    The Irgang Defendants and the Irgang LLC shall sometimes be referred to herein, collectively, as the "Defendants."

2

## JURISDICTION AND VENUE

7.    The jurisdiction of this Court is founded upon 28 U.S.C § 1334(b) and the "Standing Order of Referral of Cases to Bankruptcy Judges" of the United States District Court for the Southern District of New York, dated July 10, 1984 (Ward, Acting C.J.).

8.    This adversary proceeding is a core proceeding pursuant to Sections 157(a) and 157(b) of Title 28 of the United States Code because this adversary proceeding arises in or under the Chapter 11 case of the Debtors, including Eagle Avenue Realty Corp., now pending in the United States Bankruptcy Court for the Southern District of New York.

9.    Venue of this proceeding in this Court is proper pursuant to Section 1409(a) of Title 28 of the United States Code because this action is one arising in or under a case under Title 11 of the United States Code.

10.    This adversary proceeding is commenced pursuant to sections 542, 544, 548, 550 and 551 of Title 11 of the United States Code, 11 U.S.C. section 101 *et seq.* (the "Bankruptcy Code"), Federal Rules of Bankruptcy Procedure 7001 and 7003 and New York Debtor and Creditor Law Sections 273, 274, 275, 276 and 276-a to avoid the transfer of certain property of Eagle Avenue Realty Corp. to the Defendants and preserve said property for the benefit of the estate of Eagle Avenue Realty Corp.

## BACKGROUND

11.    On February 19, 2005 (the "Petition Date"), Eagle Avenue Realty Corp. filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York.

3

12.     Eagle Avenue Realty Corp. is one of the debtors in these jointly administered bankruptcy cases for whom the Plaintiff has been appointed Chapter 11 Trustee.

13.     Joseph Greenblatt ("Greenblatt") is a principal of Eagle Avenue Realty Corp. and the other jointly administered Debtors.

14.     Greenblatt has been indicted and pled guilty to numerous criminal violations, including, but not limited to, grand larceny, criminal possession of a forged instrument, offering a false instrument and engaging in a scheme to defraud.

15.     In addition, Cease and Desist Orders have been issued against Greenblatt with regard to securities law violations, which, upon information and belief, Greenblatt violated.

16.     The Irgang Defendants have been engaged in business transactions with Greenblatt dating back to at least April, 2002, by which date Greenblatt's illegal activities had been well known.

17.     In or about April 2004, the Irgang Defendants entered into a transaction in which they acquired, in the aggregate, a 50% ownership interest in the stock of Eagle Avenue Realty Corp.  That stock was purchased from Greenblatt, the sole shareholder and president of the Debtor (the "Stock Purchase").

18.     In or about April 2004, defendants Mark Irgang, Jay Irgang and Orli Irgang became, respectively, the President, the Vice-President and the Treasurer of the Debtor, as well as members of its Board of Directors.

4

19.    Upon information and belief, at all relevant times the land and apartment building located at 917 Eagle Avenue, Bronx, New York (the "Premises"), together with all the rent, income, profits and other monies arising from, related to or concerning the Premises and/or the management and/or operations thereof (the "Proceeds") constituted substantially all of the assets of Eagle Avenue Realty Corp.  The Premises and the Proceeds shall be hereinafter referred to, collectively, as the "Eagle Avenue Property."

20.    In or about May 2004, the Irgang Defendants caused Eagle Avenue Realty Corp. to enter into a transaction and/or series of transactions with the Irgang Defendants and/or defendant Irgang LLC purportedly resulting in the transfer of a 50% interest in the Eagle Avenue Property by the Debtor to the Irgang LLC.

21.    In or about July 2004, the Irgang Defendants caused Eagle Avenue Realty Corp. to enter into a transaction and/or series of transactions with the Irgang Defendants and/or defendant Irgang LLC purportedly resulting in the transfer of the remaining 50% interest in the Eagle Avenue Property by the Debtor to the Irgang LLC (the foregoing transfers referred to in this paragraph and the preceding paragraph shall be referred to, collectively, as the "Property Transfers").

22.    Upon information and belief, at the time of the Stock Purchase and the Property Transfers, the Defendants knew, or should have known, that, through the fraudulent activities of Greenblatt and his controlled entities, including Maywood Capital Corp., the Debtor was subject to multiple millions of dollars in unpaid claims.

23.    At the time of the Property Transfers, the Irgang Defendants were insiders of the Debtor.

24.    Upon information and belief, the Property Transfers (hereinafter, sometimes referred to as the "Avoidable Transfers") were effectuated at a time when the Debtor was insolvent or, in the alternative, the Debtor became insolvent as a result of the Avoidable Transfers.

25.    Upon information and belief, the Avoidable Transfers were made with the actual intent to hinder, delay and/or defraud the creditors of the Debtor.

26.    Upon information and belief, the Debtor received no equivalent value in exchange for the Property Transfers or, in the alternative, less than reasonably equivalent value in exchange for the Property Transfers.

## FIRST CLAIM FOR RELIEF

### (Action to Avoid Fraudulent Conveyance and Preserve Same for the Benefit of the Estate Pursuant to Bankruptcy Code Sections 548(a)(1)(A), 550, and 551)

27.    The Trustee repeats and realleges each and every allegation contained in paragraphs 1 through 26 above as if fully set forth at length.

28.    The Avoidable Transfers were made within one year of the Petition Date.

29.    The Avoidable Transfers were made with the actual intent to hinder, delay and/or defraud the creditors of the Debtor.

30.    As a result of the foregoing, the Trustee is entitled to judgment pursuant to Bankruptcy Code §§ 548(a)(1)(A), 550(a) and 551 (a) avoiding and preserving the Avoidable Transfers, (b) directing that the Avoidable Transfers be set aside, and (c) recovering the Eagle Avenue Property, which was the subject of the Avoidable Transfers, from the Defendants, for the benefit of the estate of the Debtor.

6

## SECOND CLAIM FOR RELIEF

**(Action to Avoid Fraudulent Conveyance and Preserve Same for the Benefit of the Estate Pursuant to Bankruptcy Code Sections 548(a)(1)(B), 550, and 551)**

31.    The Trustee repeats and realleges each and every allegation contained in paragraphs 1 through 26 above as if fully set forth at length.

32.    The Debtor (a) was insolvent on the dates the Avoidable Transfers were made or became insolvent as a result of the Avoidable Transfers, (b) was engaged in business or a transaction, or was about to engage in business or a transaction, for which the property remaining with the Debtor after the Avoidable Transfers were effectuated constituted unreasonably small capital or, alternatively, (c) at the time of the Avoidable Transfers, intended to incur, or believed that it would incur, debts that would be beyond the Debtor's ability to pay as they matured.

33.    The Debtor received no equivalent value in exchange for the Property Transfers or, in the alternative, less than reasonably equivalent value in exchange for the Property Transfers.

34.    As a result of the foregoing, the Trustee is entitled to judgment pursuant to Bankruptcy Code §§ 548(a)(1)(B), 550(a) and 551 (a) avoiding and preserving the Avoidable Transfers, (b) directing that the Avoidable Transfers be set aside, and (c) recovering the Eagle Avenue Property, which was the subject of the Avoidable Transfers, from the Defendants, for the benefit of the estate of the Debtor.

7

## THIRD CLAIM FOR RELIEF

**(Action to Avoid Fraudulent Conveyance and Preserve Same for the Benefit of the Estate Pursuant to New York Debtor and Creditor Law Section 273 and Bankruptcy Code Sections 544, 550, and 551)**

35.    The Trustee repeats and realleges each and every allegation contained in paragraphs 1 through 26 above as if fully set forth at length.

36.    The Debtor did not receive fair consideration for the Avoidable Transfers.

37.    At the time of the Avoidable Transfers, the Debtor was insolvent or, in the alternative, the Debtor became insolvent as a result of the Avoidable Transfers.

38.    The Avoidable Transfers constituted a fraudulent conveyance in violation of New York Debtor and Creditor Law § 273.

39.    By reason of the foregoing, the Trustee is entitled to a judgment pursuant to New York Debtor and Creditor Law § 273 and 11 U.S.C. §§ 544(b), 550 and 551 (a) avoiding and preserving the Avoidable Transfers, (b) directing that the Avoidable Transfers be set aside, and (c) recovering the Eagle Avenue Property, which was the subject of the Avoidable Transfers, from the Defendants, for the benefit of the estate of the Debtor.

## FOURTH CLAIM FOR RELIEF

**(Action to Avoid Fraudulent Conveyance and Preserve Same for the Benefit of the Estate Pursuant to New York Debtor and Creditor Law Section 274 and Bankruptcy Code Sections 544, 550, and 551)**

40.    The Trustee repeats and realleges each and every allegation contained in paragraphs 1 through 26 above as if fully set forth at length.

41.    The Debtor did not receive fair consideration for the Avoidable Transfers.

8

42.     At the time the Debtor made the Avoidable Transfers, the Debtor was engaged or about to engage in a business or transaction for which the property remaining in its hands after the Avoidable Transfers was an unreasonably small capital.

43.     The Avoidable Transfers constituted a fraudulent conveyance in violation of New York Debtor and Creditor Law § 274.

44.     By reason of the foregoing, pursuant to New York Debtor and Creditor Law § 274 and 11 U.S.C. §§ 544(b), 550 and 551, the Trustee is entitled to a judgment (a) avoiding and preserving the Avoidable Transfers, (b) directing that the Avoidable Transfers be set aside, and (c) recovering the Eagle Avenue Property, which was the subject of the Avoidable Transfers, from the Defendants, for the benefit of the estate of the Debtor.

## FIFTH CLAIM FOR RELIEF

**(Action to Avoid Fraudulent Conveyance and Preserve Same for the Benefit of the Estate Pursuant to New York Debtor and Creditor Law Section 276 and Bankruptcy Code Sections 544, 550, and 551)**

45.     The Trustee repeats and realleges each and every allegation contained in paragraphs 1 through 26 above as if fully set forth at length.

46.     The Avoidable Transfers to the Defendants were made with the actual intent, to hinder, delay and/or defraud creditors of the Debtor.

47.     The Avoidable Transfers constituted a fraudulent conveyance in violation of New York Debtor and Creditor Law § 276.

48.     By reason of the foregoing, pursuant to New York Debtor and Creditor Law §§ 276 and 276-a, and 11 U.S.C. §§ 544(b), 550 and 551, the Trustee is entitled to a

9

judgment (a) avoiding and preserving the Avoidable Transfers, (b) directing that the Avoidable

Transfers be set aside, (c) recovering the Eagle Avenue Property, which was the subject of the

Avoidable Transfers, from the Defendants, for the benefit of the estate of the Debtor, and

(d) recovering attorneys' fees from the Defendants.

## SIXTH CLAIM FOR RELIEF

**(Action to Avoid Fraudulent Conveyance and Preserve Same for the Benefit of the Estate
Pursuant to New York Debtor and Creditor Law Section 275 and Bankruptcy Code
Sections 544, 550, and 551)**

49.     The Trustee repeats and realleges each and every allegation contained in

paragraphs 1 through 26 above as if fully set forth at length.

50.     The Debtor did not receive fair consideration for the Avoidable Transfers.

51.     At the time of the Avoidable Transfers, the Debtor incurred, was intending

to incur, or believed that it would incur debts beyond its ability to pay them as they mature.

52.     The Avoidable Transfers constituted a fraudulent conveyance in violation

of New York Debtor and Creditor Law § 275.

53.     By reason of the foregoing, pursuant to New York Debtor and Creditor

Law § 275 and 11 U.S.C. §§ 544(b), 550 and 551, the Trustee is entitled to a judgment (a)

avoiding and preserving the Avoidable Transfers, (b) directing that the Avoidable Transfers be

set aside, and (c) recovering the Eagle Avenue Property, which was the subject of the Avoidable

Transfers, from the Defendants, for the benefit of the estate of the Debtor.

## SEVENTH CLAIM FOR RELIEF

**(Action for Turnover and Accounting Pursuant to Bankruptcy Code Section 542 and for Injunctive Relief)**

54.     The Trustee repeats and realleges each and every allegation contained in paragraphs 1 through 53 above as if fully set forth at length.

55.     The Defendants are in possession and control of the Eagle Avenue Property.

56.     The Defendants, by virtue of their current positions, have encumbered, and/or are able to encumber, and/or cause liens and/or other charges and/or matters to be asserted against the Eagle Avenue Property to the detriment of the Plaintiff and the estate of the Debtor.

57.     By virtue of their current positions, the Defendants are able to cause further transfers of interests in the Eagle Avenue Property to third parties, to the detriment of the Plaintiff and the estate of the Debtor.

58.     The Defendants have improperly caused the Proceeds with respect to the Premises to be paid to and/or retained by, or for the benefit, of the Defendants, rather than to the Plaintiff for the benefit of the estate of the Debtor.

59.     Plaintiff intends to seek Court approval to sell the Eagle Avenue Property pursuant to Bankruptcy Code Section 363.

60.     The Defendants, by virtue of their current positions, have in the past taken, and/or have the ability to take, actions that will hinder, interfere with, prevent or prejudice the Plaintiff in his efforts to effectuate a sale of the Eagle Avenue Property, which actions are to the detriment of the estate of the Debtor.

11

61.    Plaintiff has no adequate remedy at law.

62.    By virtue of the foregoing, Plaintiff is entitled to a preliminary and permanent injunction (i) preventing the Defendants from (a) transferring the Eagle Avenue Property or any interest therein to any third parties; (b) encumbering and/or causing liens and/or other charges and/or other matters to be asserted against the Eagle Avenue Property; and/or (c) hindering, interfering with, preventing or prejudicing the Plaintiff in his efforts to effectuate a prompt sale of the Eagle Avenue Property pursuant to Bankruptcy Code Section 363; and (ii) directing the Defendants to turnover possession, operation, management and control of the Eagle Avenue Property to the Plaintiff, including all documents pertaining thereto, pursuant to, inter alia, Section 542 of the Bankruptcy Code.

63.    By virtue of the foregoing, pursuant to, inter alia, Section 542 of the Bankruptcy Code, Plaintiff is also entitled to an order and/or judgment directing that Defendants account to Plaintiff for the Proceeds with respect to the Premises since the date of the Avoidable Transfers and to pay over all such monies to the Plaintiff for the benefit of the estate of the Debtor.

WHEREFORE, the Trustee respectfully requests that the Court enter judgment in favor of the Plaintiff and against the Defendants as follows:

i.    on the Trustee's First Claim for Relief pursuant to Bankruptcy Code §§ 548(a)(1)(A), 550(a) and 551: (a) avoiding and preserving the Avoidable Transfers, (b) directing that the Avoidable Transfers be set aside, and (c) recovering the Eagle Avenue Property, which was the subject of the Avoidable Transfers, from the Defendants, for the benefit of the estate of the Debtor;

12

ii.     on the Trustee's Second Claim for Relief pursuant to Bankruptcy Code §§ 548(a)(1)(B), 550(a) and 551: (a) avoiding and preserving the Avoidable Transfers, (b) directing that the Avoidable Transfers be set aside, and (c) recovering the Eagle Avenue Property, which was the subject of the Avoidable Transfers, from the Defendants, for the benefit of the estate of the Debtor;

iii.     on the Trustee's Third Claim for Relief pursuant to New York Debtor and Creditor Law § 273 and 11 U.S.C. §§ 544(b), 550 and 551: (a) avoiding and preserving the Avoidable Transfers, (b) directing that the Avoidable Transfers be set aside, and (c) recovering the Eagle Avenue Property, which was the subject of the Avoidable Transfers, from the Defendants, for the benefit of the estate of the Debtor;

iv.     on the Trustee's Fourth Claim for Relief pursuant to New York Debtor and Creditor Law § 274 and 11 U.S.C. §§ 544(b), 550 and 551: (a) avoiding and preserving the Avoidable Transfers, (b) directing that the Avoidable Transfers be set aside, and (c) recovering the Eagle Avenue Property, which was the subject of the Avoidable Transfers, from the Defendants, for the benefit of the estate of the Debtor;

v.     on the Trustee's Fifth Claim for Relief pursuant to New York Debtor & Creditor Law §§ 276 and 276-a, and 11 U.S.C. §§ 544(b), 550 and 551: (a) avoiding and preserving the Avoidable Transfers, (b) directing that the Avoidable Transfers be set aside; (c) recovering the Eagle Avenue Property, which was the subject of the Avoidable Transfers, from the Defendants, for the benefit of the estate of the Debtor; and (d) recovering attorneys' fees from the Defendants;

13

vi.    on the Trustee's Sixth Claim for Relief pursuant to New York Debtor and Creditor Law § 275 and 11 U.S.C. §§ 544(b), 550 and 551: (a) avoiding and preserving the Avoidable Transfers, (b) directing that the Avoidable Transfers be set aside, and (c) recovering the Eagle Avenue Property, which was the subject of the Avoidable Transfers, from the Defendants, for the benefit of the estate of the Debtor;

vii.    on the Trustee's Seventh Claim for Relief: (A) granting a preliminary and permanent injunction (i) preventing the Defendants from (a) transferring the Eagle Avenue Property or any interest therein to any third parties; (b) encumbering and/or causing liens and/or other charges and/or other matters to be asserted against the Eagle Avenue Property; and/or (c) hindering, interfering with, preventing or prejudicing the Plaintiff in his efforts to effectuate a prompt sale of the Eagle Avenue Property pursuant to Bankruptcy Code Section 363; and (ii) directing the Defendants to turnover possession, operation, management and control of the Eagle Avenue Property to the Plaintiff, including all documents pertaining thereto, pursuant to, inter alia, Section 542 of the Bankruptcy Code; and (B) directing that Defendants account to Plaintiff for the Proceeds with respect to the Premises since the date of the Avoidable Transfers and to pay over all such monies to the Plaintiff for the benefit of the estate of the Debtor pursuant to, inter alia, Section 542 of the Bankruptcy Code;

viii.    all of the foregoing together with all applicable interest, costs and disbursements and for such other, further and different relief as the Court deems just, proper and equitable.

14

Dated: New York, New York
     June 6, 2005

                   **LeBOEUF, LAMB, GREENE &**
                   **MacRAE, L.L.P.**

                   By:   /s/ John P. Campo
                        John P. Campo, Esq. (JC-5241)
                        Jeffrey S. Berkowitz (JB-4753)

                   125 West 55th Street
                   New York, NY  10019-5389
                   (212) 424-8000

                   Counsel to John S. Pereira, as Chapter 11
                   Trustee of 917 Eagle Avenue Realty Corp.

NYB609712.1

# EXHIBIT G

LeBOEUF, LAMB, GREENE & MacRAE, L.L.P.
Counsel to John S. Pereira, Esq., as Chapter 11 Trustee
125 West 55th Street
New York, New York 10019-5389
(212) 424-8000
John P. Campo, Esq. (JC-5241)
Jeffrey S. Berkowitz (JB-4753)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

|  |  |
|---|---|
| In re | Chapter 11 |
|  | Case No. 05-10987 (RDD) |
| MAYWOOD CAPITAL CORP., et al., | (Jointly Administered) |
|  | Case Nos. 04-17047, 05-10944 to 05- |
| Debtors. | 10987, 05-11521 and 05-11523 (RDD) |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

JOHN S. PEREIRA, as Chapter 11 Trustee of 2093
MADISON AVE. REALTY CORP.,

                         Plaintiff,

Adversary Proceeding No. 05-02095

    vs.

2093 MADISON LLC, JAY IRGANG, MARK
IRGANG AND ORLI IRGANG,

                         Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## COMPLAINT

        Plaintiff, John S. Pereira, as Chapter 11 Trustee (the "Trustee" or "Plaintiff") of

Maywood Capital Corp., et al., (the "Debtors"), by and through his counsel, LeBoeuf, Lamb,

Greene & MacRae, L.L.P., as and for his Complaint against the above-captioned defendants, respectfully alleges as follows:

1.      This is an action to avoid the fraudulent transfer of certain real property, for an accounting, for a turnover of the property, and other relief.

## PARTIES

2.      2093 Madison Ave. Realty Corp. (sometimes referred to as "2093 Madison Ave." or the "Debtor") is one of the Debtors in this jointly administered case, and is a Corporation organized and existing under the laws of the State of New York.

3.      The Trustee is the duly appointed Chapter 11 Trustee of 2093 Madison Ave.'s estate pursuant to order entered March 24, 2005.

4.      Upon information and belief, defendants Jay Irgang, Mark Irgang and Orli Irgang (collectively, the "Irgang Defendants") are each a natural person having an office at 60 East 42nd Street, Suite 447, New York, New York 10165.

5.      Upon information and belief, defendant 2093 Madison LLC (the "Irgang LLC") is an entity wholly owned and/or controlled by the Irgang Defendants and a limited liability company organized under the laws of the State of New York having an office at 60 East 42nd Street, Suite 447, New York, New York 10165.

6.      The Irgang Defendants and the Irgang LLC shall sometimes be referred to herein, collectively, as the "Defendants."

2

## JURISDICTION AND VENUE

7.    The jurisdiction of this Court is founded upon 28 U.S.C § 1334(b) and the "Standing Order of Referral of Cases to Bankruptcy Judges" of the United States District Court for the Southern District of New York, dated July 10, 1984 (Ward, Acting C.J.).

8.    This adversary proceeding is a core proceeding pursuant to Sections 157(a) and 157(b) of Title 28 of the United States Code because this adversary proceeding arises in or under the Chapter 11 case of the Debtors, including 2093 Madison Ave., now pending in the United States Bankruptcy Court for the Southern District of New York.

9.    Venue of this proceeding in this Court is proper pursuant to Section 1409(a) of Title 28 of the United States Code because this action is one arising in or under a case under Title 11 of the United States Code.

10.    This adversary proceeding is commenced pursuant to sections 542, 544, 548, 550 and 551 of Title 11 of the United States Code, 11 U.S.C. section 101 *et seq.* (the "Bankruptcy Code"), Federal Rules of Bankruptcy Procedure 7001 and 7003 and New York Debtor and Creditor Law Sections 273, 274, 275, 276 and 276-a to avoid the transfer of certain property of 2093 Madison Ave. to the Defendants and preserve said property for the benefit of the estate of 2093 Madison Ave.

## BACKGROUND

11.    On February 19, 2005 (the "Petition Date"), 2093 Madison Ave. filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York.

3

12.    2093 Madison Ave. is one of the debtors in these jointly administered bankruptcy cases for whom the Plaintiff has been appointed Chapter 11 Trustee.

13.    Joseph Greenblatt ("Greenblatt") is a principal of 2093 Madison Ave. and the other jointly administered Debtors.

14.    Greenblatt has been indicted and pled guilty to numerous criminal violations, including, but not limited to, grand larceny, criminal possession of a forged instrument, offering a false instrument and engaging in a scheme to defraud.

15.    In addition, Cease and Desist Orders have been issued against Greenblatt with regard to securities law violations, which, upon information and belief, Greenblatt violated.

16.    The Irgang Defendants have been engaged in business transactions with Greenblatt dating back to at least April, 2002, by which date Greenblatt's illegal activities had been well known.

17.    In or about April 2002, the Irgang Defendants entered into a transaction in which they acquired, in the aggregate, a 50% ownership interest in the stock of 2093 Madison Ave. That stock was purchased from Greenblatt, the sole shareholder and president of the Debtor (the "Stock Purchase").

18.    In or about April 2002, defendants Mark Irgang and Jay Irgang became, respectively, the Secretary and the Vice-President of the Debtor, as well as members of its Board of Directors.

4

19.     Upon information and belief, at all relevant times the land and apartment building located at 2093 Madison Avenue, New York, New York (the "Premises"), together with all the rent, income, profits and other monies arising from, related to or concerning the Premises and/or the management and/or operations thereof (the "Proceeds") constituted substantially all of the assets of 2093 Madison Ave. The Premises and the Proceeds shall be hereinafter referred to, collectively, as the "Madison Ave. Property."

20.     In or about March 2004, the Irgang Defendants caused 2093 Madison Ave. to enter into a transaction with the Irgang Defendants and/or defendant Irgang LLC purportedly resulting in the transfer of a 100% interest in the Madison Ave. Property by the Debtor to the Irgang LLC (the "Property Transfer").

21.     Upon information and belief, at the time of the Property Transfer, the Defendants knew, or should have known, that, through the fraudulent activities of Greenblatt and his controlled entities, including Maywood Capital Corp., the Debtor was subject to multiple millions of dollars in unpaid claims.

22.     At the time of the Property Transfer, the Irgang Defendants were insiders of the Debtor.

23.     Upon information and belief, the Property Transfer (hereinafter, sometimes referred to as the "Avoidable Transfer") was effectuated at a time when the Debtor was insolvent or, in the alternative, the Debtor became insolvent as a result of the Avoidable Transfer.

5

24.     Upon information and belief, the Avoidable Transfer was made with the actual intent to hinder, delay and/or defraud the creditors of the Debtor.

25.     Upon information and belief, the Debtor received no equivalent value in exchange for the Property Transfer or, in the alternative, less than reasonably equivalent value in exchange for the Property Transfer.

## FIRST CLAIM FOR RELIEF

**(Action to Avoid Fraudulent Conveyance and Preserve Same for the Benefit of the Estate Pursuant to Bankruptcy Code Sections 548(a)(1)(A), 550, and 551)**

26.     The Trustee repeats and realleges each and every allegation contained in paragraphs 1 through 25 above as if fully set forth at length.

27.     The Avoidable Transfer was made within one year of the Petition Date.

28.     The Avoidable Transfer was made with the actual intent to hinder, delay and/or defraud the creditors of the Debtor.

29.     As a result of the foregoing, the Trustee is entitled to judgment pursuant to Bankruptcy Code §§ 548(a)(1)(A), 550(a) and 551 (a) avoiding and preserving the Avoidable Transfer, (b) directing that the Avoidable Transfer be set aside, and (c) recovering the Madison Ave. Property, which was the subject of the Avoidable Transfer, from the Defendants, for the benefit of the estate of the Debtor.

6

## SECOND CLAIM FOR RELIEF

### (Action to Avoid Fraudulent Conveyance and Preserve Same for the Benefit of the Estate Pursuant to Bankruptcy Code Sections 548(a)(1)(B), 550, and 551)

30.    The Trustee repeats and realleges each and every allegation contained in paragraphs 1 through 25 above as if fully set forth at length.

31.    The Debtor (a) was insolvent on the dates the Avoidable Transfer was made or became insolvent as a result of the Avoidable Transfer, (b) was engaged in business or a transaction, or was about to engage in business or a transaction, for which the property remaining with the Debtor after the Avoidable Transfer was effectuated constituted unreasonably small capital or, alternatively, (c) at the time of the Avoidable Transfer, intended to incur, or believed that it would incur, debts that would be beyond the Debtor's ability to pay as they matured.

32.    The Debtor received no equivalent value in exchange for the Property Transfer or, in the alternative, less than reasonably equivalent value in exchange for the Property Transfer.

33.    As a result of the foregoing, the Trustee is entitled to judgment pursuant to Bankruptcy Code §§ 548(a)(1)(B), 550(a) and 551 (a) avoiding and preserving the Avoidable Transfer, (b) directing that the Avoidable Transfer be set aside, and (c) recovering the Madison Ave. Property, which was the subject of the Avoidable Transfer, from the Defendants, for the benefit of the estate of the Debtor.

7

### THIRD CLAIM FOR RELIEF

**(Action to Avoid Fraudulent Conveyance and Preserve Same for the Benefit of the Estate Pursuant to New York Debtor and Creditor Law Section 273 and Bankruptcy Code Sections 544, 550, and 551)**

34.     The Trustee repeats and realleges each and every allegation contained in paragraphs 1 through 25 above as if fully set forth at length.

35.     The Debtor did not receive fair consideration for the Avoidable Transfer.

36.     At the time of the Avoidable Transfer, the Debtor was insolvent or, in the alternative, the Debtor became insolvent as a result of the Avoidable Transfer.

37.     The Avoidable Transfer constituted a fraudulent conveyance in violation of New York Debtor and Creditor Law § 273.

38.     By reason of the foregoing, the Trustee is entitled to a judgment pursuant to New York Debtor and Creditor Law § 273 and 11 U.S.C. §§ 544(b), 550 and 551 (a) avoiding and preserving the Avoidable Transfer, (b) directing that the Avoidable Transfer be set aside, and (c) recovering the Madison Ave. Property, which was the subject of the Avoidable Transfer, from the Defendants, for the benefit of the estate of the Debtor.

### FOURTH CLAIM FOR RELIEF

**(Action to Avoid Fraudulent Conveyance and Preserve Same for the Benefit of the Estate Pursuant to New York Debtor and Creditor Law Section 274 and Bankruptcy Code Sections 544, 550, and 551)**

39.     The Trustee repeats and realleges each and every allegation contained in paragraphs 1 through 25 above as if fully set forth at length.

40.     The Debtor did not receive fair consideration for the Avoidable Transfer.

8

41.    At the time the Debtor made the Avoidable Transfer, the Debtor was engaged or about to engage in a business or transaction for which the property remaining in its hands after the Avoidable Transfer was an unreasonably small capital.

42.    The Avoidable Transfer constituted a fraudulent conveyance in violation of New York Debtor and Creditor Law § 274.

43.    By reason of the foregoing, pursuant to New York Debtor and Creditor Law § 274 and 11 U.S.C. §§ 544(b), 550 and 551, the Trustee is entitled to a judgment (a) avoiding and preserving the Avoidable Transfer, (b) directing that the Avoidable Transfer be set aside, and (c) recovering the Madison Ave. Property, which was the subject of the Avoidable Transfer, from the Defendants, for the benefit of the estate of the Debtor.

## FIFTH CLAIM FOR RELIEF

**(Action to Avoid Fraudulent Conveyance and Preserve Same for the Benefit of the Estate Pursuant to New York Debtor and Creditor Law Section 276 and Bankruptcy Code Sections 544, 550, and 551)**

44.    The Trustee repeats and realleges each and every allegation contained in paragraphs 1 through 25 above as if fully set forth at length.

45.    The Avoidable Transfer to the Defendants was made with the actual intent, to hinder, delay and/or defraud creditors of the Debtor.

46.    The Avoidable Transfer constituted a fraudulent conveyance in violation of New York Debtor and Creditor Law § 276.

47.    By reason of the foregoing, pursuant to New York Debtor and Creditor Law §§ 276 and 276-a, and 11 U.S.C. §§ 544(b), 550 and 551, the Trustee is entitled to a

9

judgment (a) avoiding and preserving the Avoidable Transfer, (b) directing that the Avoidable

Transfer be set aside, (c) recovering the Madison Ave. Property, which was the subject of the

Avoidable Transfer, from the Defendants, for the benefit of the estate of the Debtor, and

(d) recovering attorneys' fees from the Defendants.

## SIXTH CLAIM FOR RELIEF

**(Action to Avoid Fraudulent Conveyance and Preserve Same for the Benefit of the Estate Pursuant to New York Debtor and Creditor Law Section 275 and Bankruptcy Code Sections 544, 550, and 551)**

48.    The Trustee repeats and realleges each and every allegation contained in

paragraphs 1 through 25 above as if fully set forth at length.

49.    The Debtor did not receive fair consideration for the Avoidable Transfer.

50.    At the time of the Avoidable Transfer, the Debtor incurred, was intending

to incur, or believed that it would incur debts beyond its ability to pay them as they mature.

51.    The Avoidable Transfer constituted a fraudulent conveyance in violation

of New York Debtor and Creditor Law § 275.

52.    By reason of the foregoing, pursuant to New York Debtor and Creditor

Law § 275 and 11 U.S.C. §§ 544(b), 550 and 551, the Trustee is entitled to a judgment (a)

avoiding and preserving the Avoidable Transfer, (b) directing that the Avoidable Transfer be set

aside, and (c) recovering the Madison Ave. Property, which was the subject of the Avoidable

Transfer, from the Defendants, for the benefit of the estate of the Debtor.

10

## SEVENTH CLAIM FOR RELIEF

**(Action for Turnover and Accounting Pursuant to Bankruptcy Code Section 542 and for Injunctive Relief)**

53.    The Trustee repeats and realleges each and every allegation contained in paragraphs 1 through 52 above as if fully set forth at length.

54.    The Defendants are in possession and control of the Madison Ave. Property.

55.    The Defendants, by virtue of their current positions, have encumbered, and/or are able to encumber, and/or cause liens and/or other charges and/or matters to be asserted against the Madison Ave. Property to the detriment of the Plaintiff and the estate of the Debtor.

56.    By virtue of their current positions, the Defendants are able to cause further transfers of interests in the Madison Ave. Property to third parties, to the detriment of the Plaintiff and the estate of the Debtor.

57.    The Defendants have improperly caused the Proceeds with respect to the Premises to be paid to and/or retained by, or for the benefit, of the Defendants, rather than to the Plaintiff for the benefit of the estate of the Debtor.

58.    Plaintiff intends to seek Court approval to sell the Madison Ave. Property pursuant to Bankruptcy Code Section 363.

59.    The Defendants, by virtue of their current positions, have in the past taken, and/or have the ability to take, actions that will hinder, interfere with, prevent or prejudice the Plaintiff in his efforts to effectuate a sale of the Madison Ave. Property, which actions are to the detriment of the estate of the Debtor.

11

60.    Plaintiff has no adequate remedy at law.

61.    By virtue of the foregoing, Plaintiff is entitled to a preliminary and permanent injunction (i) preventing the Defendants from (a) transferring the Madison Ave. Property or any interest therein to any third parties; (b) encumbering and/or causing liens and/or other charges and/or other matters to be asserted against the Madison Ave. Property; and/or (c) hindering, interfering with, preventing or prejudicing the Plaintiff in his efforts to effectuate a prompt sale of the Madison Ave. Property pursuant to Bankruptcy Code Section 363; and (ii) directing the Defendants to turnover possession, operation, management and control of the Madison Ave. Property to the Plaintiff, including all documents pertaining thereto, pursuant to, inter alia, Section 542 of the Bankruptcy Code.

62.    By virtue of the foregoing, pursuant to, inter alia, Section 542 of the Bankruptcy Code, Plaintiff is also entitled to an order and/or judgment directing that Defendants account to Plaintiff for the Proceeds with respect to the Premises since the date of the Avoidable Transfer and to pay over all such monies to the Plaintiff for the benefit of the estate of the Debtor.

**WHEREFORE**, the Trustee respectfully requests that the Court enter judgment in favor of the Plaintiff and against the Defendants as follows:

i.    on the Trustee's First Claim for Relief pursuant to Bankruptcy Code §§ 548(a)(1)(A), 550(a) and 551: (a) avoiding and preserving the Avoidable Transfer, (b) directing that the Avoidable Transfer be set aside, and (c) recovering the Madison Ave. Property, which was the subject of the Avoidable Transfer, from the Defendants, for the benefit of the estate of the Debtor;

12

ii.    on the Trustee's Second Claim for Relief pursuant to Bankruptcy Code §§ 548(a)(1)(B), 550(a) and 551: (a) avoiding and preserving the Avoidable Transfer, (b) directing that the Avoidable Transfer be set aside, and (c) recovering the Madison Ave. Property, which was the subject of the Avoidable Transfer, from the Defendants, for the benefit of the estate of the Debtor;

iii.    on the Trustee's Third Claim for Relief pursuant to New York Debtor and Creditor Law § 273 and 11 U.S.C. §§ 544(b), 550 and 551: (a) avoiding and preserving the Avoidable Transfer, (b) directing that the Avoidable Transfer be set aside, and (c) recovering the Madison Ave. Property, which was the subject of the Avoidable Transfer, from the Defendants, for the benefit of the estate of the Debtor;

iv.    on the Trustee's Fourth Claim for Relief pursuant to New York Debtor and Creditor Law § 274 and 11 U.S.C. §§ 544(b), 550 and 551: (a) avoiding and preserving the Avoidable Transfer, (b) directing that the Avoidable Transfer be set aside, and (c) recovering the Madison Ave. Property, which was the subject of the Avoidable Transfer, from the Defendants, for the benefit of the estate of the Debtor;

v.    on the Trustee's Fifth Claim for Relief pursuant to New York Debtor & Creditor Law §§ 276 and 276-a, and 11 U.S.C. §§ 544(b), 550 and 551: (a) avoiding and preserving the Avoidable Transfer, (b) directing that the Avoidable Transfer be set aside; (c) recovering the Madison Ave. Property, which was the subject of the Avoidable Transfer, from the Defendants, for the benefit of the estate of the Debtor; and (d) recovering attorneys' fees from the Defendants;

13

vi.     on the Trustee's Sixth Claim for Relief pursuant to New York Debtor and Creditor Law § 275 and 11 U.S.C. §§ 544(b), 550 and 551: (a) avoiding and preserving the Avoidable Transfer, (b) directing that the Avoidable Transfer be set aside, and (c) recovering the Madison Ave. Property, which was the subject of the Avoidable Transfer, from the Defendants, for the benefit of the estate of the Debtor;

vii.    on the Trustee's Seventh Claim for Relief: (A) granting a preliminary and permanent injunction (i) preventing the Defendants from (a) transferring the Madison Ave. Property or any interest therein to any third parties; (b) encumbering and/or causing liens and/or other charges and/or other matters to be asserted against the Madison Ave. Property; and/or (c) hindering, interfering with, preventing or prejudicing the Plaintiff in his efforts to effectuate a prompt sale of the Madison Ave. Property pursuant to Bankruptcy Code Section 363; and (ii) directing the Defendants to turnover possession, operation, management and control of the Madison Ave. Property to the Plaintiff, including all documents pertaining thereto, pursuant to, inter alia, Section 542 of the Bankruptcy Code; and (B) directing that Defendants account to Plaintiff for the Proceeds with respect to the Premises since the date of the Avoidable Transfer and to pay over all such monies to the Plaintiff for the benefit of the estate of the Debtor pursuant to, inter alia, Section 542 of the Bankruptcy Code;

viii.   all of the foregoing together with all applicable interest, costs and disbursements and for such other, further and different relief as the Court deems just, proper and equitable.

14

Dated: New York, New York
      June 6, 2005

                        **LeBOEUF, LAMB, GREENE &
                        MacRAE, L.L.P.**

                    By:   /s/ John P. Campo
                           John P. Campo, Esq. (JC-5241)
                           Jeffrey S. Berkowitz (JB-4753)

                    125 West 55th Street
                    New York, NY  10019-5389
                    (212) 424-8000

                    Counsel to John S. Pereira, as Chapter 11
                    Trustee of 2093 Madison Ave. Realty Corp.

15

NYC564771.2