# EXHIBIT H

LeBOEUF, LAMB, GREENE & MacRAE, L.L.P.
Counsel to John S. Pereira, Esq., as Chapter 11 Trustee
125 West 55th Street
New York, New York 10019-5389
(212) 424-8000
John P. Campo, Esq. (JC-5241)
Jeffrey S. Berkowitz (JB-4753)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

|  |  |
|---|---|
| In re | Chapter 11 |
|  | Case No. 05-10987 (RDD) |
| MAYWOOD CAPITAL CORP., et al., | (Jointly Administered) |
| Debtors. | Case Nos. 04-17047, 05-10944 to 05-10987, 05-11521 and 05-11523 (RDD) |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

JOHN S. PEREIRA, as Chapter 11 Trustee of
65-67 EAST 125TH STREET REALTY CORP.,

                              Plaintiff,

              vs.

65-67 E. 125th LLC, JAY IRGANG, MARK
IRGANG AND ORLI IRGANG,

                              Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Adversary Proceeding No. 05-02096

## COMPLAINT

Plaintiff, John S. Pereira, as Chapter 11 Trustee (the "Trustee" or "Plaintiff") of

Maywood Capital Corp., et al., (the "Debtors"), by and through his counsel, LeBoeuf, Lamb,

Greene & MacRae, L.L.P., as and for his Complaint against the above-captioned defendants, respectfully alleges as follows:

1.    This is an action to avoid the fraudulent transfer of certain real property, for an accounting, for a turnover of the property, and other relief.

## PARTIES

2.    65-67 East 125th Street Realty Corp. (sometimes referred to as "125th Street Realty Corp." or the "Debtor") is one of the Debtors in this jointly administered case, and is a corporation organized and existing under the laws of the State of New York.

3.    The Trustee is the duly appointed Chapter 11 Trustee of 125th Street Realty Corp.'s estate pursuant to order entered March 24, 2005.

4.    Upon information and belief, defendants Jay Irgang, Mark Irgang and Orli Irgang (collectively, the "Irgang Defendants") are each a natural person having an office at 60 East 42nd Street, Suite 447, New York, New York 10165.

5.    Upon information and belief, defendant 65-67 E. 125th LLC (the "Irgang LLC") is an entity wholly owned and/or controlled by the Irgang Defendants and a limited liability company organized under the laws of the State of New York having an office at 60 East 42nd Street, Suite 447, New York, New York 10165.

6.    The Irgang Defendants and the Irgang LLC shall sometimes be referred to herein, collectively, as the "Defendants."

2

## JURISDICTION AND VENUE

7.      The jurisdiction of this Court is founded upon 28 U.S.C § 1334(b) and the "Standing Order of Referral of Cases to Bankruptcy Judges" of the United States District Court for the Southern District of New York, dated July 10, 1984 (Ward, Acting C.J.).

8.      This adversary proceeding is a core proceeding pursuant to Sections 157(a) and 157(b) of Title 28 of the United States Code because this adversary proceeding arises in or under the Chapter 11 case of the Debtors, including 125th Street Realty Corp., now pending in the United States Bankruptcy Court for the Southern District of New York.

9.      Venue of this proceeding in this Court is proper pursuant to Section 1409(a) of Title 28 of the United States Code because this action is one arising in or under a case under Title 11 of the United States Code.

10.      This adversary proceeding is commenced pursuant to sections 542, 544, 548, 550 and 551 of Title 11 of the United States Code, 11 U.S.C. section 101 *et seq.* (the "Bankruptcy Code"), Federal Rules of Bankruptcy Procedure 7001 and 7003 and New York Debtor and Creditor Law Sections 273, 274, 275, 276 and 276-a to avoid the transfer of certain property of 125th Street Realty Corp. to the Defendants and preserve said property for the benefit of the estate of 125th Street Realty Corp.

## BACKGROUND

11.      On February 19, 2005 (the "Petition Date"), 125th Street Realty Corp. filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York.

12.    125th Street Realty Corp. is one of the debtors in these jointly administered bankruptcy cases for whom the Plaintiff has been appointed Chapter 11 Trustee.

13.    Joseph Greenblatt ("Greenblatt") is a principal of 125th Street Realty Corp. and the other jointly administered Debtors.

14.    Greenblatt has been indicted and pled guilty to numerous criminal violations, including, but not limited to, grand larceny, criminal possession of a forged instrument, offering a false instrument and engaging in a scheme to defraud.

15.    In addition, Cease and Desist Orders have been issued against Greenblatt with regard to securities law violations, which, upon information and belief, Greenblatt violated.

16.    The Irgang Defendants have been engaged in business transactions with Greenblatt dating back to at least April, 2002, by which date Greenblatt's illegal activities had been well known.

17.    In or about April 2004, the Irgang Defendants entered into a transaction in which they acquired, in the aggregate, a 50% ownership interest in the stock of 125th Street Realty Corp.  That stock was purchased from Greenblatt, the sole shareholder and president of the Debtor (the "Stock Purchase").

18.    In or about April 2004, defendants Mark Irgang, Jay Irgang and Orli Irgang became, respectively, the President, the Vice-President and the Treasurer of the Debtor, as well as members of its Board of Directors.

4

19.    Upon information and belief, at all relevant times the land and apartment building located at 65-67 East 125th Street, New York, New York (the "Premises"), together with all the rent, income, profits and other monies arising from, related to or concerning the Premises and/or the management and/or operations thereof (the "Proceeds") constituted substantially all of the assets of 125th Street Realty Corp. The Premises and the Proceeds shall be hereinafter referred to, collectively, as the "125th Street Property."

20.    In or about May 2004, the Irgang Defendants caused 125th Street Realty Corp. to enter into a transaction and/or series of transactions with the Irgang Defendants and/or defendant Irgang LLC purportedly resulting in the transfer of a 50% interest in the 125th Street Property by the Debtor to the Irgang LLC.

21.    In or about July 2004, the Irgang Defendants caused 125th Street Realty Corp. to enter into a transaction and/or series of transactions with the Irgang Defendants and/or defendant Irgang LLC purportedly resulting in the transfer of the remaining 50% interest in the 125th Street Property by the Debtor to the Irgang LLC (the foregoing transfers referred to in this paragraph and the preceding paragraph shall be referred to, collectively, as the "Property Transfers").

22.    Upon information and belief, at the time of the Stock Purchase and the Property Transfers, the Defendants knew, or should have known, that, through the fraudulent activities of Greenblatt and his controlled entities, including Maywood Capital Corp., the Debtor was subject to multiple millions of dollars in unpaid claims.

23.    At the time of the Property Transfers, the Irgang Defendants were insiders of the Debtor.

5

24.     Upon information and belief, the Property Transfers (hereinafter, sometimes referred to as the "Avoidable Transfers") were effectuated at a time when the Debtor was insolvent or, in the alternative, the Debtor became insolvent as a result of the Avoidable Transfers.

25.     Upon information and belief, the Avoidable Transfers were made with the actual intent to hinder, delay and/or defraud the creditors of the Debtor.

26.     Upon information and belief, the Debtor received no equivalent value in exchange for the Property Transfers or, in the alternative, less than reasonably equivalent value in exchange for the Property Transfers.

## FIRST CLAIM FOR RELIEF

### (Action to Avoid Fraudulent Conveyance and Preserve Same for the Benefit of the Estate Pursuant to Bankruptcy Code Sections 548(a)(1)(A), 550, and 551)

27.     The Trustee repeats and realleges each and every allegation contained in paragraphs 1 through 26 above as if fully set forth at length.

28.     The Avoidable Transfers were made within one year of the Petition Date.

29.     The Avoidable Transfers were made with the actual intent to hinder, delay and/or defraud the creditors of the Debtor.

30.     As a result of the foregoing, the Trustee is entitled to judgment pursuant to Bankruptcy Code §§ 548(a)(1)(A), 550(a) and 551 (a) avoiding and preserving the Avoidable Transfers, (b) directing that the Avoidable Transfers be set aside, and (c) recovering the 125th Street Property, which was the subject of the Avoidable Transfers, from the Defendants, for the benefit of the estate of the Debtor.

## SECOND CLAIM FOR RELIEF

**(Action to Avoid Fraudulent Conveyance and Preserve Same for the Benefit of the Estate Pursuant to Bankruptcy Code Sections 548(a)(1)(B), 550, and 551)**

31.     The Trustee repeats and realleges each and every allegation contained in paragraphs 1 through 26 above as if fully set forth at length.

32.     The Debtor (a) was insolvent on the dates the Avoidable Transfers were made or became insolvent as a result of the Avoidable Transfers, (b) was engaged in business or a transaction, or was about to engage in business or a transaction, for which the property remaining with the Debtor after the Avoidable Transfers were effectuated constituted unreasonably small capital or, alternatively, (c) at the time of the Avoidable Transfers, intended to incur, or believed that it would incur, debts that would be beyond the Debtor's ability to pay as they matured.

33.     The Debtor received no equivalent value in exchange for the Property Transfers or, in the alternative, less than reasonably equivalent value in exchange for the Property Transfers.

34.     As a result of the foregoing, the Trustee is entitled to judgment pursuant to Bankruptcy Code §§ 548(a)(1)(B), 550(a) and 551 (a) avoiding and preserving the Avoidable Transfers, (b) directing that the Avoidable Transfers be set aside, and (c) recovering the 125th Street Property, which was the subject of the Avoidable Transfers, from the Defendants, for the benefit of the estate of the Debtor.

7

## THIRD CLAIM FOR RELIEF

**(Action to Avoid Fraudulent Conveyance and Preserve Same for the Benefit of the Estate Pursuant to New York Debtor and Creditor Law Section 273 and Bankruptcy Code Sections 544, 550, and 551)**

35.     The Trustee repeats and realleges each and every allegation contained in paragraphs 1 through 26 above as if fully set forth at length.

36.     The Debtor did not receive fair consideration for the Avoidable Transfers.

37.     At the time of the Avoidable Transfers, the Debtor was insolvent or, in the alternative, the Debtor became insolvent as a result of the Avoidable Transfers.

38.     The Avoidable Transfers constituted a fraudulent conveyance in violation of New York Debtor and Creditor Law § 273.

39.     By reason of the foregoing, the Trustee is entitled to a judgment pursuant to New York Debtor and Creditor Law § 273 and 11 U.S.C. §§ 544(b), 550 and 551 (a) avoiding and preserving the Avoidable Transfers, (b) directing that the Avoidable Transfers be set aside, and (c) recovering the 125th Street Property, which was the subject of the Avoidable Transfers, from the Defendants, for the benefit of the estate of the Debtor.

## FOURTH CLAIM FOR RELIEF

**(Action to Avoid Fraudulent Conveyance and Preserve Same for the Benefit of the Estate Pursuant to New York Debtor and Creditor Law Section 274 and Bankruptcy Code Sections 544, 550, and 551)**

40.     The Trustee repeats and realleges each and every allegation contained in paragraphs 1 through 26 above as if fully set forth at length.

41.     The Debtor did not receive fair consideration for the Avoidable Transfers.

8

42.     At the time the Debtor made the Avoidable Transfers, the Debtor was engaged or about to engage in a business or transaction for which the property remaining in its hands after the Avoidable Transfers was an unreasonably small capital.

43.     The Avoidable Transfers constituted a fraudulent conveyance in violation of New York Debtor and Creditor Law § 274.

44.     By reason of the foregoing, pursuant to New York Debtor and Creditor Law § 274 and 11 U.S.C. §§ 544(b), 550 and 551, the Trustee is entitled to a judgment (a) avoiding and preserving the Avoidable Transfers, (b) directing that the Avoidable Transfers be set aside, and (c) recovering the 125th Street Property, which was the subject of the Avoidable Transfers, from the Defendants, for the benefit of the estate of the Debtor.

## FIFTH CLAIM FOR RELIEF

### (Action to Avoid Fraudulent Conveyance and Preserve Same for the Benefit of the Estate Pursuant to New York Debtor and Creditor Law Section 276 and Bankruptcy Code Sections 544, 550, and 551)

45.     The Trustee repeats and realleges each and every allegation contained in paragraphs 1 through 26 above as if fully set forth at length.

46.     The Avoidable Transfers to the Defendants were made with the actual intent, to hinder, delay and/or defraud creditors of the Debtor.

47.     The Avoidable Transfers constituted a fraudulent conveyance in violation of New York Debtor and Creditor Law § 276.

48.     By reason of the foregoing, pursuant to New York Debtor and Creditor Law §§ 276 and 276-a, and 11 U.S.C. §§ 544(b), 550 and 551, the Trustee is entitled to a

9

judgment (a) avoiding and preserving the Avoidable Transfers, (b) directing that the Avoidable

Transfers be set aside, (c) recovering the 125th Street Property, which was the subject of the

Avoidable Transfers, from the Defendants, for the benefit of the estate of the Debtor, and

(d) recovering attorneys' fees from the Defendants.

## SIXTH CLAIM FOR RELIEF

**(Action to Avoid Fraudulent Conveyance and Preserve Same for the Benefit of the Estate
Pursuant to New York Debtor and Creditor Law Section 275 and Bankruptcy Code
Sections 544, 550, and 551)**

49.     The Trustee repeats and realleges each and every allegation contained in

paragraphs 1 through 26 above as if fully set forth at length.

50.     The Debtor did not receive fair consideration for the Avoidable Transfers.

51.     At the time of the Avoidable Transfers, the Debtor incurred, was intending

to incur, or believed that it would incur debts beyond its ability to pay them as they mature.

52.     The Avoidable Transfers constituted a fraudulent conveyance in violation

of New York Debtor and Creditor Law § 275.

53.     By reason of the foregoing, pursuant to New York Debtor and Creditor

Law § 275 and 11 U.S.C. §§ 544(b), 550 and 551, the Trustee is entitled to a judgment (a)

avoiding and preserving the Avoidable Transfers, (b) directing that the Avoidable Transfers be

set aside, and (c) recovering the 125th Street Property, which was the subject of the Avoidable

Transfers, from the Defendants, for the benefit of the estate of the Debtor.

10

## SEVENTH CLAIM FOR RELIEF

**(Action for Turnover and Accounting Pursuant to Bankruptcy Code Section 542 and for Injunctive Relief)**

54.     The Trustee repeats and realleges each and every allegation contained in paragraphs 1 through 53 above as if fully set forth at length.

55.     The Defendants are in possession and control of the 125th Street Property.

56.     The Defendants, by virtue of their current positions, have encumbered, and/or are able to encumber, and/or cause liens and/or other charges and/or matters to be asserted against the 125th Street Property to the detriment of the Plaintiff and the estate of the Debtor.

57.     By virtue of their current positions, the Defendants are able to cause further transfers of interests in the 125th Street Property to third parties, to the detriment of the Plaintiff and the estate of the Debtor.

58.     The Defendants have improperly caused the Proceeds with respect to the Premises to be paid to and/or retained by, or for the benefit, of the Defendants, rather than to the Plaintiff for the benefit of the estate of the Debtor.

59.     Plaintiff intends to seek Court approval to sell the 125th Street Property pursuant to Bankruptcy Code Section 363.

60.     The Defendants, by virtue of their current positions, have in the past taken, and/or have the ability to take, actions that will hinder, interfere with, prevent or prejudice the Plaintiff in his efforts to effectuate a sale of the 125th Street Property, which actions are to the detriment of the estate of the Debtor.

11

61.    Plaintiff has no adequate remedy at law.

62.    By virtue of the foregoing, Plaintiff is entitled to a preliminary and permanent injunction (i) preventing the Defendants from (a) transferring the 125th Street Property or any interest therein to any third parties; (b) encumbering and/or causing liens and/or other charges and/or other matters to be asserted against the 125th Street Property; and/or (c) hindering, interfering with, preventing or prejudicing the Plaintiff in his efforts to effectuate a prompt sale of the 125th Street Property pursuant to Bankruptcy Code Section 363; and (ii) directing the Defendants to turnover possession, operation, management and control of the 125th Street Property to the Plaintiff, including all documents pertaining thereto, pursuant to, inter alia, Section 542 of the Bankruptcy Code.

63.    By virtue of the foregoing, pursuant to, inter alia, Section 542 of the Bankruptcy Code, Plaintiff is also entitled to an order and/or judgment directing that Defendants account to Plaintiff for the Proceeds with respect to the Premises since the date of the Avoidable Transfers and to pay over all such monies to the Plaintiff for the benefit of the estate of the Debtor.

**WHEREFORE**, the Trustee respectfully requests that the Court enter judgment in favor of the Plaintiff and against the Defendants as follows:

i.    on the Trustee's First Claim for Relief pursuant to Bankruptcy Code §§ 548(a)(1)(A), 550(a) and 551: (a) avoiding and preserving the Avoidable Transfers, (b) directing that the Avoidable Transfers be set aside, and (c) recovering the 125th Street Property, which was the subject of the Avoidable Transfers, from the Defendants, for the benefit of the estate of the Debtor;

ii.    on the Trustee's Second Claim for Relief pursuant to Bankruptcy Code
§§ 548(a)(1)(B), 550(a) and 551: (a) avoiding and preserving the Avoidable Transfers,
(b) directing that the Avoidable Transfers be set aside, and (c) recovering the 125th Street
Property, which was the subject of the Avoidable Transfers, from the Defendants, for the benefit
of the estate of the Debtor;

iii.    on the Trustee's Third Claim for Relief pursuant to New York Debtor and
Creditor Law § 273 and 11 U.S.C. §§ 544(b), 550 and 551: (a) avoiding and preserving the
Avoidable Transfers, (b) directing that the Avoidable Transfers be set aside, and (c) recovering
the 125th Street Property, which was the subject of the Avoidable Transfers, from the
Defendants, for the benefit of the estate of the Debtor;

iv.    on the Trustee's Fourth Claim for Relief pursuant to New York Debtor and
Creditor Law § 274 and 11 U.S.C. §§ 544(b), 550 and 551: (a) avoiding and preserving the
Avoidable Transfers, (b) directing that the Avoidable Transfers be set aside, and (c) recovering
the 125th Street Property, which was the subject of the Avoidable Transfers, from the
Defendants, for the benefit of the estate of the Debtor;

v.    on the Trustee's Fifth Claim for Relief pursuant to New York Debtor &
Creditor Law §§ 276 and 276-a, and 11 U.S.C. §§ 544(b), 550 and 551: (a) avoiding and
preserving the Avoidable Transfers, (b) directing that the Avoidable Transfers be set aside; (c)
recovering the 125th Street Property, which was the subject of the Avoidable Transfers, from the
Defendants, for the benefit of the estate of the Debtor; and (d) recovering attorneys' fees from the
Defendants;

13

vi.    on the Trustee's Sixth Claim for Relief pursuant to New York Debtor and Creditor Law § 275 and 11 U.S.C. §§ 544(b), 550 and 551: (a) avoiding and preserving the Avoidable Transfers, (b) directing that the Avoidable Transfers be set aside, and (c) recovering the 125th Street Property, which was the subject of the Avoidable Transfers, from the Defendants, for the benefit of the estate of the Debtor;

vii.    on the Trustee's Seventh Claim for Relief: (A) granting a preliminary and permanent injunction (i) preventing the Defendants from (a) transferring the 125th Street Property or any interest therein to any third parties; (b) encumbering and/or causing liens and/or other charges and/or other matters to be asserted against the 125th Street Property; and/or (c) hindering, interfering with, preventing or prejudicing the Plaintiff in his efforts to effectuate a prompt sale of the 125th Street Property pursuant to Bankruptcy Code Section 363; and (ii) directing the Defendants to turnover possession, operation, management and control of the 125th Street Property to the Plaintiff, including all documents pertaining thereto, pursuant to, inter alia, Section 542 of the Bankruptcy Code; and (B) directing that Defendants account to Plaintiff for the Proceeds with respect to the Premises since the date of the Avoidable Transfers and to pay over all such monies to the Plaintiff for the benefit of the estate of the Debtor pursuant to, inter alia, Section 542 of the Bankruptcy Code;

viii.    all of the foregoing together with all applicable interest, costs and disbursements and for such other, further and different relief as the Court deems just, proper and equitable.

14

Dated: New York, New York
     June 6, 2005

                                  **LeBOEUF, LAMB, GREENE &**
                                  **MacRAE, L.L.P.**

                                By:   /s/ John P. Campo
                                       John P. Campo, Esq. (JC-5241)
                                     Jeffrey S. Berkowitz (JB-4753)

                                125 West 55th Street
                                New York, NY  10019-5389
                                (212) 424-8000

                                Counsel to John S. Pereira, as Chapter 11
                                Trustee of 65-67 East 125th Street Realty
                                Corp.

15

NYB609719.1

# EXHIBIT I

T 27—Standard N Y 8 11 Form 9111
Mortgage Note, Individual or Corporation, 11 99.

DISTRIBUTED BY Blumberg EXCELSIOR INC
NYC 10013

CONSULT YOUR LAWYER
BEFORE SIGNING THIS INSTRUMENT — THIS INSTRUMENT SHOULD BE USED BY LAWYERS ONLY.

# MORTGAGE NOTE *this*

$ 150,000.00 *#18,500*                                     Dated: _____ 1/14/2004 _____

**FOR VALUE RECEIVED**
79 East 125th St. Realty LLC.

80 Route 4 East
suite 215
Paramus NJ, 07652

promise  to pay to      Mark Irgang
                        Jay R. Irgang
                        Orli Irgang
                        60 East 42nd St.
                        Room 447
                        New York,NY 10165

or order, at 60 East 42nd Street, Suite 447, New York, NY 10165

or at such other place as may be designated in writing by the holder of this note, the principal sum of
One Hundred Fifty Thousand and XX/100
                                                                            dollars

See attached Schedule A

*Apartment building over 6 units*

with interest thereon to be computed from the date hereof, at the rate of  12%        per centum
per annum and to be paid ~~on the 1st   day of May~~            next ensuing and
~~payable on the 1st   thereafter until January 1st, 2005 at which~~
day of each month          time the principal with unpaid
                           interest shall be in due and payable

As follows: See attached Schedule B.

**IT IS HEREBY EXPRESSLY AGREED,** that the said principal sum secured by this note shall become due
at the option of the holder thereof on the happening of any default or event by which, under the terms of the
mortgage securing this note, said principal sum may or shall become due and payable; also, that all of the
covenants, conditions and agreements contained in said mortgage are hereby made part of this instrument.

Presentment for payment, notice of dishonor, protest and notice of protest are hereby waived.

This note is secured by a mortgage made by the maker to the payee of even date herewith, on property situate
in the   schedule A

This note may not be changed or terminated orally.

                              79 East 125th St. Realty LLC.
                              by

**IRGANG 001696**

ACKNOWLEDGMENT IN NEW YORK STATE (RPL 309-a)

State of New York, County of                                    ss.:

On                                        before me, the undersigned,
personally appeared

personally known to me or proved to me on the basis of satisfac-
tory evidence to be the individual(s) whose name(s) is (are)
subscribed to the within instrument and acknowledged to me that
he/she/they executed the same in his/her/their capacity(ies),
and that by his/her/their signature(s) on the instrument, the indi-
vidual(s), or the person upon behalf of which the individual(s)
acted, executed the instrument.

_____
(signature and office of individual taking acknowledgment)

ACKNOWLEDGMENT OUTSIDE NEW YORK STATE (RPL 309-b)

State of   N.J          County of   N.Y.C          ss.:

On   4.20.04                            before me, the undersigned,
personally appeared

*Joseph  Greenblatt*

personally known to me or proved to me on the basis of satis-
factory evidence to be the individual(s) whose name(s) is (are)
subscribed to the within instrument and acknowledged to me
that he/she/they executed the same in his/her/their capacity(ies),
and that by his/her/their signature(s) on the instrument, the indi-
vidual(s), or the person upon behalf of which the individual(s)
acted, executed the instrument, and that such individual made
such appearance before the undersigned in

(insert city or political subdivision and state or country or other place acknowl-
edgment taken)

_____
(signature and office of individual taking acknowledgement)

ACKNOWLEDGMENT BY SUBSCRIBING WITNESS(ES)

State of
County of                                              ss.:

On                                     before me, the undersigned,
personally appeared

the subscribing witness(es) to the foregoing instrument, with
whom I am personally acquainted, who, being by me duly
sworn, did depose and say that he she they reside(s) in (if the
place of residence is in a city, include the street and street number
if any, thereon),

that he/she/they know(s)

to be the individual(s) described in and who executed the fore-
going instrument; that said subscribing witness(es) was (were)
present and saw said

execute the same; and that said witness(es) at the same time
subscribed his/her/their name(s) as a witness(es) thereto.

(* if taken outside New York State insert city or political subdivision and state
or country or other place acknowledgment taken. And that said subscribing
witness(es) made such appearance before the undersigned in

_____)

_____
(signature and office of individual taking acknowledgment)

LUN-YING LEE
Notary Public  State of New York
No. 30-43-3397
Qualified in Suffolk County
My Commission Expires September 30, 2006

79 East 125th St. Realty LLC.

TO

Mark Irgang
Jay R. Irgang
Orli Irgang

**Mortgage Note**

1/14/2004

**IRGANG 001697**

# MORTGAGE NOTE

## 79 East 125th St. Realty LLC.

## To

## Mark Irgang

Section:
Block:      1750
Lot:        32
County:     New York
Address:    79 East 125 Street, New York, NY

Record and Return To:

Mark Irgang
c/o Irgang Group
60 East 42nd Street
Suite 447
New York, NY 10165

Leading_edge\c\data\mortgage request form\mortgage note79E125.doc

**IRGANG 001698**

79 East 125 Street          Block: 1750    Lot: 32

## SCHEDULE A
## LEGAL DESCRIPTION

ALL THAT CERTAIN plot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being in the Borough of Manhattan, City of New York, in the County and State of New York, bounded and described as follows:

BEGINNING at a point on the Northerly side of 125th Street, distant 118 feet Westerly from the corner formed by the intersection of the Northerly side of 125 th Street with the Westerly side of Park (formerly Fourth) Avenue;

RUNNING THENCE Northerly parallel with Park Avenue, 99 feet 11 inches to the center line of the block;

THENCE Westerly along the center line of block, 22 feet;

THENCE Southerly again parallel with Park Avenue, 99 feet, 11 inches to the northerly side of 125th Street, and;

THENCE Easterly along the said Northerly side of 125th Street, 22 feet to the point or place of BEGINNING.

## Schedule B

On the closing date of each of the first four stock purchases by Lender, pursuant to certain stock purchase agreements made in March and April, 2004, Borrower shall pay 25% of the principal balance of this Mortgage Note plus all accrued unpaid interest on the unpaid principal balance to the date of payment, and if in the event if this mortgage is not fully satisfied, on January 1, 2005, borrower shall pay the entire unpaid principal balance plus all interest occurred to date.

IRGANG 001699

EXHIBIT J



T 27—standard NYB 14. Form 9211
Mortgage Note, Individual or Corporation, 11-96

DISTRIBUTED BY Blumberg EXCELSIOR INC
NYC 10013

CONSULT YOUR LAWYER
BEFORE SIGNING THIS INSTRUMENT — THIS INSTRUMENT SHOULD BE USED BY LAWYERS ONLY.

# MORTGAGE NOTE *ws*

$ 205,000.00 _____                    Dated: 1/14/2004 _____

**FOR VALUE RECEIVED,**

> 148 West 124th Street Realty Corp.
> 80 Route 4 East
> suite 215
> Paramus, NJ 07652

promise to pay to   Mark Irgang
                    Jay R. Irgang
                    Orli Irgang
                    60 East 42nd St. Room 447
                    New York, NY 10165

or order, at   60 East 42nd Street, Suite 447, New York, NY 10165

or at such other place as may be designated in writing by the holder of this note, the principal sum of
Two Hundred Five Thousand + 00/100

                                                                          **dollars**

See attached Schedule A

*Apartment building over 6 units*

with interest thereon to be computed from the date hereof, at the rate of   12%      **per centum**
per annum and to be paid

As follows: See attached Schedule B.

**IT IS HEREBY EXPRESSLY AGREED,** that the said principal sum secured by this note shall become due
at the option of the holder thereof on the happening of any default or event by which, under the terms of the
mortgage securing this note, said principal sum may or shall become due and payable; also, that all of the
covenants, conditions and agreements contained in said mortgage are hereby made part of this instrument.

Presentment for payment, notice of dishonor, protest and notice of protest are hereby waived.

This note is secured by a mortgage made by the maker to the payee of even date herewith, on property situate
in the   schedule A

**IRGANG 001473**

This note may not be changed or terminated orally.

148 West 124th Street Realty Corp
by

                    Joseph Greenblatt

ACKNOWLEDGMENT IN NEW YORK STATE (RPL 309-a)

**State of New York, County of** ss.:

On ___ before me, the undersigned,
personally appeared

personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

_____
(signature and office of individual taking acknowledgment)

ACKNOWLEDGMENT OUTSIDE NEW YORK STATE (RPL 309-b)

**State of** _N.Y._    **County of** _N.Y.C_    ss.:

On _4-20-04_ before me, the undersigned,
personally appeared

_Joseph Greenblatt_

personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument, and that such individual made such appearance before the undersigned in

(insert city or political subdivision and state or country or other place acknowledgment taken)

_____
(signature and office of individual taking acknowledgment)

ACKNOWLEDGMENT BY SUBSCRIBING WITNESS(ES)

**State of** ___
**County of** ___ ss.:

On ___ before me, the undersigned,
personally appeared

the subscribing witness(es) to the foregoing instrument, with whom I am personally acquainted, who, being by me duly sworn, did depose and say that he/she/they reside(s) in (if the place of residence is in a city, include the street and street number if any thereof),

that he/she/they know(s)

to be the individual(s) described in and who executed the foregoing instrument; that said subscribing witness(es) was (were) present and saw said

execute the same; and that said witness(es) at the same time subscribed his/her/their name(s) as a witness(es) thereto.

( * : if taken outside New York State insert city or political subdivision and state or country or other place acknowledgement taken. And that said subscribing witness(es) made such appearance before the undersigned in

_____ ):

_____
(signature and office of individual taking acknowledgment)

LUN-YING LEE
Notary Public - State of New York
No. 30-4747397
Qualified in Suffolk County
My Commission Expires September 30, 2006

148 West 124th Street Realty Corp.

TO

Mark Irgang
Jay R. Irgang
Orli Irgang

**Mortgage Note**

1/14/2004

**IRGANG 001474**

148 West 124 Street        Block: 1908      Lot: 54

## SCHEDULE A
### LEGAL DESCRIPTION

ALL that certain plot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being in the Borough of Manhattan, City, County and State of New York, bounded and described as follows:

BEGINNING at a point on the Southerly side of 124th Street Distant 225 feet easterly from the corner formed by the intersection of the easterly side of 7th Avenue with the southerly side of 124th Street;

RUNNING THENCE southerly parallel with said easterly side of 7th Avenue And part of the distance through the center of a party wall 100 feet, 11 inches to the center line of the block;

THENCE easterly along the center line of the block and parallel with the southerly side of 124th Street, 25 feet;

THENCE northerly again parallel with the easterly side of 7th Avenue and part of the distance through the center of another party wall, 100 feet, 11 inches to the southerly side of 124th Street; and

THENCE westerly along the southerly side of 124th Street, 25 feet to the point or place of BEGINNING.

### Schedule B

On the closing date of each of the first four stock purchases by Lender, pursuant to certain stock purchase agreements made in March and April, 2004, Borrower shall pay 25% of the principal balance of this Mortgage Note plus all accrued unpaid interest on the unpaid principal balance to the date of payment, and if in the event if this mortgage is not fully satisfied, on January 1, 2005, borrower shall pay the entire unpaid principal balance plus all interest occurred to date.

IRGANG 001475

# EXHIBIT K

T 27— Standard N Y B 11  Form 8231
Mortgage Note, Individual or Corporation, 11-96

DISTRIBUTED BY Blumberg EXCELSIOR INC
NYC 10013

CONSULT YOUR LAWYER
BEFORE SIGNING THIS INSTRUMENT — THIS INSTRUMENT SHOULD BE USED BY LAWYERS ONLY.

# MORTGAGE ~~XXXX~~ *urg*

$ 239,212.38

Dated: 1/14/2004

FOR VALUE RECEIVED,

6 East 132nd St. Apartments Corp.
80 Route 4 East
suite 215
Paramus, NJ 07652

promise   to pay to   Mark Irgang
Jay R.Irgang
Orli Irgang
60 East 42nd St.
Room 447
New York, NY 10165

or order, at  60 East 42nd Street, Suite 447, New York, NY 10165

or at such other place as may be designated in writing by the holder of this note, the principal sum of
Two Hundred Thirty-Nine Thousand Two Hundred Twelve +38/100    dollars

See attached Schedule A

*Apartment building over 6 units*

with interest thereon to be computed from the date hereof, at the rate of  12%    per centum
per annum and to be paid

As follows: See attached Schedule B.

IT IS HEREBY EXPRESSLY AGREED, that the said principal sum secured by this note shall become due at the option of the holder thereof on the happening of any default or event by which, under the terms of the mortgage securing this note, said principal sum may or shall become due and payable; also, that all of the covenants, conditions and agreements contained in said mortgage are hereby made part of this instrument.

Presentment for payment, notice of dishonor, protest and notice of protest are hereby waived.

This note is secured by a mortgage made by the maker to the payee of even date herewith, on property situate in the   schedule A

This note may not be changed or terminated orally.

6 East 132nd St. Apartments Corp
By

Joseph Greenblatt

**IRGANG 001561**

6 East 132 Street                    Block: 1756    Lot: 67

## SCHEDULE  A
## LEGAL DESCRIPTION

ALL THAT CERTAIN plot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being in the Borough of Manhattan, City, County and State of New York, bounded and described as follows:

BEGINNING at a point on the Southerly side of East 132nd Street Distant 125 feet 0 inches easterly from the intersection formed by the easterly side of 5th Avenue and the southerly side of East 132nd Street;

RUNNING THENCE southerly and parallel with the easterly side of 5th Avenue 99 feet 11 inches to the center line of the block;

THENCE easterly along the center line of the block 25 feet 0 inches;

THENCE northerly and parallel with the easterly side of 5th Avenue 99 feet 11 inches to the southerly side of East 132nd Street, said point being located 270 feet 0 inches westerly from the southwesterly corner of Madison Avenue and East 132nd Street;

THENCE westerly along the southerly side of East 132nd Street 25 feet 0 inches to the point or place of BEGINNING.

## Schedule B

On the closing date of each of the first four stock purchases by Lender, pursuant to certain stock purchase agreements made in March and April, 2004, Borrower shall pay 25% of the principal balance of this Mortgage Note plus all accrued unpaid interest on the unpaid principal balance to the date of payment, and if in the event if this mortgage is not fully satisfied, on January 1, 2005, borrower shall pay the entire unpaid principal balance plus all interest occurred to date.

IRGANG 001562

6 East 132 Street        Block: 1756    Lot: 67

## SCHEDULE A
## LEGAL DESCRIPTION

ALL THAT CERTAIN plot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being in the Borough of Manhattan, City, County and State of New York, bounded and described as follows:

BEGINNING at a point on the Southerly side of East 132nd Street Distant 125 feet 0 inches easterly from the intersection formed by the easterly side of 5th Avenue and the southerly side of East 132nd Street;

RUNNING THENCE southerly and parallel with the easterly side of 5th Avenue 99 feet 11 inches to the center line of the block;

THENCE easterly along the center line of the block 25 feet 0 inches;

THENCE northerly and parallel with the easterly side of 5th Avenue 99 feet 11 inches to the southerly side of East 132nd Street, said point being located 270 feet 0 inches westerly from the southwesterly corner of |Madison Avenue and East 132nd Street;

THENCE westerly along the southerly side of East 132nd Street 25 feet 0 inches to the point or place of BEGINNING.

### Schedule B

On the closing date of each of the first four stock purchases by Lender, pursuant to certain stock purchase agreements made in March and April, 2004, Borrower shall pay 25% of the principal balance of this Mortgage Note plus all accrued unpaid interest on the unpaid principal balance to the date of payment, and if in the event if this mortgage is not fully satisfied, on January 1, 2005, borrower shall pay the entire unpaid principal balance plus all interest occurred to date.

IRGANG 001563

# EXHIBIT L

T 27—Standard NYB I.U. Form 5211
Mortgage Note, Individual or Corporation, 11-66

DISTRIBUTED BY Bloomberg EXCELSIOR INC
NYC 10013

CONSULT YOUR LAWYER
BEFORE SIGNING THIS INSTRUMENT — THIS INSTRUMENT SHOULD BE USED BY LAWYERS ONLY.

# MORTGAGE ~~NOTE~~ *ans*

$ ~~100,000.00~~

Dated: 1/14/2004

## FOR VALUE RECEIVED,

77 East 125th St. LLC.
80 Route 4 East
suite 215
Paramus, NJ 07652

promise to pay to  Mark Irgang
Jay R. Irgang
Orli Irgang
60 East 42nd St. Room 447
New York, NY 10165

or order, at  60 East 42nd Street, Suite 447, New York, NY 10165

or at such other place as may be designated in writing by the holder of this note, the principal sum of
One Hundred Thousand and XX/100 FOURTY ~~Dollars~~ XX/100 . dollars
THOUSAND DOLLARS

See Attached Schedule A

*Apartment building over 6 units*

with interest thereon to be computed from the date hereof, at the rate of    12%    per centum
per annum and to be paid ~~on the 1st    day of May                  , next ensuing and~~
~~payable on the 1st    thereafter~~ until January 1st, 2005 at which
~~day of each month~~        time the principal with unpaid
~~interest shall be in due and payable~~

As follows: See attached Schedule B.

**IT IS HEREBY EXPRESSLY AGREED**, that the said principal sum secured by this note shall become due
at the option of the holder thereof on the happening of any default or event by which, under the terms of the
mortgage securing this note, said principal sum may or shall become due and payable; also, that all of the
covenants, conditions and agreements contained in said mortgage are hereby made part of this instrument.

Presentment for payment, notice of dishonor, protest and notice of protest are hereby waived.

This note is secured by a mortgage made by the maker to the payee of even date herewith, on property situate
in the    schedule A

This note may not be changed or terminated orally.

77 East 125th St. LLC.
By

Joseph Greenblatt

**IRGANG 001650**

ACKNOWLEDGMENT IN NEW YORK STATE (RPL 309-a)

**State of New York, County of** ss.:

On before me, the undersigned,
personally appeared

personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

_____
(signature and office of individual taking acknowledgment)

ACKNOWLEDGMENT OUTSIDE NEW YORK STATE (RPL 309-b)

**State of** *N.Y* **County of** *N.Y C* ss.:

On *4-20-04* before me, the undersigned,
personally appeared

*Joseph Greenblatt*

personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument; and that such individual made such appearance before the undersigned in

(insert city or political subdivision and state or country or other place acknowledgment taken)

_____
(signature and office of individual taking acknowledgment)

ACKNOWLEDGMENT BY SUBSCRIBING WITNESS(ES)

**State of**
**County of** ss.:

On before me, the undersigned,
personally appeared

the subscribing witness(es) to the foregoing instrument, with whom I am personally acquainted, who, being by me duly sworn, did depose and say that he/she/they reside(s) in (if the place of residence is in a city, include the street and street number, if any, thereof);

that he/she/they know(s)

to be the individual(s) described in and who executed the foregoing instrument; that said subscribing witness(es) was (were) present and saw said

execute the same; and that said witness(es) at the same time subscribed his/her/their name(s) as a witness(es) thereto. (If taken outside New York State insert city or political subdivision and state or country or other place acknowledgment taken) And that said subscribing witness(es) made such appearance before the undersigned in

_____
_____
( )

_____
(signature and office of individual taking acknowledgment)

LUN-YING LEE
Notary Public - State of New York
No. 30-42-43397
Qualified in Suffolk County
My Commission Expires September 30, 2006

77 East 125th St. LLC.

TO
Mark Irgang
Jay R. Irgang
Orli Irgang

**Mortgage Note**

1/14/04

No.

No.

IRGANG 001651

77 East 125 Street        Block: 1750    Lot: 31

## SCHEDULE A
## LEGAL DESCRIPTION

ALL that certain plot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being in the Borough of Manhattan, City of New York, in the County and State of New York, more particularly bounded and described as follows:

BEGINNING at a point on the Northerly side of 125th Street, distant Ninety feet one inch Westerly from the corner formed by the intersection of the Northerly side of 125th Street with the Westerly side of Park Avenue;

RUNNING THENCE Westerly along the Northerly side of 125th Street, twenty-seven Feet eleven inches;

RUNNING THENCE Northerly parallel with the Westerly side of Park Avenue, Ninety-nine feet eleven inches to the center line of the block;

RUNNING THENCE Easterly along said center line of the block, parallel with the Northerly side of 125th Street twenty-seven feet eleven inches;

RUNNING THENCE Southerly and again parallel with the Westerly side of Park Avenue ninety-nine feet eleven inches to the point or place of BEGINNING.

## Schedule B

On the closing date of each of the first four stock purchases by Lender, pursuant to certain stock purchase agreements made in March and April, 2004, Borrower shall pay 25% of the principal balance of this Mortgage Note plus all accrued unpaid interest on the unpaid principal balance to the date of payment, and if in the event if this mortgage is not fully satisfied, on January 1, 2005, borrower shall pay the entire unpaid principal balance plus all interest occurred to date.

IRGANG 001652

# MORTGAGE NOTE

## 77 East 125th St. LLC.

### To

### Mark Irgang

Section:
Block:      1750
Lot:        31
County:     New York
Address:    77 East 125th Street, New York, NY

Record and Return To:

Mark Irgang
c/o Irgang Group
60 East 42nd Street
Suite 447
New York, NY 10165

Leading_edge c data mortgage request form mortgage note77E125.doc

IRGANG 001653

# EXHIBIT M



T 27—Standard N Y B I I  Form 3011
Mortgage Note, Individual or Corporation, 11-06

DISTRIBUTED BY Blumberg Excelsior Inc
NYC 10013

CONSULT YOUR LAWYER
BEFORE SIGNING THIS INSTRUMENT — THIS INSTRUMENT SHOULD BE USED BY LAWYERS ONLY.

## MORTGAGE NOTE

$~~175,000.00~~ $287,000.00                 Dated: __1/14/2004__

**FOR VALUE RECEIVED,**

27 East 131 Street Realty Corp.
80 Route 4 East
suite 215
Paramus, NJ 07652

promise   to pay to

Mark Irgang
Jay R. Irgang
Orli Irgang
60 East 42nd St.
Room 447, New York, NY 10165

or order, at  60 East 42nd Street, suite 447, New York, NY 10165

or at such other place as may be designated in writing by the holder of this note, the principal sum of

~~One Hundred Seventy-Five Thousand +00/100~~

Two hundred eighty seven thousand + 00/100 _____ dollars

See attached Schedule A

Apartment building over 6 units

with interest thereon to be computed from the date hereof, at the rate of  12%                    per centum
per annum and to be paid

As follows: See attached Schedule B.

**IT IS HEREBY EXPRESSLY AGREED,** that the said principal sum secured by this note shall become due at the option of the holder thereof on the happening of any default or event by which, under the terms of the mortgage securing this note, said principal sum may or shall become due and payable; also, that all of the covenants, conditions and agreements contained in said mortgage are hereby made part of this instrument.

Presentment for payment, notice of dishonor, protest and notice of protest are hereby waived.

This note is secured by a mortgage made by the maker to the payee of even date herewith, on property situate in the  schedule A

This note may not be changed or terminated orally.

27 East 131 Street Realty Corp.
By_____
                    Joseph Greenblatt

**IRGANG 001518**

ACKNOWLEDGMENT IN NEW YORK STATE (RPL 309-a)

**State of New York, County of** ss.:

On before me, the undersigned,
personally appeared

personally known to me or proved to me on the basis of satisfactory evidence to be the individuals(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

_____
*(signature and office of individual taking acknowledgement)*

ACKNOWLEDGMENT OUTSIDE NEW YORK STATE (RPL 309-b)

State of *N.Y.* County of *N.Y.C.* ss.:

On *4-20-04* before me, the undersigned,
personally appeared

*Joseph Greenblatt*

personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument, and that such individual made such appearance before the undersigned in

*(insert city or political subdivision and state or country or other place acknowledgment taken)*

_____
*(signature and office of individual taking acknowledgement)*

LUN-YING LEE
Notary Public - State of New York
No. 36-4310337
Qualified in Suffolk County
My Commission Expires September 30, 2006

ACKNOWLEDGMENT BY SUBSCRIBING WITNESS(ES)

State of
County of ss.:

On before me, the undersigned,
personally appeared

the subscribing witness(es) to the foregoing instrument, with whom I am personally acquainted, who, being by me duly sworn, did depose and say that he she they reside(s) in *(if in city, include the street and street number if any, thereof)*.

that he/she/they know(s)

to be the individual(s) described in and who executed the foregoing instrument; that said subscribing witness(es) was (were) present and saw said

execute the same; and that said witness(es) at the same time subscribed his/her/their name(s) as a witness(es) thereto.
( *If taken outside New York State insert city or political subdivision and state or country or other place acknowledgment taken*. And that said subscribing witness(es) made such appearance before the undersigned in

_____

_____
*(signature and office of individual taking acknowledgement)*

27 East 131 Street Realty Corp.

TO

Mark Irgang
Jay R. Irgang
Orli Irgang

**Mortgage Note**

4/04

**IRGANG 001519**

27 East 131 Street          Block: 1756    Lot: 14

## SCHEDULE A
## LEGAL DESCRIPTION

ALL that certain plot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being in the Borough of Manhattan, City, County and State of New York, bounded and described as follows:

BEGINNING at the corner formed by the intersection of the northerly side of 131st Street with the westerly side of Madison Avenue;

RUNNING THENCE Northerly along the said westerly side of Madison Avenue, 25 feet;

THENCE Westerly parallel with the said northerly side of 131st Street and Part of the distance through a party wall, 75 feet;

THENCE Southerly parallel with said westerly side of Madison Avenue, 25 feet To the northerly side of 131st Street; and

THENCE Easterly along the said northerly side of 131st Street, 75 feet to the point or place of BEGINNING.

Schedule B

On the closing date of each of the first four stock purchases by Lender, pursuant to certain stock purchase agreements made in March and April, 2004, Borrower shall pay 25% of the principal balance of this Mortgage Note plus all accrued unpaid interest on the unpaid principal balance to the date of payment, and if in the event if this mortgage is not fully satisfied, on January 1, 2005, borrower shall pay the entire unpaid principal balance plus all interest occurred to date.

IRGANG 001520

# EXHIBIT N

T 27—Standard NYB-11  Form 9021
Mortgage Note Individual or Corporation, 11-90

DISTRIBUTED BY Blumberg EXCELSIOR INC
NYC 10013

**CONSULT YOUR LAWYER**
BEFORE SIGNING THIS INSTRUMENT — THIS INSTRUMENT SHOULD BE USED BY LAWYERS ONLY.

$~~293,680~~
$ ~~182,680.00~~

# MORTGAGE ~~NOTE~~ *mls*

Dated: ___1/14/2004___

**FOR VALUE RECEIVED,**

917 Eagle Ave. Realty Corp.
80 Route 4 East
suite 215
Paramus, NJ 07652
promise   to pay to
Mark Irgang
Jay R. Irgang
Orli Irgang
60 East 42nd St. Room 447
New York, NY 10165

or order, at  60 East 42nd Street, Suite 447, New York, NY 10165

or at such other place as may be designated in writing by the holder of this note, the principal sum of
~~One Hundred Eighty-Two Thousand Six Hundred Eighty +00/100~~                         **dollars**

*~~Two hundred~~ ninety three thousand six
hundred eighty and 00/100 ———*

See attached Schedule A

*Apartment building over 6 units*

with interest thereon to be computed from the date hereof, at the rate of   12%        per centum
per annum and to be paid as follows: See attached Schedule B

**IT IS HEREBY EXPRESSLY AGREED,** that the said principal sum secured by this note shall become due at the option of the holder thereof on the happening of any default or event by which, under the terms of the mortgage securing this note, said principal sum may or shall become due and payable; also, that all of the covenants, conditions and agreements contained in said mortgage are hereby made part of this instrument.

Presentment for payment, notice of dishonor, protest and notice of protest are hereby waived.

This note is secured by a mortgage made by the maker to the payee of even date herewith, on property situate in the   schedule A

This note may not be changed or terminated orally.

917 Eagel Ave. Realty Corp.
By _____
Joseph Greenblatt

**IRGANG 001742**

ACKNOWLEDGMENT IN NEW YORK STATE (RPL 309-a)

**State of New York, County of**                                    ss.:

On                              before me, the undersigned,
personally appeared

personally known to me or proved to me on the basis of satisfac-
tory evidence to be the individual(s) whose name(s) is (are)
subscribed to the within instrument and acknowledged to me that
he/she/they executed the same in his/her/their capacity(ies),
and that by his/her/their signature(s) on the instrument, the indi-
vidual(s), or the person upon behalf of which the individual(s)
acted, executed the instrument.

_____
(signature and office of individual taking acknowledgment)

ACKNOWLEDGMENT OUTSIDE NEW YORK STATE (RPL 309-b)

**State of** _N.J._    **County of** _N.J.C._    ss.:

On _4-20-04_                    before me, the undersigned,
personally appeared

_Joseph Greenblatt_

personally known to me or proved to me on the basis of satis-
factory evidence to be the individual(s) whose name(s) is (are)
subscribed to the within instrument and acknowledged to me
that he/she/they executed the same in his/her/their capacity(ies),
and that by his/her/their signature(s) on the instrument, the indi-
vidual(s), or the person upon behalf of which the individual(s)
acted, executed the instrument, and that such individual made
such appearance before the undersigned in

(insert city or political subdivision and state or county or other place acknowl-
edgment taken)

_____
(signature and office of individual taking acknowledgment)

ACKNOWLEDGMENT BY SUBSCRIBING WITNESS(ES)

State of                                    :
County of                              : ss.:

On                              before me, the undersigned,
personally appeared

the subscribing witness(es) to the foregoing instrument, with
whom I am personally acquainted, who, being by me duly
sworn, did depose and say that he/she they reside(s) in (if the
place of residence is in a city, include the street and street number
if any thereof);

that he/she/they know(s)

to be the individual(s) described in and who executed the fore-
going instrument; that said subscribing witness(es) was (were)
present and saw said

execute the same; and that said witness(es) at the same time
subscribed his/her/their name(s) as a witness(es) thereto.
( If taken outside New York State insert city or political subdivision and state
or country or other place acknowledgment taken. And that said subscribing
witness(es) made such appearance before the undersigned in

_____)

_____
(signature and office of individual taking acknowledgment)

LUN YING LEE
Notary Public, State of New York
No. 30-4712397
Qualified in Suffolk County
My Commission Expires September 30, 2006

917 Eagle Ave. Realty Corp.

TO

Mark Irgang
Jay R. Irgang
Orli Irgang

**Mortgage Note**

1/14/2004

**IRGANG 001743**

917 Eagle Avenue          Block: 2620      Lot: 34

# SCHEDULE  A
## LEGAL DESCRIPTION

ALL that certain plot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being in the Borough and County of Bronx, City and State of New York, more particularly bounded and described as follows:

BEGINNING at a point on the westerly side of Eagle Avenue, distant one hundred Twenty-five feet southerly from the corner formed by the intersection of the westerly side of Eagle Avenue with the southerly side of One Hundred and Sixty-Third Street;

RUNNING THENCE westerly and parallel with the southerly side of 163rd Street and part of the way through a party wall one hundred and twenty-five feet;

THENCE southerly and parallel with the westerly side of Eagle Avenue twenty-five feet;

THENCE easterly and again parallel with the southerly side of Eagle Avenue, one Hundred and twenty-five feet to the said westerly side of Eagle Avenue;

THENCE northerly along the said westerly side of Eagle Avenue, 125 feet to the point or place of BEGINNING.

## Schedule B

On the closing date of each of the first four stock purchases by Lender, pursuant to certain stock purchase agreements made in March and April, 2004, Borrower shall pay 25% of the principal balance of this Mortgage Note plus all accrued unpaid interest on the unpaid principal balance to the date of payment, and if in the event if this mortgage is not fully satisfied, on January 1, 2005, borrower shall pay the entire unpaid principal balance plus all interest occurred to date.

IRGANG 001744

# EXHIBIT O

T 27—Standard N Y B T L Form 8211
Mortgage Note Individual or Corporation. 11-96

DISTRIBUTED BY Blumberg EXCELSIOR INC.
NYC 10013

CONSULT YOUR LAWYER
BEFORE SIGNING THIS INSTRUMENT — THIS INSTRUMENT SHOULD BE USED BY LAWYERS ONLY.

# MORTGAGE NOTE

$ ~~130,000.00~~  $193,500

Dated: _____ 1/14/2004

**FOR VALUE RECEIVED,**

65-67 East 125 Street Realty Corp.
80 Route 4 East
suite 215
Paramus, NJ 07652

promise to pay to     Mark Irgang
Jay R. Irgang
Orli Irgang
60 East 42nd St.
Room 447
New York, NY 10165

or order, at    60 East 42nd Street, Suite 447, New York, NY 10165

or at such other place as may be designated in writing by the holder of this note, the principal sum of
One Hundred Thirty Thousand and XX/100

dollars

See attached Schedule A

*Apartment building over 6 units*

with interest thereon to be computed from the date hereof, at the rate of    12%        per centum
per annum and to be paid ~~on the 1st day of May~~        next ensuing and
~~payable on the 1st day thereafter~~ until January 1st, 2005 at
~~of each month~~
~~which time the principal with~~
~~unpaid interest shall be in due~~
~~and payable~~

As follows: See attached Schedule B.

**IT IS HEREBY EXPRESSLY AGREED**, that the said principal sum secured by this note shall become due
at the option of the holder thereof on the happening of any default or event by which, under the terms of the
mortgage securing this note, said principal sum may or shall become due and payable; also, that all of the
covenants, conditions and agreements contained in said mortgage are hereby made part of this instrument.

Presentment for payment, notice of dishonor, protest and notice of protest are hereby waived.

This note is secured by a mortgage made by the maker to the payee of even date herewith, on property situate
in the schedule A

This note may not be changed or terminated orally.

65-67 East 125 Street Realty Corp
By _____

_____
Joseph Greenblatt

**IRGANG 001605**

ACKNOWLEDGMENT IN NEW YORK STATE (RPL 309-a)

**State of New York, County of**                                      ss.:

On                                    before me. the undersigned.
personally appeared

personally known to me or proved to me on the basis of satisfac-
tory evidence to be the individual(s) whose name(s) is (are)
subscribed to the within instrument and acknowledged to me that
he/she/they executed the same in his/her/their capacity(ies).
and that by his/her/their signature(s) on the instrument, the indi-
vidual(s), or the person upon behalf of which the individual(s)
acted, executed the instrument.

_____
(signature and office of individual taking acknowledgement)

ACKNOWLEDGMENT OUTSIDE NEW YORK STATE (RPL 309-b)

State of  *N.Y.*,  County of  *NYC*        ss.:

On  *4-20 04*                    before me. the undersigned.
personally appeared

*Joseph    Greenblatt*

personally known to me or proved to me on the basis of satis-
factory evidence to be the individual(s) whose name(s) is (are)
subscribed to the within instrument and acknowledged to me
that he/she/they executed the same in his/her/their capacity(ies).
and that by his/her/their signature(s) on the instrument, the indi-
vidual(s), or the person upon behalf of which the individual(s)
acted, executed the instrument, and that such individual made
such appearance before the undersigned in

(insert city or political subdivision and state or country of other place acknowl-
edgment taken)



_____
(signature and office of individual taking acknowledgement)

ACKNOWLEDGMENT BY SUBSCRIBING WITNESS(ES)

**State of**
**County of**                                      ss.:

On                                    before me. the undersigned.
personally appeared

the subscribing witness(es) to the foregoing instrument, with
whom I am personally acquainted, who, being by me duly
sworn, did depose and say that he she they reside(s) in (if the
place of residence is in a city, include the street and street number
if any, thereof).

that he/she/they know(s)

to be the individual(s) described in and who executed the fore-
going instrument; that said subscribing witness(es) was (were)
present and saw said

execute the same; and that said witness(es) at the same time
subscribed his/her/their name(s) as a witness(es) thereto.
( [ ] if taken outside New York State insert city or political subdivision and state
or country or other place acknowledgement taken And that said subscribing
witness(es) made such appearance before the undersigned in

_____ )

_____
(signature and office of individual taking acknowledgement)

LUN-YING LEE
Notary Public - State of New York
No. 16-4742337
Qualified in Suffolk County
My Commission Expires September 30, 2006

65-67 East 125 Street Realty Corp.

TO

Mark Irgang
Jay R. Irgang
Orli Irgang

**Mortgage Note**

1/14/04

**IRGANG 001606**

65 East 125 Street          Block: 1750    Lot: 27

## SCHEDULE  A
## LEGAL DESCRIPTION

ALL THAT CERTAIN plot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being in the Borough of Manhattan, City, County and State of New York, bounded and described as follows:

BEGINNING at a point on the northerly side of 125th Street, distant 215 feet Westerly from the corner formed by the intersection of the westerly side of Park formerly 4th Avenue, as widened, with the said northerly side of 125th Street and;

RUNNING THENCE northerly parallel with Park Avenue, and part of the distance through a party wall, 99 feet 11 inches to the center line of the block;

THENCE westerly along said centre line of block, and parallel with 125th Street 25 feet;

THENCE southerly again parallel with Park Avenue, 99 feet, 11 inches to the northerly side of 125th Street, and;

THENCE easterly along the said northerly side of 125th Street, 25 feet to the point or place of BEGINNING.

Schedule B

On the closing date of each of the first four stock purchases by Lender, pursuant to certain stock purchase agreements made in March and April, 2004, Borrower shall pay 25% of the principal balance of this Mortgage Note plus all accrued unpaid interest on the unpaid principal balance to the date of payment, and if in the event if this mortgage is not fully satisfied, on January 1, 2005, borrower shall pay the entire unpaid principal balance plus all interest occurred to date.

**IRGANG 001607**