**COLE, SCHOTZ, MEISEL,**
**FORMAN & LEONARD, P.A.**
A Professional Corporation
900 Third Avenue, 16th floor
New York, NY 10022-4728
(212) 752-8000
(212) 752-8393 Facsimile
Laurence May, Esq. (LM-9714)
Leo V. Leyva, Esq. (LL-9061)
Greg A. Friedman, Esq. (GF-4506)
Attorneys for Defendant, Bodden Funding Corp.,
Jay Irgang, Mark Irgang and Orli Irgang

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: MAYWOOD CAPITAL, INC.,<br><br>                              Debtor.<br><br>In re:<br><br>BODDEN MORTGAGE LITIGATION<br><br>This Document Relates To: All Actions. | Master File No.: 07 Civ. 3128 (LTS) |

**REPLY MEMORANDUM OF LAW OF BODDEN FUNDING CORP., JAY IRGANG, MARK IRGANG AND ORLI IRGANG IN FURTHER SUPPORT OF MOTION FOR AN ORDER DETERMINING CERTAIN ADVERSARY PROCEEDINGS TO BE NON-CORE PROCEEDINGS AND WITHDRAWING THE REFERENCE**

## **PRELIMINARY STATEMENT**

Defendants, Bodden Funding Corp. ("Bodden"), Jay Irgang, Mark Irgang and Orli Irgang (collectively the "Bodden Defendants"), submit this Reply Memorandum of Law in further support of their motion for an Order determining certain adversary proceedings to be non-core proceedings and withdrawing the reference (the "Motion"). As demonstrated below, the Trustee's actions seeking to void certain mortgages on property <u>formerly</u> owned by the adversary debtors (the "Debtors") are "non-core" proceedings that should be litigated in the United States District Court for the Southern District of New York (the "District Court").

The Trustee's assertion that these adversary proceedings are "garden variety fraudulent conveyance cases" is misleading and factually incorrect. The Trustee does not dispute that he seeks to void mortgages that do not affect property of the estate. The mortgages that the Trustee seeks to void encumber property <u>formerly</u> owned by the Debtors at issue. The Trustee, however, disingenuously claims that actions to set aside fraudulent transfers are generally recognized as "core" proceedings under 28 <u>U.S.C.</u> § 157(b)(1)(H). The Trustee fails to recognize that section 157(b)(1)(H) has not been considered as a basis for granting core status to proceedings to avoid a transfer as to property over which the bankruptcy court has no jurisdiction. The Trustee's failure to cite any supporting case law on this issue further demonstrates the unsupportable nature of his argument.

The Trustee also requests that this Court exercise its discretion to maintain the reference to allow the bankruptcy court to conduct the pretrial stage of these cases. In making this argument, however, the Trustee completely ignores the Bodden Defendants' forthcoming motions to dismiss, which would be subject to the District Court's <u>de novo</u> review. Judicial economy and the resources of the parties will be best served by withdrawal of the reference at

2

this time. The non-core nature of these proceedings, the questionable merits of the Trustee's fraudulent transfer claims and the Bodden Defendants' constitutionally guaranteed right to jury trial mandate the granting of this Motion.

Furthermore, in a desperate effort to defeat the Bodden Defendants' meritorious Motion, the Trustee claims that he is likely to elect to forgo his monetary damages. Whether the Trustee ultimately waives his claim to monetary damages is highly speculative and should not serve as a basis to deny the Bodden Defendants' Motion. The Trustee's claim to money damages in his complaints further support the Bodden Defendants' right to a jury trial and the withdrawal of the reference. For these reasons, and those set forth further below, the Court should grant the Bodden Defendants' Motion and enter an Order withdrawing the reference.

42232/0001-3105986v1

IMANAGE:42600.2

## ARGUMENT

### POINT I

### THE TRUSTEE'S CLAIMS ARE SUBSTANTIVELY NON-CORE

The Trustee relies heavily on 28 U.S.C. § 157(b)(1)(H) for the proposition that his fraudulent transfer claims are deemed "core" claims under the Bankruptcy Code. See 28 U.S.C. § 157(b)(1)(H). In doing so, the Trustee has failed to address the controlling case law cited in the Bodden Defendants' moving brief, which undoubtedly support the withdrawal of the reference.

The Trustee's claim that the bankruptcy court has jurisdiction to void mortgages on property owned by non-debtors has no merit whatsoever. While section 157(b)(2)(H) identifies "proceedings to determine, avoid or recover fraudulent conveyances" as core proceedings, the Trustee does not dispute that there is no reported case law that supports the granting of core status to a case where the Trustee seeks to challenge mortgages on property owned by non-debtors. In fact, the Trustee has failed to cite to any case law in support of his core proceeding argument. The mere labeling of fraudulent transfer claims under sections 544, 548, 550 and 551 of the Code does not make the Trustee's action a "core" proceeding.

The Trustee's failure to address the leading cases cited in the Bodden Defendants' moving brief speaks volumes. The Trustee does not dispute that the controlling case law supports the withdrawal of the reference and the granting of the Bodden Defendants' motion. See In re CIS Corp., 172 B.R. 748, 756 (S.D.N.Y. 1994) (quoting In re Manville Forest Products Corp., 896 F.2d 1384, 1389 (2d Cir. 1990) (when determining whether a matter is core or non-core, the Second Circuit has held that "[t]he relevant analysis is whether the nature of [the] adversary proceeding, rather than the state or federal basis for the claim, falls within the core of

4

federal bankruptcy power"); see also In re Murchison, 54 B.R. 721, 725 (Bankr. N.D. Tex 1985) (holding that proceedings to dispose of property which is not property of an estate, or to determine interests in non-estate property of non-debtors, are non-core matters).

Although the Trustee's claims arise under the Code, when the labels are peeled away, the substance of the claims do not invoke rights provided by Title 11 because the Trustee seeks to determine the property rights of third parties where the Debtors' property is not involved. See In re General Media, Inc., 335 B.R. 66, 75-6 (Bankr. S.D.N.Y. 2005)(holding that turnover claims asserted under 11 U.S.C. § 542(a) are non-core and "the plaintiff's invocation of § 542(a) of the Bankruptcy Code does not transform the nature of the claims"). By the Trustee's own admission, title in the subject real properties were transferred from the Debtors before the petition date. Because the Debtor has no legal or equitable interest in the property that the Trustee claims was fraudulently transferred, the proceedings should be deemed "non-core" and the reference should be withdrawn. The Trustee's claims are fundamentally non-core.

Courts also have recognized that a proceeding to dispose of assets which are not property of the estate is not a core matter. See In re Murchison, 54 B.R. 721 (Bankr. N.D Tex. 1985); see also In re Colonial Realty Company, 980 F.2d 125, 131 (2d Cir. 1992) (holding property that is alleged to have been fraudulently transferred by a debtor is "not to be considered property of the estate until it is recovered"). Therefore, while the Trustee views the fact that the real properties at issue were sold before the petition date as a "red herring," it is precisely the reason why his claims are non-core. The Court should disregard the Trustee's desperate and weak attempt to portray his claims as "core" claims that arise under the Bankruptcy Code. Accordingly, the Court should grant the motion and withdraw the reference.

## POINT II

### JUDICIAL ECONOMY FAVORS THE WITHDRAWAL OF THE REFERENCE

The interests of judicial economy and fairness weigh heavily in favor of an immediate withdrawal of the reference. The adversary proceedings should be withdrawn not only for purposes of trial, but also for conducting pretrial proceedings including the resolution of the Bodden Defendants' forthcoming motion to dismiss the Trustee's complaint.

The Trustee requests that the Court need not withdraw the reference during the pretrial stage of the litigation. The Trustee's argument is contrary to judicial economy and the resources of the parties, which are better served if the reference is withdrawn for the pretrial stage of the litigation. The Trustee also completely ignores the District Court's de novo review of pretrial orders of the bankruptcy court. The Trustee disingenuously raises doubts regarding the merits of the Bodden Defendants' forthcoming motions to dismiss without ever addressing the legal and factual basis for those motions which have been previewed in the moving brief. Controlling case law confirms that the Trustee lacks standing to prosecute his alleged fraudulent transfer claims. Because the Trustee has not recovered title to the real property at issue, the Trustee's claims to void mortgages related to that property must be dismissed as a matter of law. See In re Colonial Realty, 980 F.2d 125, 131 (2d Cir. 1992) (holding that property that is alleged to have been fraudulently transferred by a debtor is not property of the estate).

Based on the relevant case law of this Circuit, the Bodden Defendants should prevail on their motion to dismiss. The Trustee's unfounded confidence that the motions to dismiss likely will be denied by the bankruptcy court further supports an adjudication of the motion before the District Court. Because an order from the bankruptcy court with respect to the Bodden Defendants' motion to dismiss is subject to de novo review, judicial economy favors the

withdrawal of the reference for all pretrial matters. The parties should not be required to duplicate substantive motion practice before the bankruptcy court and this Court.

Moreover, the case law relied on by the Trustee for the position that the Court should maintain the reference with respect to pretrial matters, supports the withdrawal of the reference at this time. On the issue of whether a bankruptcy court should oversee pretrial matters, courts should take into account the following three factors: (1) whether the case is likely to reach trial; (2) whether protracted discovery with court oversight will be required; and (3) whether the bankruptcy court has familiarity with the issues presented. See In re Times Circle East, Inc., 1995 WL 489551 at *3 (S.D.N.Y. Aug. 15, 1995).

With respect to the first factor, the Trustee merely claims that "most cases settle before trial." While that may be a general observation of litigation, the Bodden Defendants submit that these cases, if they are not dismissed, likely will reach trial. The second factor also supports a withdrawal of the reference with respect to pretrial matters. Most, if not all, of the paper discovery have been exchanged between the parties so the bankruptcy court's oversight over protracted discovery matters will not be required. In addition, because these cases were recently filed by the Trustee, the bankruptcy court does not have more familiarity with the claims and issues presented than the District Court. The facts and issues of these cases are very straightforward. The District Court can easily oversee all of the pretrial and discovery matters without having to refer to the bankruptcy court. Without question, the District Courts handle fraudulent transfer actions as a matter of course and there is no special expertise required as it pertains to that field of the law. Moreover, contrary to the Trustee's contentions, the general facts of the consolidated Maywood bankruptcy cases have no bearing on the claims and issues presented in these adversary proceedings. This Court has the expertise to adjudicate the

7

Trustee's alleged claims to invalidate mortgages encumbering property <u>formerly</u> owned by the Debtors.

The Trustee's reliance on <u>Enron Power Marketing, Inc. v. Holcim, Inc.</u>, 2004 WL 2149124 (S.D.N.Y. Sept. 23, 2004), also is misplaced. In <u>Enron Power</u>, the parties were bound by a mediation order that referred all disputes to a mediator. The District Court concluded that "to withdraw this case now would defeat the purpose of the mediation order." <u>Id.</u> at *4. Moreover, unlike the facts and circumstances here, District Court recognized that the anticipated protracted discovery likely would require substantial court oversight which further supported the denial of the motion to withdraw the reference.

The Trustee also relies on <u>Space Sys./Loral Inc. v. Int'l Launch Servs., Inc.</u>, 2004 WL 1586466 (S.D.N.Y. July 14, 2004), for the proposition that it is appropriate for this Court to defer withdrawing the reference until a case is ready for trial. In <u>Space Sys.</u>, unlike here, there was no request for a jury demand in the adversary proceeding. There, the adversary proceeding arose out of contract disputes related to advanced commercial satellites and related satellite systems. The district court determined that the bankruptcy court, which handled the underlying chapter case had developed familiarity with the advanced satellite industry in which the claims arose and, therefore, was more suited to adjudicate the claims and issues between the parties.

Here, there is no "niche" industry or peculiar facts or circumstances. The Bodden Defendants clearly have a constitutional right to a jury trial. The Trustee's pending claim for monetary damages confirms the legal nature of the Trustee's claims. Furthermore, there is no compelling reason for this Court to defer to the bankruptcy court regarding the pending claims and issues, which are straightforward and do not require any expertise with a unique business or industry. Because the relevant factors warrant the withdrawal of the reference for the pretrial

and trial stages of this litigation, the Court should, in the interest of judicial economy, grant the Bodden Defendants' Motion.

42232/0001-3105986v1

IMANAGE:42600.2

## CONCLUSION

    The facts and controlling case law support the withdrawal of the reference for these non-core proceedings, which raise legal and monetary claims pursuant to which the Bodden Defendants have a constitutional right to a trial by jury. Judicial economy and the resources of the parties also will be best served if the reference is withdrawn for the pretrial stage of this litigation. The Trustee has failed to demonstrate a compelling reason for the bankruptcy court to oversee the pretrial matters including the Bodden Defendants' forthcoming motions to dismiss, which will be subject to the District Court's <u>de novo</u> review. For all of the foregoing reasons, the Bodden Defendant's respectfully request that this Court enter an Order withdrawing the reference.

DATED:    New York, New York
               June 8, 2007

                                          COLE, SCHOTZ, MEISEL,
                                          FORMAN & LEONARD, P.A.
                                          A Professional Corporation
                                          Attorneys for Defendants, Bodden Funding
                                          Corp., Jay Irgang, Mark Irgang and Orli Irgang


                                          By:/s/ <u>Leo V. Leyva</u>
                                              Leo V. Leyva, Esq. (LL-9061)
                                              Laurence May, Esq. (LM-9714)
                                              Greg A. Friedman, Esq. (GF-4506)
                                              900 Third Avenue, 16th floor
                                              New York, NY 10022-4728
                                              (212) 752-8000